Filed
D.C. Superior Court
03/25/2019 18:00PM
Clerk of the Court

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

### Civil Division

| | |
|---|---|
| Quinn Emanuel Urquhart & Sullivan, LLP<br>1300 I Street NW, Suite 900<br>Washington, D.C., 20005<br>Tel. (202) 538-8000<br><br>*Plaintiff,*<br><br>*v.*<br><br>Adela Patricia Rosenthal-Hidalgo,<br>Edificio Canal 11, Blvd. del Norte,<br>San Pedro Sula, Honduras.<br><br>Bus-Comm, Inc.,<br>1447 North Krome Ave,<br>Homestead, FL 33030<br><br>Cable Color, S.A. de C.V.,<br>Edificio Canal 11, Blvd. del Norte,<br>San Pedro Sula, Honduras<br><br>Carlos Jose Rosenthal-Hidalgo,<br>Edificio Canal 11, Blvd. del Norte,<br>San Pedro Sula, Honduras<br><br>Cesar Augusto Rosenthal-Hidalgo,<br>Edificio Canal 11, Blvd. del Norte,<br>San Pedro Sula, Honduras<br><br>Crediflash, LLC,<br>1447 North Krome Ave,<br>Homestead, FL 33030<br><br>Fondo de Inversiones, S.A.,<br>Edificio Canal 11, Blvd. del Norte,<br>San Pedro Sula, Honduras<br><br>Prestadito de Costa Rica, S.A.<br>1447 North Krome Ave,<br>Homestead, FL 33030<br><br>*Defendants.* | Civil Action No. _____<br>**COMPLAINT** |

<u>COMPLAINT</u>

Civil Action for Damages, Mandatory Injunctive Relief and Imposition of a Lien by Quinn Emanuel Urquhart & Sullivan, LLP Against Adela Patricia Rosenthal-Hidalgo, Bus-Comm, Inc., Cable Color, S.A. de C.V., Carlos Jose Rosenthal-Hidalgo, Cesar Augusto Rosenthal-Hidalgo, Crediflash, LLC, Fondo de Inversiones, S.A. and Prestadito de Costa Rica, S.A.

Plaintiff Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel"), a limited liability partnership law firm, brings this complaint against Adela Patricia Rosenthal-Hidalgo ("Patricia Rosenthal"), a Honduran national and resident, Carlos Jose Rosenthal-Hidalgo ("Carlos Rosenthal"), a Honduran national and resident, Cesar Augusto Rosenthal-Hidalgo ("Cesar Rosenthal"), a Honduran national and resident, (Patricia, Carlos and Cesar Rosenthal together, the "Rosenthal Defendants"), Cable Color, S.A. de C.V. ("Cable Color"), a Honduran cable company of which Cesar Rosenthal is the largest shareholder, and Fondo de Inversiones, S.A. ("FDI"), a Honduran holding company majority owned and controlled by the Rosenthal Defendants (together, the Rosenthal Defendants, Cable Color and FDI, the "Defendants") and joins as defendants under Rule 20 of the District of Columbia Superior Court Rules of Civil Procedure Bus-Comm, Inc. ("Bus-Comm"), a Florida corporation owned and controlled by Cesar Rosenthal, Crediflash, LLC ("Crediflash"), a Florida limited liability company owned and controlled by Cesar Rosenthal, and Prestadito de Costa Rica, S.A. ("Prestadito"), a Costa Rican financial services corporation majority owned and controlled by the Rosenthal Defendants, (Bus-Comm, Crediflash and Prestadito together, the "Joined Defendants") and respectfully alleges as follows:

## INTRODUCTION

1.     This is an action by Quinn Emanuel against the Defendants to recover approximately $1,400,000 of unpaid legal fees and expenses for legal work that Quinn Emanuel performed on their behalf from October 2015 to December 2016.

2.     Quinn Emanuel is a limited liability partnership law firm with offices in numerous U.S. cities, including the District of Columbia ("D.C."), and worldwide.  The Quinn Emanuel

attorneys primarily responsible for servicing the Defendants are based in and performed their services for the Defendants from Quinn Emanuel's D.C. office.

3.      The Rosenthal Defendants are three Honduran citizens and residents and the controlling shareholders of FDI, a Honduran holding company sitting atop one of the largest corporate conglomerates in Honduras.  Cable Color is the largest cable company in Honduras and its largest shareholder is Cesar Rosenthal.  Bus-Comm and Crediflash are two Florida entities with no function other than to hold assets for Cesar Rosenthal in the United States, including real property and U.S. bank accounts.  Prestadito is a Costa Rican financial services company through which the Rosenthal Defendants own approximately 25 percent of Cementos del Norte, S.A. ("Cenosa"), one of the largest cement companies in Central America.

4.      The Rosenthal family is one of the wealthiest families in the history of Honduras. In the 1960s, the Rosenthal Defendants' late grandfather established the first companies of the Rosenthal empire.  After his death, Jaime Rosenthal-Oliva ("Jaime Rosenthal"), the Rosenthal Defendants' father took over the group.  Under Jaime Rosenthal's leadership, the Rosenthal family established numerous other companies in several sectors including banking, cable, construction, infrastructure and media.  By 2014, the Rosenthal family was among the wealthiest families in Central America with a net worth of approximately $1.1 billion.

5.      To manage their corporate conglomerate, in the 1970s, the Rosenthal family established FDI.  The purpose of FDI was to serve as the holding company through which the Rosenthal family would own numerous companies.  In 2004, FDI established a Panamanian subsidiary, Inversiones Continental Panama, S.A. de C.V. ("ICP"), to serve as an intermediate holding company (*i.e.*, a holding company between FDI and the rest of the Rosenthal companies).

As of October 2015, Jaime Rosenthal, his wife, and their four children, including the Rosenthal Defendants, owned 100 percent of FDI and FDI owned approximately 75 percent of ICP.

6.     Through FDI and ICP, the Rosenthal family controls approximately 30 companies in Guatemala, Honduras, Panama and the United States and has a non-controlling interest in about a dozen more. Cable Color belonged to ICP until May 2015 when ICP transferred 100 percent its equity in Cable Color to a company owned and controlled by Cesar Rosenthal. Cable Color is the largest cable company in Honduras and one of the largest and most profitable companies of the Rosenthal family.

7.     In addition to its financial wealth, the Rosenthal family has been politically active and influential. Indeed, members of the Rosenthal family have been prominent players in the Honduran Liberal Party (*Partido Liberal*, the "HLP"), a left-wing party and one of the two primary political parties in Honduras. As a member of the HLP, Jaime Rosenthal was Vice-President of Honduras from 1986 to 1989. His eldest son and brother of the Rosenthal Defendants, Yani Rosenthal-Hidalgo ("Yani Rosenthal"), also an HLP member, was the Chief of Staff for the President of Honduras from 2006 to 2007 and a Honduran congressman from 2010 to 2014.

8.     In October 2015, the U.S. Attorney's Office for the Southern District of New York (the "USAO") unsealed a federal indictment against Jaime and Yani Rosenthal for money laundering. The underlying allegation was that several companies of the Rosenthal family had for more than a decade been doing tens of millions of dollars of business with Central American drug traffickers, and thereby laundering millions of dollars obtained by traffickers from drug exports to the United States.

9.     Simultaneously, the U.S. Department of the Treasury's Office of Foreign Assets Control ("OFAC"), imposed sanctions on ICP, three ICP subsidiaries and Jaime and Yani

Rosenthal. The three sanctioned ICP subsidiaries are: (a) Inversiones Continental (Honduras), S.A. de C.V. ("Invercon"), an entity that owns several Honduran financial institutions; (b) Banco Continental, S.A. de C.V. ("Banco Continental"), a Honduran bank; and (c) Empacadora Continental, S.A. de C.V. ("Empacadora Continental"), a slaughterhouse and beef producer. OFAC sanctioned ICP, ICP's subsidiaries and Jaime and Yani Rosenthal by designating them as Specially Designated Nationals ("SDN[s]") on OFAC's list of Specially Designated Nationals and Blocked Persons (the "SDNBP List"). OFAC designated Jaime Rosenthal, Yani Rosenthal, Invercon, Banco Continental and Empacadora Continental on the ground that they assisted international narcotics trafficking. OFAC designated ICP on a different ground: that it was owned and controlled by Jaime and Yani Rosenthal.

10. There are three primary consequences of OFAC designating an entity or individual as an SDN: first, U.S. persons may not do business with an SDN or with any entities owned more than 50 percent by the SDN; second, the SDN's assets within the United States or under the control of a U.S. person are frozen (*i.e.*, cannot be transferred or encumbered); and third, if OFAC determines that any person (U.S. or not) is assisting an SDN or any entities owned more than 50 percent by the SDN (for example, by doing business with them), OFAC may designate that person as an SDN. In practice, this means financial death—it is virtually impossible for an SDN to conduct any business. Accordingly, OFAC's designations threatened the very existence of the Rosenthal empire.

11. Following, the USAO's indictment and OFAC's designations, the U.S. government sought Jaime Rosenthal's extradition from Honduras, Yani Rosenthal surrendered to the USAO to face the charges against him and ICP and all its subsidiaries slowly began to collapse. Additionally,

the Honduran government, based solely on the U.S. government's actions, seized Banco Continental, Empacadora Continental and numerous other valuable assets of the Rosenthal family.

12.     In mid-October 2015, the Rosenthal family hired Quinn Emanuel. The Defendants engaged Quinn Emanuel to (a) represent them in connection with potential actions by the USAO and OFAC against them; (b) advise on compliance with OFAC's regulations; and (c) design and implement a strategy to remove ICP from the SDNBP List. Quinn Emanuel did not sign an engagement letter with the Defendants. The Defendants agreed to pay Quinn Emanuel on an hourly fee basis and did not condition payment on any outcome.

13.     Additionally, Jaime and Yani Rosenthal hired Quinn Emanuel to defend them from the USAO's indictment. They agreed to pay Quinn Emanuel on an hourly fee basis and did not condition payment on any outcome. Cable Color signed an indemnification letter agreeing to pay all of Yani Rosenthal's legal fees and expenses.

14.     From November 2015 to January 2017, Quinn Emanuel submitted monthly invoices to the Defendants and Yani Rosenthal reflecting the work performed by Quinn Emanuel on their behalf.

15.     From October 2015 to December 2016, Quinn Emanuel provided thousands of hours of services to the Defendants and Yani Rosenthal. The outcome of Quinn Emanuel's representation was highly-favorable for the Defendants and Yani Rosenthal. Specifically (a) neither the USAO nor OFAC took any action against the Defendants; (b) Quinn Emanuel obtained a letter by OFAC specifically indicating that Cable Color was not subject to any sanctions and that no SDN owned or controlled Cable Color, which allowed Cable Color to continue operating successfully; and (c) Quinn Emanuel designed and implemented a creative strategy to remove ICP from the SDNBP List. Likewise, Quinn Emanuel's representation of Yani Rosenthal yielded a

positive result reflected in a low sentence relative to the exposure he faced from the USAO's indictment.

16.     From around January 2016 to January 2018, Quinn Emanuel made numerous requests to the Defendants to pay and the Defendants made numerous representations to Quinn Emanuel that they would pay.  Importantly, the Defendants identified specific assets and sources of funds from which they would pay Quinn Emanuel and promised Quinn Emanuel that they would pay using those assets and sources of funds.  Specifically, Cesar Rosenthal represented to Quinn Emanuel that he would pay Quinn Emanuel with proceeds from Cable Color or with his U.S. assets, which are substantial.  Through Crediflash, Cesar Rosenthal holds approximately $2 million in a U.S. bank account at Wells Fargo Bank, N.A. (the "U.S. Rosenthal Account"); and through Bus-Com he owns a condominium at 20201 E Country Club Drive, Unit 2505, Aventura, Florida 33180 (the "Florida Rosenthal Property") worth approximately $1.4 million.

17.     Additionally, the Rosenthal Defendants own approximately 25 percent of Cenosa through Prestadito (the "Cenosa Shares").  The Rosenthal Defendants promised Quinn Emanuel that they would pay with the dividends flowing from their Cenosa Shares, which are significant.

18.     In April 2016, Quinn Emanuel informed the Defendants that it would cease to perform any services for them and Yani Rosenthal due to their failure to pay past-due invoices. The Defendants induced Quinn Emanuel to continue to provide legal services to them and Yani Rosenthal by representing that they would pay and that they had the ability to do so.  They reiterated that they would pay using the assets and sources of funds described above.

19.     In February 2018, it became clear that the Defendants had misrepresented to Quinn Emanuel their intention to pay.  Quinn Emanuel learned that Cenosa paid approximately $10 million to the Rosenthal Defendants (through Prestadito) in dividends in the second half of 2017.

The Rosenthal Defendants never informed Quinn Emanuel of this payment, much less took any steps to cancel their balance with Quinn Emanuel with these proceeds.

20.     Quinn Emanuel asked that the Defendants explain why they had concealed their Cenosa dividend.  The Defendants represented to Quinn Emanuel that they had concealed it because they would not pay any more fees to Quinn Emanuel and that, if Quinn Emanuel wanted to collect, it would have sue them.

21.     Quinn Emanuel billed approximately $917,000 in legal fees and approximately $132,000 in expenses for its services on behalf of the Defendants.  The Defendants have only paid approximately $90,000.  As such, they currently owe Quinn Emanuel approximately $959,000. Quinn Emanuel brings this action against them for (a) breach of contract or, in the alternative, quantum meriut, unjust enrichment and promissory estoppel; (b) mandatory injunction; and (c) express lien or, in the alternative, equitable lien.

22.     Additionally, Yani Rosenthal currently owes Quinn Emanuel approximately $383,000 in legal fees and $50,000 in expenses.  Cable Color is Yani Rosenthal's guarantor and has failed to pay this amount to Quinn Emanuel.  With respect to its obligation to pay Yani Rosenthal's legal fees and expenses, Quinn Emanuel brings this action against Cable Color for breach of contract.

## PARTIES

23.     Quinn Emanuel is a limited liability partnership law firm with partners who are citizens of D.C., approximately half a dozen U.S. states and approximately a dozen countries.  As a limited liability partnership, Quinn Emanuel is a citizen of all the states and nations of which its partners are citizens.

-9-

24.     Patricia Rosenthal is a Honduran national and resident.   Her address is Edificio Canal 11, Blvd. del Norte, San Pedro Sula, Honduras.

25.     Cable Color is a Honduran *sociedad anonima de capital variable*, equivalent to a U.S. corporation, incorporated and with principal place of business in San Pedro Sula, Honduras. The address of its principal place of business is Edificio Canal 11, Blvd. del Norte, San Pedro Sula, Honduras.

26.     Carlos Rosenthal is a Honduran national and resident.  His address is Edificio Canal 11, Blvd. del Norte, San Pedro Sula, Honduras.

27.     Cesar Rosenthal is a Honduran national and resident.  His address is Edificio Canal 11, Blvd. del Norte, San Pedro Sula, Honduras.

28.     FDI is a Honduran *sociedad anonima*, equivalent to a U.S. corporation, incorporated and with principal place of business in San Pedro Sula, Honduras.  The address of its principal place of business is Edificio Canal 11, Blvd. del Norte, San Pedro Sula, Honduras.

29.     Bus-Comm is a Florida corporation with principal place of business at 1447 North Krome Ave, Homestead, FL 33030.  It is wholly owned and controlled by Cesar Rosenthal and its only function is to hold assets for Cesar Rosenthal in the United States including the Florida Rosenthal Property.  Quinn Emanuel joins Bus-Comm as a defendant under Rule 20 of the District of Columbia Superior Court Rules of Civil Procedure (the "Superior Court Rules") because Quinn Emanuel seeks to (a) impose an equitable lien on the Florida Rosenthal Property, which is under Bus-Comm's name; and (b) permanently enjoin Bus-Comm from transferring or encumbering the Florida Rosenthal Property and to compel it to use the Florida Rosenthal Property to pay Quinn Emanuel.

30.     Crediflash is a Florida limited liability company with principal place of business at 1447 North Krome Ave, Homestead, FL 33030.  It is wholly owned and controlled by Cesar Rosenthal and its only function is to hold assets for Cesar Rosenthal in the United States including a U.S. bank account with approximately $4 million, which belongs in two equal parts to Cesar Rosenthal and his wife.  Quinn Emanuel joins Crediflash as a defendant under Rule 20 of the Superior Court Rules because Quinn Emanuel seeks to (a) impose an equitable lien on the U.S. Rosenthal Account, which is under Crediflash's name; and (b) permanently enjoin Crediflash from transferring or encumbering the funds in the U.S. Rosenthal Account and to compel it to use the funds in the U.S. Rosenthal Account to pay Quinn Emanuel

31.     Prestadito is a Costa Rican *sociedad anonima*, equivalent to a U.S. corporation, incorporated and with principal place of business in Costa Rica.  It is wholly owned and controlled by the Rosenthal Defendants and through it, they own 25 percent of Cenosa.  Quinn Emanuel joins Prestadito as a defendant under Rule 20 of the Superior Court Rules because Quinn Emanuel seeks to (a) impose an equitable lien on the Cenosa Shares, which are under Prestadito's shares; and (b) permanently enjoin Prestadito from transferring or encumbering the Cenosa Shares and to compel it to use the Cenosa Shares to pay Quinn Emanuel.

## JURISDICTION

32.     This Court has jurisdiction over the Defendants under § 13-423 of the Code of the District of Columbia because Quinn Emanuel's claims against them arise from services provided by Quinn Emanuel from D.C. and Quinn Emanuel suffered an injury in D.C.

## FACTS

### I.    THE ROSENTHAL FAMILY

33.    The Rosenthal family is a prominent Honduran family and one of the wealthiest families in Honduras.

34.    The Rosenthal Defendants' late grandfather immigrated to Honduras from Eastern Europe in the 1930s. He established numerous businesses in Honduras including in the manufacturing and insurance sectors.

35.    In the 1960s he turned over the management of the Rosenthal companies to Jaime Rosenthal, one of his sons. Jaime Rosenthal would lead the Rosenthal companies to turn them into one of the most successful corporate conglomerates in Latin America.

36.    Jaime Rosenthal established FDI in the 1970s to serve as the holding company of their conglomerate. In 2004, FDI established ICP to serve as an intermediate holding company between FDI and the rest of the Rosenthal family companies.

37.    From the 1960s to 2015, under Jaime Rosenthal's leadership, the Rosenthal family acquired controlling interests in approximately 30 companies in virtually every sector of the Honduran economy and a non-controlling stake in approximately a dozen companies more. Cable Color belonged to ICP until May 2015 when ICP transferred 100 percent its equity in Cable Color to a company owned and controlled by Cesar Rosenthal. Cable Color is the largest cable company in Honduras and one of the largest and most profitable companies of the Rosenthal family.

38.    By October 2015, FDI's owners were: Jaime Rosenthal's wife, with approximately 27.1 percent; Jaime Rosenthal, with approximately 18.4 percent; Yani Rosenthal, with approximately 14 percent; and each of the Rosenthal Defendants with approximately 13.5 percent. As further described below, in 2016, Jaime and Yani Rosenthal ceased being shareholders of FDI.

-12-

39.     FDI, in turn, owns approximately 75 percent of ICP.  The remaining 25 percent of ICP is owned by other Latin American companies and businesspersons and other members of the Rosenthal family.

40.     By 2014, Forbes valued the Rosenthal family's net worth at around $1.1 billion.

41.     In addition to its financial wealth, the Rosenthal family has wielded strong political power.  Several members of the Rosenthal family have been active players of the HLP, a left-wing party and one of the two primary political parties in Honduras.  As a member of the HLP, Jaime Rosenthal was Vice-President of Honduras from 1986 to 1989 and Yani Rosenthal was the Chief of Staff for the President of Honduras from 2006 to 2007 and a Honduran congressman from 2010 to 2014.

## II.     ACTIONS BY THE U.S. GOVERNMENT

### A.     Indictment

42.     On September 16, 2015, the USAO obtained an indictment from a grand jury in the Southern District of New York against Jaime Rosenthal, Yani Rosenthal, one of Yani Rosenthal's cousins and a former in-house attorney of Banco Continental for allegedly using several Rosenthal companies to launder tens of millions of dollars for Central American drug traffickers for over a decade.  The allegations in the indictment exposed Jaime and Yani Rosenthal to more than a decade in prison sentences and tens of millions of dollars in fines.

43.     On October 7, 2015, the USAO unsealed the indictment, *i.e.*, making it public.  On October 19, 2015, Yani Rosenthal surrendered to the USAO to face the charges against him.  In November 2015, the Honorable Judge John G. Koeltl ("Judge Koeltl") from the U.S. District Court for the Southern District of New York released Yani Rosenthal on bail.  As part of the conditions of his release, Cesar Rosenthal pledged the Florida Rosenthal Property to the U.S. District Court

for the Southern District of New York such that if Yani Rosenthal fled or violated any of his other conditions of release, the Court could foreclose on the Florida Rosenthal Property.

44. In around December 2015, the USAO requested that Honduras extradite Jaime Rosenthal. Honduras ultimately refused to extradite Jaime Rosenthal.

45. In November 2017, Yani Rosenthal pleaded guilty to one count of transacting in criminal proceeds in violation of 18 U.S.C. § 1957 for acquiring, through Empacadora Continental, the Rosenthal family's Honduran slaughterhouse and beef producer, $250,000 to $500,000 in cattle from drug traffickers between 2008 and 2013, knowing that the traffickers had acquired the cattle with drug proceeds.

46. In February 2018, Judge Koeltl sentenced Yani Rosenthal to three years in prison and to pay $500,000 to the USAO.

**B.    OFAC Designation**

47. On October 7, 2015, OFAC designated Jaime Rosenthal, Yani Rosenthal, ICP, Invercon, Empacadora and Banco Continental as SDNs.

48. OFAC may designate an entity or individual as an SDN when the entity or individual is engaging in or assisting international narcotics trafficking, terrorism, human rights violations or corruption or when an entity is owned or controlled by an SDN.

49. In the case of the Rosenthal family and their companies, OFAC designated Jaime Rosenthal, Yani Rosenthal, Invercon, Empacadora and Banco Continental as SDNs for allegedly assisting international narcotics traffickers. OFAC designated ICP for being owned and controlled by Jaime Rosenthal and Yani Rosenthal via their ownership and control of FDI.

50. It is financially devastating for an entity or individual to be designated by OFAC as an SDN.

51.   First, no U.S. persons may do business with an SDN or with any entities owned more than 50 percent by the SDN (this is known as the "50 Percent Rule"). Here, OFAC's designations resulted in that all the U.S. companies that did business with ICP and its subsidiaries ceased such business.

52.   Second, the SDN's assets within the United States or under the control of a U.S. person are frozen (*i.e.*, cannot be transferred or encumbered). Here, OFAC's designations resulted in the freezing of approximately $30 million of ICP and its subsidiaries in bank accounts in the United States.

53.   Third, if OFAC determines that any person (U.S. or not) is assisting an SDN or any entities owned in more than 50 percent by the SDN (for example, by doing business with them), OFAC may designate that person as SDN. Here, OFAC's designations resulted in that all the companies in Honduras or elsewhere that did business with ICP or its subsidiaries ceased such business for fear of being designated as SDNs by OFAC.

### C.   Asset Disclosures

54.   Since October 2015, the Rosenthal family has provided public inventories of all their assets to the U.S. government on two occasions. First, in November 2015, to agree on a set of conditions for Yani Rosenthal's release, the USAO requested an inventory of all the assets of the Rosenthal family. The Rosenthal family provided that inventory to the USAO and the USAO and Yani Rosenthal provided that inventory to Judge Koeltl that same month to request Yani Rosenthal's release. Second, in April 2016, OFAC requested that the Rosenthal family and ICP provide an inventory of all their assets, including reflecting any changes since October 2015. The Rosenthal family provided that inventory to OFAC in April 2016 and Yani Rosenthal provided it to Judge Koeltl as an annex to a motion to dismiss his indictment in May 2016.

55.     Both inventories reflect that the Florida Rosenthal Property and half of the U.S. Rosenthal Account belong to Cesar Rosenthal, despite that they are under the name of Bus-Comm and Crediflash, respectively.

56.     The Rosenthal Defendants established Prestadito in November 2015. The April 2016 inventory reflects that Prestadito is majority owned and controlled by the Rosenthal Defendants and that, through Prestadito, they own 25 percent of Cenosa.

III.    QUINN EMANUEL'S SERVICES

A.      Engagement

57.     In mid-October 2015, the Rosenthal family hired Quinn Emanuel to represent and defend them in the many legal battles they were, or anticipated, fighting.

58.     Specifically, the Defendants engaged Quinn Emanuel to (a) represent them in connection with potential actions by the USAO and OFAC against them; (b) advise on compliance with OFAC's regulations; and (c) design and implement a strategy to remove ICP from the SDNBP List. Quinn Emanuel did not sign an engagement letter with the Defendants. Notwithstanding that they did not sign an engagement letter, in October 2015, during in person meetings in Honduras, the Defendants verbally agreed to pay Quinn Emanuel on an hourly fee basis and did not condition payment on any outcome.

59.     Additionally, Jaime and Yani Rosenthal engaged Quinn Emanuel to defend them from the USAO's indictment. They signed an engagement letter. Pursuant to their engagement letter, they agreed to pay Quinn Emanuel on an hourly fee basis and did not condition payment on any outcome. Cable Color signed an indemnity letter agreeing to pay all of Yani Rosenthal's legal fees and expenses.

**B.    Services**

60.    Quinn Emanuel carried out a comprehensive investigation of the businesses of the Defendants and all their companies to (a) assess their exposure with the USAO and OFAC; (b) recommend measures to ensure compliance with OFAC's regulations; and (c) understand whether and how they could request that OFAC remove ICP from the SDNBP List.  To that end, Quinn Emanuel (a) collected millions of documents from the Defendants and their companies; (b) thoroughly reviewed and analyzed th relevant documents; and (c) conducted dozens of interviews of the Rosenthal Defendants, as well as of current and former employees and advisors of FDI and its subsidiaries.  In doing so, Quinn Emanuel developed a detailed understanding of the businesses of the entire group of Rosenthal companies in less than three months.

61.    The results of Quinn Emanuel's services were highly-favorable for the Defendants. Specifically (a) neither the USAO nor OFAC took any action against them; (b) Quinn Emanuel obtained a letter by OFAC specifically indicating that Cable Color was not subject to any sanctions by OFAC and that no SDN owned or controlled Cable Color, which allowed Cable Color to continue operating successfully; and (c) Quinn Emanuel designed and implemented a creative strategy to remove ICP from the SDNBP List.

62.    Likewise, Quinn Emanuel's representation of Yani Rosenthal yielded a positive result, including a significantly reduced prison time and a small fine.

1.    No Actions by the U.S. Government

63.    The USAO did not indict any other member of the Rosenthal family or any of their companies.  Similarly, OFAC did not designate as an SDN any other member of the Rosenthal family or any of their companies.

### 2.   Cable Color

64.   By October 2015, Cesar Rosenthal was the sole owner of Cable Color. However, OFAC was unwilling to indicate in writing that Cable Color was not owned or controlled by Jaime and Yani Rosenthal. This caused Cable Color's suppliers and banks to cease their relationships with Cable Color, which drove Cable Color to the verge of collapse.

65.   To reassure OFAC that Jaime and Yani Rosenthal were no longer part of Cable Color's ownership or management, Quinn Emanuel designed a creative strategy pursuant to which Cesar Rosenthal provided 51 percent of his equity in Cable Color to Cable Color's employees in exchange for re-purchasing their equity within three years. To implement this strategy, from January to March 2016, Quinn Emanuel conducted numerous meetings with Cable Color's employees and Honduran labor authorities describing the transaction and its objective.

66.   Quinn Emanuel made a submission to OFAC in March 2016 describing in detail this transaction and providing the records reflecting the purchase of Cesar Rosenthal's 51 percent stake by Cable Color's employees. In April 2016, OFAC issued a letter confirming that Cable Color was not subject to OFAC sanctions and that no SDN owned or controlled Cable Color. With this letter, Cable Color successfully reestablished its banking and business relationships and it was able to continue being a thriving, profitable company.

### 3.   ICP

67.   It was critical to the survival of the Rosenthal empire that OFAC remove ICP from the SDNBP List. ICP was the holding company that owned all the Rosenthal family companies and no one was willing to do business with it because it was an SDN or with its subsidiaries because of the 50 Percent Rule. Accordingly, by removing ICP from the SDNBP List, the Rosenthal group had a chance to survive.

68.    ICP's sole reason for designation by OFAC was that it was owned and controlled by Jaime and Yani Rosenthal via their ownership of shares in FDI. Accordingly, Quinn Emanuel designed and implemented a strategy to divest Jaime and Yani Rosenthal from FDI, *i.e.*, removing them as shareholders of FDI. By divesting them from FDI, they would cease having any ownership or exerting any control over ICP, paving the way for OFAC to remove ICP from the SDNBP List.

69.    ICP had approximately 150 bondholders holding bonds issued by ICP worth approximately $47 million. Quinn Emanuel designed a debt-for-equity swap strategy whereby the ICP bondholders would give up their bonds in exchange for Jaime and Yani Rosenthal's equity in FDI. Through the swap, the ICP bondholders would become shareholders of FDI, removing Jaime and Yani Rosenthal as owners, and ICP would be left with less debt. To accomplish the swap, Quinn Emanuel met with almost all of ICP's bondholders during the course of hundreds of meetings in Honduras for a period of approximately four months. Ultimately, the overwhelming majority of ICP's bondholders agreed to the swap and accepted Jaime Rosenthal and Yani Rosenthal's FDI shares as payment for their ICP bonds. With this, Jaime and Yani Rosenthal ceased having any ownership interest or exerting any control over ICP and its subsidiaries.

70.    In February 2016, Quinn Emanuel made a submission to OFAC describing the transaction in detail, providing supporting documents and requesting that it remove ICP from the SDNBP List.

71.    In May 2016, OFAC responded, requesting confirmation that Jaime and Yani Rosenthal were no longer associated with ICP or any of its subsidiaries in any capacity, *e.g.*, as directors, officers or advisors, and seeking that ICP and its subsidiaries inform so to the Honduran government entity responsible for keeping records about the owners and directors of Honduran companies. Accordingly, in July 2016, Quinn Emanuel made a second submission to OFAC

confirming that Jaime and Yani Rosenthal were no longer associated with ICP or any of its subsidiaries in any capacity, providing the corporate records demonstrating it as well certificates issued by the Honduran government reflecting that Jaime and Yani Rosenthal were no longer directors and officers of ICP and its subsidiaries.

72.     In September 2016, OFAC informed Quinn Emanuel that it would hold its petition in abeyance pending further investigation by OFAC that Jaime and Yani Rosenthal no longer exercised any ownership or control over ICP and its subsidiaries.

73.     In December 2016, Jaime and Yani Rosenthal and the Defendants informed Quinn Emanuel that they would engage a new firm to act as their lead counsel.  Relatedly, the Defendants requested that Quinn Emanuel refrain from making more submissions to OFAC and from communicating with OFAC.

4.     Yani Rosenthal

74.     Exposed to more than ten years in prison and tens of millions of dollars in fines as a result of accusations that he laundered millions of dollars for drug traffickers for over a decade, Yani Rosenthal ultimately pleaded guilty to acquiring $250,000 to $500,000 in cattle from traffickers from 2008 to 2013.  Judge Koeltl sentenced him to three years in prison and to pay $500,000 to the USAO.

IV.     THE DEFENDANTS' REFUSAL TO PAY QUINN EMANUEL

A.     Fees and Expenses

75.     Quinn Emanuel provided services to the Defendants from October 2015 to December 2016.  Quinn Emanuel billed approximately $917,000 in legal fees and approximately $132,000 in expenses for its services on behalf of the Defendants.  The Defendants have only paid approximately $90,000.  As such, they currently owe Quinn Emanuel approximately $959,000.

76.     Additionally, Yani Rosenthal currently owes Quinn Emanuel approximately $383,000 in legal fees and $50,000 in expenses. Neither Yani Rosenthal nor Cable Color—Yani Rosenthal's guarantor—have paid any portion of these fees or expenses.

77.     From November 2015 to January 2017, Quinn Emanuel submitted monthly invoices to the Defendants and Yani Rosenthal reflecting the work performed by Quinn Emanuel on their behalf.

78.     In mid-2016, the Yani Rosenthal and Defendants requested that Quinn Emanuel provide a 10 percent discount on all past-due amounts and any future bills. Quinn Emanuel agreed and provided the requested discount. Additionally, in late 2016, Quinn Emanuel, in an effort to provide additional relief to Yani Rosenthal and the Defendants, reduced its expenses by approximately $180,000.  The current past-due amounts include both the discount and the reduction in expenses.

**B.     Refusal to Pay**

79.     From around January 2016 to January 2018, Quinn Emanuel made numerous requests to the Defendants to pay and the Defendants made numerous representations to Quinn Emanuel that they would pay. Indeed, the Defendants have sufficient assets, including U.S. assets, to pay Quinn Emanuel.

80.     Importantly, the Defendants identified specific assets and sources of funds from which they would pay Quinn Emanuel and promised Quinn Emanuel that they would pay using those assets and sources of funds. Specifically, Cesar Rosenthal represented to Quinn Emanuel that he would pay Quinn Emanuel for Quinn Emanuel's services to the Defendants and Yani Rosenthal with proceeds from Cable Color, the $2 million he holds in the U.S. Rosenthal Account or the Florida Rosenthal Property.

-21-

81.   Additionally, the Rosenthal Defendants promised Quinn Emanuel that they would pay for Quinn Emanuel's services to the Defendants and Yani Rosenthal with dividend payments by Cenosa resulting from the Cenosa Shares.

82.   In April 2016, Quinn Emanuel informed the Defendants that it would cease to perform any services to them and Yani Rosenthal due to their failure to pay. The Defendants induced Quinn Emanuel to continue providing legal services to them and Yani Rosenthal by representing that they would pay and that they had the ability to do so. They reiterated that they would pay using the assets and sources of funds described above.

83.   In February 2018, it became clear that the Defendants had misrepresented to Quinn Emanuel their intention to pay. Quinn Emanuel learned that Cenosa paid approximately $10 million to the Rosenthal Defendants in dividends (via Prestadito) in the second half of 2017. The Defendants never informed Quinn Emanuel of this payment, much less took any steps to cancel their balance with Quinn Emanuel with these proceeds.

84.   Quinn Emanuel asked that the Defendants explain why they had concealed their Cenosa dividend. The Defendants represented to Quinn Emanuel that they had concealed it because they would not pay any more fees to Quinn Emanuel and that, if Quinn Emanuel wanted to collect, it would have sue them.

C.   **Related Collection Action**

85.   As set forth above, Yani Rosenthal owes Quinn Emanuel approximately $433,000 in legal fees and expenses. In April 2018, Quinn Emanuel initiated arbitration against Yani Rosenthal, pursuant to the written engagement agreement between them. In June 2018, Quinn Emanuel stayed that arbitration.

## FIRST CAUSE OF ACTION
### (Breach of Contract Against the Defendants)

86.    Quinn Emanuel repeats and re-alleges the allegations set forth above.

87.    Quinn Emanuel and the Defendants entered into a valid, binding legal contract pursuant to which Quinn Emanuel would (a) represent them in connection with potential actions by the USAO and OFAC against them; (b) advise on compliance with OFAC's regulations; and (c) design and implement a strategy to remove ICP from the SDNBP List.

88.    The Defendants agreed to pay Quinn Emanuel on an hourly fee basis and did not condition payment on any outcome.

89.    Quinn Emanuel provided to the Defendants all the legal services that it agreed to provide to them. Specifically, from October 2015 to December 2016, Quinn Emanuel carried out a comprehensive investigation of the businesses of the Defendants and all their companies to (a) assess their exposure with the USAO and OFAC; (b) recommend measures to ensure compliance with OFAC's regulations; and (c) understand whether and how they could seek that OFAC remove ICP from the SDNBP List. To that end, Quinn Emanuel (a) collected millions of documents from the Defendants and their companies; (b) thoroughly reviewed and analyzed the relevant documents; and (c) conducted dozens of interviews of the Rosenthal Defendants, as well as of current and former employees and advisors of FDI and its subsidiaries.

90.    The results of Quinn Emanuel's services were highly-favorable for the Defendants. Specifically (a) neither the USAO nor OFAC took any action against them; (b) Quinn Emanuel obtained a letter by OFAC specifically indicating that Cable Color was not subject to any sanctions by OFAC and that no SDN owned or controlled Cable Color, which allowed Cable Color to continue operating successfully; and (c) Quinn Emanuel designed and implemented a creative strategy to remove ICP from the SDNBP List.

91.     From November 2015 to January 2017, Quinn Emanuel submitted monthly invoices to the Defendants reflecting the work performed by Quinn Emanuel on their behalf.

92.     The Defendants have failed to pay Quinn Emanuel for the legal fees and expenses billed by Quinn Emanuel to them for the work Quinn Emanuel performed on their behalf. The Defendants currently owe Quinn Emanuel approximately $959,000.

### SECOND CAUSE OF ACTION
#### (Alternative to First Cause of Action)
#### (Quantum Meruit Against the Defendants)

93.     Quinn Emanuel repeats and re-alleges the allegations set forth above.

94.     Quinn Emanuel provided extensive, substantial and valuable legal services to the Defendants. Specifically, from October 2015 to December 2016, Quinn Emanuel carried out a comprehensive investigation of the businesses of the Defendants and all their companies to (a) assess their exposure with the USAO and OFAC; (b) recommend measures to ensure compliance with OFAC's regulations; and (c) understand whether and how they could seek that OFAC remove ICP from the SDNBP List. To that end, Quinn Emanuel (a) collected millions of documents from the Defendants and their companies; (b) thoroughly reviewed and analyzed the relevant documents; and (c) conducted dozens of interviews of the Rosenthal Defendants, as well as of current and former employees and advisors of FDI and its subsidiaries.

95.     The results of Quinn Emanuel's services significantly benefitted the Defendants. Specifically (a) neither the USAO nor OFAC took any action against them; (b) Quinn Emanuel obtained a letter by OFAC specifically indicating that Cable Color was not subject to any sanctions by OFAC and that no SDN owned or controlled Cable Color, which allowed Cable Color to continue operating successfully; and (c) Quinn Emanuel designed and implemented a creative strategy to remove ICP from the SDNBP List.

-24-

96.     From November 2015 to January 2017, Quinn Emanuel submitted monthly invoices to the Defendants reflecting the work performed by Quinn Emanuel on their behalf. From around January 2016 to January 2018, Quinn Emanuel made numerous requests to the Defendants to pay and, in response, the Defendants made numerous representations to Quinn Emanuel that they would pay.

97.     The Defendants have failed to pay Quinn Emanuel for the legal fees and expenses billed by Quinn Emanuel to them for the work Quinn Emanuel performed on their behalf. The Defendants currently owe Quinn Emanuel approximately $959,000.

### THIRD CAUSE OF ACTION
### (Alternative to First Cause of Action)
### (Unjust Enrichment Against the Defendants)

98.     Quinn Emanuel repeats and re-alleges the allegations set forth above.

99.     Quinn Emanuel provided extensive, substantial and valuable legal services to the Defendants. Specifically, from October 2015 to December 2016, Quinn Emanuel carried out a comprehensive investigation of the businesses of the Defendants and all their companies to (a) assess their exposure with the USAO and OFAC; (b) recommend measures to ensure compliance with OFAC's regulations; and (c) understand whether and how they could seek that OFAC remove ICP from the SDNBP List. To that end, Quinn Emanuel (a) collected millions of documents from the Defendants and their companies; (b) thoroughly reviewed and analyzed the relevant documents; and (c) conducted dozens of interviews of the Rosenthal Defendants, as well as of current and former employees and advisors of FDI and its subsidiaries.

100.    The results of Quinn Emanuel's services were highly-favorable to and benefitted the Defendants. Specifically (a) neither the USAO nor OFAC took any action against them; (b) Quinn Emanuel obtained a letter by OFAC specifically indicating that Cable Color was not subject

to any sanctions by OFAC and that no SDN owned or controlled Cable Color, which allowed

Cable Color to continue operating successfully; and (c) Quinn Emanuel designed and implemented

a creative strategy to remove ICP from the SDNBP List.

101.   The Defendants have failed to pay Quinn Emanuel for the legal fees and expenses

billed by Quinn Emanuel to them for the work Quinn Emanuel performed on their behalf.   The

Defendants currently owe Quinn Emanuel approximately $959,000.

**FOURTH CAUSE OF ACTION**
**(Alternative to First Cause of Action)·**
**(Promissory Estoppel Against the Defendants)**

102.   Quinn Emanuel repeats and re-alleges the allegations set forth above.

103.   Quinn Emanuel provided extensive, substantial and valuable legal services to the

Defendants.  Specifically, from October 2015 to December 2016, Quinn Emanuel carried out a

comprehensive investigation of the businesses of the Defendants and all their companies to (a)

assess their exposure with the USAO and OFAC; (b) recommend measures to ensure compliance

with OFAC's regulations; and (c) understand whether and how they could seek that OFAC remove

ICP from the SDNBP List.  To that end, Quinn Emanuel (a) collected millions of documents from

the Defendants and their companies; (b) thoroughly reviewed and analyzed the relevant documents;

and (c) conducted dozens of interviews of the Rosenthal Defendants, as well as of current and

former employees and advisors of FDI and its subsidiaries.

104.   The results of Quinn Emanuel's services were highly-favorable to the Defendants.

Specifically (a) neither the USAO nor OFAC took any action against them; (b) Quinn Emanuel

obtained a letter by OFAC specifically indicating that Cable Color was not subject to any sanctions

by OFAC and that no SDN owned or controlled Cable Color, which allowed Cable Color to

continue operating successfully; and (c) Quinn Emanuel designed and implemented a creative strategy to remove ICP from the SDNBP List.

105.    From around January 2016 to January 2018, Quinn Emanuel made numerous requests to the Defendants to pay and the Defendants made numerous representations to Quinn Emanuel that they would pay.

106.    In April 2016, Quinn Emanuel informed the Defendants that it would cease to perform any services to them due to their failure to pay. The Defendants induced Quinn Emanuel into continuing to provide legal services to them by representing that they would pay and that they had the ability to do so. Cesar Rosenthal reiterated that he would pay Quinn Emanuel for Quinn Emanuel's services to the Defendants and Yani Rosenthal with proceeds from Cable Color, the $2 million he holds in the U.S. Rosenthal Account or the Florida Rosenthal Property. The Rosenthal Defendants reiterated that they would pay for Quinn Emanuel's services to the Defendants and Yani Rosenthal with dividends flowing from their Cenosa Shares.

107.    Quinn Emanuel relied on the Rosenthal Defendants' payment promises and, based on those promises, continued providing services to them from April 2016 to December 2016.

108.    The Defendants have failed to pay Quinn Emanuel for the legal fees and expenses billed by Quinn Emanuel to them for the work Quinn Emanuel performed on their behalf. The Defendants currently owe Quinn Emanuel approximately $959,000.

### FIFTH CAUSE OF ACTION
**(Mandatory Injunction Against the Defendants and the Joined Defendants)**

109.    Quinn Emanuel repeats and re-alleges the allegations set forth above.

110.    Quinn Emanuel seeks a mandatory injunction (a) permanently enjoining (i) Cesar Rosenthal and Bus-Comm from transferring or encumbering in any way the Florida Rosenthal Property; (ii) Cesar Rosenthal and Crediflash from transferring or encumbering in any way the

funds in the U.S. Rosenthal Account; and (iii) the Rosenthal Defendants and Prestadito from transferring or encumbering in any way the Cenosa Shares; and (b) compelling (i) Cesar Rosenthal and Bus-Comm to pay Quinn Emanuel all legal fees and expenses owed by the Defendants and Yani Rosenthal with the Florida Rosenthal Property or the proceeds of its sale; (ii) Cesar Rosenthal and Crediflash to pay Quinn Emanuel all legal fees and expenses owed by the Defendants and Yani Rosenthal with the funds in the U.S. Rosenthal Account; and (iii) the Rosenthal Defendants and Prestadito to pay Quinn Emanuel all legal fees and expenses owed by the Defendants and Yani Rosenthal with the Cenosa Shares or with dividend payments by Cenosa.

111.    There is a substantial likelihood that Quinn Emanuel will prevail on the merits of this action because Quinn Emanuel provided substantial, valuable legal services to the Defendants, for which the Defendants have failed to pay.

112.    Absent a mandatory injunction, there is a high risk that the Defendants will never pay Quinn Emanuel any of the legal fees and expenses that they owe.

113.    Quinn Emanuel will suffer a greater injury than the Defendants if the Defendants are able to dispose of the funds in the U.S. Rosenthal Account, the Florida Rosenthal Property and the Cenosa Shares without paying Quinn Emanuel.

### SIXTH CAUSE OF ACTION
### (Express Lien Against the Defendants and the Joined Defendants)

114.    Quinn Emanuel repeats and re-alleges the allegations set forth above.

115.    Quinn Emanuel seeks the imposition of a lien on the Florida Rosenthal Property, the U.S. Rosenthal Account and the Cenosa Shares.

116.    From around January 2016 to January 2018, Quinn Emanuel made numerous requests to the Defendants to pay and the Defendants made numerous representations to Quinn Emanuel that they would pay.

117.    The Defendants identified specific assets and sources of funds from which they would pay Quinn Emanuel and promised Quinn Emanuel that they would pay using those assets and sources of funds.  Specifically, Cesar Rosenthal represented to Quinn Emanuel that he would pay Quinn Emanuel for Quinn Emanuel's services to the Defendants and Yani Rosenthal with proceeds from Cable Color, the $2 million he holds in the U.S. Rosenthal Account or the Florida Rosenthal Property.

118.    Additionally, the Rosenthal Defendants promised Quinn Emanuel that they would pay for Quinn Emanuel's services to the Defendants and Yani Rosenthal with dividends flowing from the Cenosa Shares.

119.    In April 2016, Quinn Emanuel informed the Defendants that it would cease to perform any services to them and Yani Rosenthal due to their failure to pay.  The Defendants induced Quinn Emanuel to continue to provide legal services to them and Yani Rosenthal by representing that they would pay and that they had the ability to do so.  Cesar Rosenthal reiterated that he would pay Quinn Emanuel for Quinn Emanuel's services to the Defendants and Yani Rosenthal with proceeds from Cable Color, the $2 million he holds in the U.S. Rosenthal Account or the Florida Rosenthal Property.  The Rosenthal Defendants reiterated that they would pay for Quinn Emanuel's services to the Defendants and Yani Rosenthal with dividends flowing from their Cenosa Shares.

### SEVENTH CAUSE OF ACTION
(Alternative to Sixth Cause of Action)
(Equitable Lien Against the Defendants and the Joined Defendants)

120.    Quinn Emanuel repeats and re-alleges the allegations set forth above.

121.    Quinn Emanuel seeks the imposition of an equitable lien on the Florida Rosenthal Property, the U.S. Rosenthal Account and the Cenosa Shares.

122. From around January 2016 to January 2018, Quinn Emanuel made numerous requests to the Defendants to pay and the Defendants made numerous representations to Quinn Emanuel that they would pay.

123. The Defendants identified specific assets and sources of funds from which they would pay Quinn Emanuel and promised Quinn Emanuel that they would pay using those assets and sources of funds. Specifically, Cesar Rosenthal represented to Quinn Emanuel that he would pay Quinn Emanuel for Quinn Emanuel's services to the Defendants and Yani Rosenthal with proceeds from Cable Color, the $2 million he holds in the U.S. Rosenthal Account or the Florida Rosenthal Property.

124. Additionally, the Rosenthal Defendants promised Quinn Emanuel that they would pay for Quinn Emanuel's services to the Defendants and Yani Rosenthal with dividends flowing from the Cenosa Shares.

125. In April 2016, Quinn Emanuel informed the Defendants that it would cease to perform any services to them and Yani Rosenthal due to their failure to pay. The Defendants induced Quinn Emanuel to continue to provide legal services to them and Yani Rosenthal by representing that they would pay and that they had the ability to do so. Cesar Rosenthal reiterated that he would pay Quinn Emanuel for Quinn Emanuel's services to the Defendants and Yani Rosenthal with proceeds from Cable Color, the $2 million he holds in the U.S. Rosenthal Account or the Florida Rosenthal Property. The Rosenthal Defendants reiterated that they would pay for Quinn Emanuel's services to the Defendants and Yani Rosenthal with dividends flowing from their Cenosa Shares.

## EIGHT CAUSE OF ACTION
### (Breach of Contract Against Cable Color as Guarantor of Yani Rosenthal)

126. Quinn Emanuel repeats and re-alleges the allegations set forth above.

-30-

127.    Yani Rosenthal engaged Quinn Emanuel to defend him from the USAO's indictment. Under his engagement letter, Yani Rosenthal agreed to pay Quinn Emanuel on an hourly fee basis and did not condition payment on any outcome. Cable Color signed an indemnity letter agreeing to pay all of Yani Rosenthal's legal fees and expenses.

128.    Quinn Emanuel provided to Yani Rosenthal all the legal services that it agreed to provide to him.

129.    The results of Quinn Emanuel's services were highly-favorable for Yani Rosenthal. Exposed to a term of over ten years in prison and tens of millions of dollars in fines through an indictment accusing him of laundering millions of dollars for drug traffickers for over a decade, Yani Rosenthal ultimately pleaded guilty to acquiring from $250,000 to $500,000 in cattle from traffickers from 2008 to 2013. Judge Koeltl sentenced him to three years in prison and to pay $500,000.

130.    From November 2015 to January 2017, Quinn Emanuel submitted monthly invoices to Yani Rosenthal and Cable Color reflecting the work performed by Quinn Emanuel on behalf of Yani Rosenthal.

131.    Yani Rosenthal currently owes Quinn Emanuel approximately $433,000 in legal fees and expenses. Cable Color, as Yani Rosenthal's guarantor, has failed to pay this amount to Quinn Emanuel.

## **PRAYER FOR RELIEF**

WHEREFORE Quinn Emanuel prays for the following judgment in its favor and against the Defendants and the Joined Defendants as follows:

1.    For compensatory and consequential damages of at least $959,000, exclusive of interest;

2.    For an order granting permanent relief substantially in the form set forth in Paragraphs 109-125 of this Complaint;

3.    For an order granting Quinn Emanuel a lien against the Florida Rosenthal Property, the U.S. Rosenthal Account and the Cenosa Shares;

4.    For Quinn Emanuel's legal fees and expenses incurred in bringing this action;

5.    For pre- and post- judgment interest at the maximum legal rate applicable to a judgment issued by this Court; and

6.    For such other relief as this Court may deem just and proper;

AND FURTHER, Quinn Emanuel prays for the following judgment in its favor and against Cable Color as guarantor of Yani Rosenthal:

7.    For compensatory and consequential damages of at least $433,000, exclusive of interest;

8.    For Quinn Emanuel's legal fees and expenses incurred in bringing this action;

9.    For pre- and post- judgment interest at the maximum legal rate applicable to a judgment issued by this Court; and

10.    For such other relief as this Court may deem just and proper.

DATED:        Washington, D.C.
              March 25, 2019

                        QUINN EMANUEL URQUHART &
                        SULLIVAN, LLP

                        *Valerie Ramos*
                        Valerie Ramos
                        [D.C. Bar 241050]
                        valerieramos@quinnemanuel.com
                        Juan P. Morillo
                        [D.C. Bar 475196]
                        juanmorillo@quinnemanuel.com
                        Daniel Pulecio-Boek
                        [D.C. Bar 1500514]
                        danielpulecioboek@quinnemanuel.com
                        1300 I Street NW, Suite 900
                        Washington, D.C., 20005
                        Telephone: (202) 538-8000
                        Fax: (202) 538-8100



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

Quinn Emanuel Urquhart & Sullivan, LLP
_____
                                    Plaintiff

vs.                                                    Case Number _____

Adela Patricia Rosenthal-Hidalgo
_____
                                    Defendant

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Valerie J. Ramos
_____                    *Clerk of the Court*
Name of Plaintiff's Attorney

Quinn Emanuel Urquhart & Sullivan, LLP          By _____
_____                           Deputy Clerk
Address
1300 I Street NW, Suite 900,Washington, DC 20005

202-538-8000                                        Date _____
_____
Telephone
如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828로 전화주십시요     የተፈለገ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                        Super. Ct. Civ. R. 4





## TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
### DIVISIÓN CIVIL
#### Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

_____
                                        Demandante

        contra

                                                    Número de Caso: _____

_____
                                        Demandado

### CITATORIO

Al susodicho Demandado:

        Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

        A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                        *SECRETARIO DEL TRIBUNAL*

_____
Nombre del abogado del Demandante

                                        Por: _____
_____                         Subsecretario
Dirección

_____
                                        Fecha: _____
Teléfono
如需翻譯，請打電話 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
만일 번역을 원하시면 (202)879-4828 로 전화주십시오         የአማርኛ   ትርጉም   ለማግኘት   (202) 879-4828   ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

        Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

                        Vea al dorso el original en inglés
                        See reverse side for English original

CV-3110 [Rev. June 2017]                                        Super. Ct. Civ. R. 4



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

Quinn Emanuel Urquhart & Sullivan, LLP
_____
Plaintiff

vs.                                         Case Number _____

Bus-Comm, Inc.
_____
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Valerie J. Ramos
_____
Name of Plaintiff's Attorney                        _Clerk of the Court_

Quinn Emanuel Urquhart & Sullivan, LLP
_____          By _____
Address                                                         Deputy Clerk
1300 I Street NW, Suite 900,Washington, DC 20005

202-538-8000
_____          Date _____
Telephone
如需翻譯,請打电话 (202) 879-4828   Veuillez appeler au (202) 879-4828 pour une traduction   Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202)879-4828로 전화주십시오    የአማርኛ ትርጉም ከፈለጉ (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español





### TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
#### DIVISIÓN CIVIL
#### Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

_____
                                    Demandante

       contra                                    Número de Caso: _____

_____
                                    Demandado

### CITATORIO

Al susodicho Demandado:

       Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

       A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                              SECRETARIO DEL TRIBUNAL

_____
Nombre del abogado del Demandante
                                    Por: _____
                                                   Subsecretario
_____
Dirección

                                    Fecha: _____
_____
Teléfono
如需翻译，请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면 (202) 879-4828 로 전화주십시오        ?ምተርጉም ?ተ?ም? ??ትዯውሉ (202) 879-4828 ?.??ት

       IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO._

       Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

                         Ven al dorso el original en inglés
                         See reverse side for English original

CV-3110 [Rev. June 2017]                                              Super. Ct. Civ. R. 4



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
Telephone: (202) 879-1133 Website: www.dccourts.gov

Quinn Emanuel Urquhart & Sullivan, LLP
_____
                                    Plaintiff
                vs.                                    Case Number _____

Cable Color, S.A. de C.V.
_____
                                    Defendant

**SUMMONS**

To the above named Defendant:

        You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

        You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Valerie J. Ramos
_____          _Clerk of the Court_
Name of Plaintiff's Attorney

Quinn Emanuel Urquhart & Sullivan, LLP          By _____
_____                       Deputy Clerk
Address
1300 I Street NW, Suite 900,Washington, DC 20005

202-538-8000                                      Date _____
_____
Telephone
如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202)879-4828로 전화주십시오.     የአማርኛ  ትርጉም  ለማግኘት  (202) 879-4828  ይደውሉ

    IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME_.

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

                    See reverse side for Spanish translation
                    Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                          Super. Ct. Civ. R. 4





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

_____
                          Demandante

contra

_____          Número de Caso: _____
                          Demandado

**CITATORIO**

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                        *SECRETARIO DEL TRIBUNAL*

Nombre del abogado del Demandante

                                        Por: _____
_____              Subsecretario
Dirección

_____

                                        Fecha: _____
Teléfono
如需翻譯, 請打電話 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bản dịch, hãy gọi (202) 879-4828
번역을 원하시면 (202) 879-4828로 연락하십시오     ኣማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                        Super. Ct. Civ. R. 4

**Superior Court of the District of Columbia**
CIVIL DIVISION
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

Quinn Emanuel Urquhart & Sullivan, LLP
_____
Plaintiff

vs.

Carlos Rosenthal
_____
Defendant

Case Number _____

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Valerie J. Ramos
_____
Name of Plaintiff's Attorney

Quinn Emanuel Urquhart & Sullivan, LLP
_____
Address
1300 I Street NW, Suite 900, Washington, DC 20005

202-538-8000
_____
Telephone

*Clerk of the Court*

By _____
Deputy Clerk

Date _____

如需翻譯,請打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202)879-4828로 전화하세요.      አማርኛ ተርጓሚ ከፈለጉ (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                                Super. Ct. Civ. R. 4





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
DIVISIÓN CIVIL
Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

_____
                    Demandante

contra

_____          Número de Caso: _____
                    Demandado

**CITATORIO**

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le requiere entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                        *SECRETARIO DEL TRIBUNAL*

Nombre del abogado del Demandante
_____
                                        Por: _____
                                                         Subsecretario
Dirección
_____

_____          Fecha _____

Teléfono
如需翻譯，請打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
한국어로 번역하려면 (202) 879-4828로 연락하십시오    የአማርኛ ትርጉም ከፈለጉ (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                        Super. Ct. Civ. R. 4



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

Quinn Emanuel Urquhart & Sullivan, LLP
_____
                                    Plaintiff

                    vs.                                    Case Number _____

Cesar Augusto Rosenthal-Hidalgo
_____
                                    Defendant

### SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Valerie J. Ramos                                    *Clerk of the Court*
_____
Name of Plaintiff's Attorney

Quinn Emanuel Urquhart & Sullivan, LLP             By _____
_____                        Deputy Clerk
Address
1300 I Street NW, Suite 900,Washington, DC 20005

202-538-8000                                       Date _____
_____
Telephone
如需翻譯,請打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828로 전화주십시오        የትርጉም እርዳታ ለማግኘት (202) 879-4828 ይደውሉ

    IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                                        Super. Ct. Civ. R. 4





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

_____
                                    Demandante

contra

_____
                                    Demandado                    Número de Caso: _____

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                                    *SECRETARIO DEL TRIBUNAL*

_____
Nombre del abogado del Demandante

                                        Por: _____
_____                        Subsecretario
Dirección

_____

                                        Fecha _____
Teléfono
如需翻译，請打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을원하시면(202) 879-4828 로전화주십시오    ኣማርኛ ትርጉም እንተደለዩም (202) 879-4828 ደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

                        Ven al dorso el original en inglés
                        See reverse side for English original

CV-3110 [Rev. June 2017]                                    Super. Ct. Civ. R. 4



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

Quinn Emanuel Urquhart & Sullivan, LLP
_____
                                        Plaintiff

                vs.

Crediflash, LLC                                    Case Number _____
_____
                                        Defendant

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Valerie J. Ramos                          _Clerk of the Court_
_____
Name of Plaintiff's Attorney

Quinn Emanuel Urquhart & Sullivan, LLP     By _____
_____                  Deputy Clerk
Address
1300 I Street NW, Suite 900,Washington, DC 20005

**202-538-8000**                           Date _____
_____
Telephone
如需翻译，请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828로 전화하십시오.      የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ።

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                    Super. Ct. Civ. R. 4





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

_____
                                           Demandante

contra

_____                    Número de Caso: _____
                                           Demandado

**CITATORIO**

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                                            *SECRETARIO DEL TRIBUNAL*

_____
Nombre del abogado del Demandante
                                           Por: _____
_____                              Subsecretario
Dirección

_____
                                           Fecha _____

Teléfono
如需翻译,请打电话 (202) 879-4828       Veuillez appeler au (202) 879-4828 pour une traduction       Để có một bài dịch, hãy gọi (202) 879-4828
한국어로 통역이 필요하시면 (202) 879-4828로 전화주십시오.        አማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

                          Vea al dorso el original en inglés
                          See reverse side for English original

CV-3110 [Rev. June 2017]
                                                            Super. Ct. Civ. R. 4

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

Quinn Emanuel Urquhart & Sullivan, LLP
_____
Plaintiff

vs.

Case Number _____

Fondo de Inversiones, S.A.
_____
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Valerie J. Ramos
_____                     _Clerk of the Court_
Name of Plaintiff's Attorney

Quinn Emanuel Urquhart & Sullivan, LLP                  By _____
_____                              Deputy Clerk
Address
1300 I Street NW, Suite 900, Washington, DC 20005

202-538-8000                                            Date _____
_____
Telephone
如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202)879-4828로 전화주십시오     ยา\እ ክፍ ክፍ  አ ማ ር ኛ (202) 879-4828   ይ ደ ው ሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                                    Super. Ct. Civ. R. 4





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

_____
                                        Demandante

contra

_____          Número de Caso: _____
                                        Demandado

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                        *SECRETARIO DEL TRIBUNAL*

Nombre del abogado del Demandante

_____          Por: _____
                                                         Subsecretario
Dirección
_____

                                        Fecha _____
Teléfono
如需翻译，请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828
                    (202) 879-4828                                                     የአማርኛ  ትርጉም  ለማግኘት  (202) 879-4828  ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO._

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

                    Vea al dorso el original en inglés
                    See reverse side for English original

CV-3110 [Rev. June 2017]                                        Super. Ct. Civ. R. 4



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

Quinn Emanuel Urquhart & Sullivan, LLP
_____
                                                          Plaintiff

                          vs.
                                                                      Case Number  _____

Prestadito de Costa Rica, S.A.
_____
                                                          Defendant

### SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Valerie J. Ramos
_____              _Clerk of the Court_
Name of Plaintiff's Attorney

Quinn Emanuel Urquhart & Sullivan, LLP
_____              By _____
Address                                                                      Deputy Clerk
1300 I Street NW, Suite 900,Washington, DC 20005

202-538-8000
_____              Date _____
Telephone
如需翻译,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction          Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828로 전화주세요          የተርጓሚ አገልግሎት ከፈለጉ (202) 879-4828 ይደውሉ

    IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                                      Super. Ct. Civ. R. 4





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

_____
                                    Demandante

contra

_____
                                    Demandado

Número de Caso: _____

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                              *SECRETARIO DEL TRIBUNAL*

Nombre del abogado del Demandante

_____
                              Por: _____
Dirección                                        Subsecretario

_____
                              Fecha _____
Teléfono
如需翻译, 请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
만약 번역을 원하시면 (202) 879-4828로 전화주십시오    ያማርኛ ተርጓሚ ከፈለጉ (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue. N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Ven al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                        Super. Ct. Civ. R. 4

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

Quinn Emanuel Urquhart & Sullivan, LLP

Case Number: _____

Adela Patricia Rosenthal-Hidalgo, Bus-Comm, Inc.,
Cable Color, S.A. de C.V.S, Carlos Jose Rosenthal-
Hidalgo, Cesar Augusto Rosenthal-Hidalgo,
Crediflash, LLC, Fondo de Inversiones, S.A. and
Prestadito de Costa Rica, S.A.

Date: March 25, 2019

☐ One of the defendants is being sued
   in their official capacity.

| | |
|---|---|
| Name: *(Please Print)*<br>Valerie J Ramos | Relationship to Lawsuit |
| Firm Name:<br>Quinn Emanuel Urquhart & Sullivan, LLP | ☒ Attorney for Plaintiff |
| Telephone No.:          Six digit Unified Bar No.:<br>202-538-8000         D.C. Bar 1500514 | ☐ Self (Pro Se)<br>☐ Other: _____ |

TYPE OF CASE: ☐ Non-Jury          ☐ 6 Person Jury          ☒ 12 Person Jury

Demand: $_____          Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.:_____  Judge: _____  Calendar #:_____

Case No.:_____  Judge: _____  Calendar#:_____

---

NATURE OF SUIT:    *(Check One Box Only)*

### A. CONTRACTS                    COLLECTION CASES

☒ 01 Breach of Contract
☐ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☐ 07 Personal Property
☐ 13 Employment Discrimination
☐ 15 Special Education Fees

☐ 14 Under $25,000 Pltf. Grants Consent
☐ 17 OVER $25,000 Pltf. Grants Consent
☐ 27 Insurance/Subrogation
   Over $25,000 Pltf. Grants Consent
☐ 07 Insurance/Subrogation
   Under $25,000 Pltf. Grants Consent
☐ 28 Motion to Confirm Arbitration
   Award (Collection Cases Only)

☐ 16 Under $25,000 Consent Denied
☐ 18 OVER $25,000 Consent Denied
☐ 26 Insurance/Subrogation
   Over $25,000 Consent Denied
☐ 34 Insurance/Subrogation
   Under $25,000 Consent Denied

---

### B. PROPERTY TORTS

☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

☐ 03 Destruction of Private Property
☐ 04 Property Damage

☐ 05 Trespass

---

### C. PERSONAL TORTS

☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☐ 03 Assault and Battery
☐ 04 Automobile- Personal Injury
☐ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☐ 08 Fraud

☐ 10 Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical (Including Wrongful Death)
☐ 16 Negligence- (Not Automobile,
   Not Malpractice)

☐ 17 Personal Injury- (Not Automobile,
   Not Malpractice)
☐ 18 Wrongful Death (Not Malpractice)
☐ 19 Wrongful Eviction
☐ 20 Friendly Suit
☐ 21 Asbestos
☐ 22 Toxic/Mass Torts
☐ 23 Tobacco
☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE          IF USED

# Information Sheet, Continued

**C. OTHERS**

- [ ] 01 Accounting
- [ ] 02 Att. Before Judgment
- [ ] 05 Ejectment
- [ ] 09 Special Writ/Warrants
  (DC Code § 11-941)
- [ ] 10  Traffic Adjudication
- [ ] 11 Writ of Replevin
- [ ] 12 Enforce Mechanics Lien
- [ ] 16 Declaratory Judgment

- [ ] 17 Merit Personnel Act (OEA)
  (D.C. Code Title 1, Chapter 6)
- [ ] 18 Product Liability
- [ ] 24 Application to Confirm, Modify,
  Vacate Arbitration Award (DC Code § 16-4401)
- [ ] 29 Merit Personnel Act (OHR)
- [ ] 31 Housing Code Regulations
- [ ] 32 Qui Tam
- [ ] 33 Whistleblower

**II.**

- [ ] 03 Change of Name
- [ ] 06 Foreign Judgment/Domestic
- [ ] 08 Foreign Judgment/International
- [ ] 13 Correction of Birth Certificate
- [ ] 14 Correction of Marriage
  Certificate
- [ ] 26 Petition for Civil Asset Forfeiture (Vehicle)
- [ ] 27 Petition for Civil Asset Forfeiture (Currency)
- [ ] 28 Petition for Civil Asset Forfeiture (Other)

- [ ] 15 Libel of Information
- [ ] 19 Enter Administrative Order as
  Judgment [ D.C. Code §
  2-1802.03 (h) or 32-151 9 (a)]
- [ ] 20 Master Meter (D.C. Code §
  42-3301, et seq.)

- [ ] 21 Petition for Subpoena
  [Rule 28-I (b)]
- [ ] 22 Release Mechanics Lien
- [ ] 23 Rule 27(a)(1)
  (Perpetuate Testimony)
- [ ] 24 Petition for Structured Settlement
- [ ] 25 Petition for Liquidation

**D. REAL PROPERTY**

- [ ] 09 Real Property-Real Estate
- [ ] 12 Specific Performance
- [ ] 04 Condemnation (Eminent Domain)
- [ ] 10 Mortgage Foreclosure/Judicial Sale
- [ ] 11 Petition for Civil Asset Forfeiture (RP)

- [ ] 08 Quiet Title
- [ ] 25 Liens: Tax / Water Consent Granted
- [ ] 30 Liens: Tax / Water Consent Denied
- [ ] 31 Tax Lien Bid Off Certificate Consent Granted

_____
Attorney's Signature

March 25, 2019
_____
Date



Superior Court of the District of Columbia
CIVIL DIVISION
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

S595

**Quinn Emanuel Urquhart & Sullivan, LLP**

_____
Plaintiff

vs.                                                    Case Number   2019 CA 001967 B

**Bus Comm, Inc.**

_____
Defendant

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty-one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

**Valerie J. Ramos**
_____
Name of Plaintiff's Attorney

**Quinn Emanuel Urquhart & Sullivan, LLP**
_____
Address

**1300 I Street NW, Suite 900 Washington DC 20005**

**202-538-8000**
_____
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date  03/28/2019

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]

Super. Ct. Civ. R. 4

Filed
D.C. Superior Court
04/30/2019 15:41PM
Clerk of the Court

## VERIFIED RETURN OF SERVICE

State of D.C.                                                                County of

Case Number: 2019-CA-001987-B

Plaintiff:
QUINN EMANUEL URQUHART & SULLIVAN, LLP

vs.

Defendant:
ADELA PATRICIA ROSENTHAL-HIDALGO, ET-AL.

For:
VALERIE RAMOS
QUINN, EMANUEL URQUHART & SULLIVAN, LLP
1300 I STREET NW
SUITE 900
WASHINGTON, DC 20005

Received by Countywide Process Service on the 1st day of April, 2019 at 3:55 pm to be served on CREDIFLASH, LLC, 1447 NORTH KROME AVENUE, HOMESTEAD, FL 33030.

I, OMAR CORZO, do hereby affirm that on the 8th day of April, 2019 at 2:51 pm, I:

Service on corporation: pursuant to F.S. 48.081(3)(a) by delivering a copy of this process, SUMMONS AND COMPLAINT to: EDGAR FLORES as AUTHORIZED AGENT at the address of: 1447 NORTH KROME AVENUE, HOMESTEAD, FL 33030 with this date and time of service endorsed thereon by me, to an employee of said corporation, and informing said person of the contents therein. Service was rendered after said corporation failed to have a registered agent available for service of process, in accordance with F.S. 48.091 and informing said person of the contents thereof, pursuant to F.S.48.081(3)(a).

Under penalty of perjury, I declare that I have read the foregoing affidavit and that the facts stated in it are true and correct. I am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. I am over the age of eighteen, and have no interest in the above action. NO NOTARY REQUIRED PURSUANT TO F.S. 92.525(2).

OMAR CORZO
1728

Countywide Process Service
& Investigations
12260 SW, 132 Court, Suite 113
Miami, FL 33186
(305) 234-5858

Our Job Serial Number: JGR-2019005698

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V7.2b

Filed
D.C. Superior Court
04/30/2019 15:41PM
Clerk of the Court

## VERIFIED RETURN OF SERVICE

County of

State of D.C.

Case Number: 2019-CA-001997-B

Plaintiff:
QUINN EMANUEL URQUHART & SULLIVAN, LLP

vs.

Defendant:
ADELA PATRICIA ROSENTHAL-HIDALGO, ET-AL

For:
VALERIE RAMOS
QUINN EMANUEL URQUHART & SULLIVAN, LLP
1300 I STREET NW
SUITE 900
WASHINGTON, DC 20005

Received by Countywide Process Service on the 1st day of April, 2019 at 3:55 pm to be served on BUS-COMM, INC., 1447 NORTH KROME AVENUE, HOMESTEAD, FL 33030.

I, OMAR CORZO, do hereby affirm that on the 5th day of April, 2019 at 2:51 pm, I:

Service on corporation: pursuant to F.S. 48.081(3)(a) by delivering a copy of this process, SUMMONS AND COMPLAINT to: EDGAR FLORES as AUTHORIZED AGENT at the address of: 1447 NORTH KROME AVENUE, HOMESTEAD, FL 33030 with this date and time of service endorsed thereon by me, to an employee of said corporation, and informing said person of the contents therein. Service was rendered after said corporation failed to have a registered agent available for service of process, in accordance with F.S. 48.081 and informing said person of the contents thereof, pursuant to F.S.48.081(3)(a).

Under penalty of perjury, I declare that I have read the foregoing affidavit and that the facts stated in it are true and correct. I am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. I am over the age of eighteen, and have no interest in the above action. NO NOTARY REQUIRED PURSUANT TO F.S. 92.525(2).

OMAR CORZO
1729

Countywide Process Service
& Investigations
12260 SW 132 Court, Suite 413
Miami, FL 33186
(305) 234-6858

Our Job Serial Number: JGR-2019008595

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V7.2h