UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

QUINN EMANUEL URQUHART
& SULLIVAN, LLP

      Plaintiff,

vs.

ADELA PATRICIA
ROSENTHAL-HIDALGO,
BUS-COMMM, INC., CABLE COLOR, S.A.
DE C.V., CARLOS JOSE
ROSENTHAL-HIDALGO, CESAR
AUGUSTO ROSENTHAL-HIDALGO,
CREDIFLASH, LLC, FONDO DE
INVERSIONES, S.A., PRESTADITO DE
COSTA RICA, S.A.,

      Defendants.
_____/

CASE NO.: 1:19-cv-01331

**BUS-COMM, INC. AND CREDIFLASH, LLC'S STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

Defendants, BUS-COMM, INC. ("Bus-Comm") and CREDIFLASH, LLC ("Crediflash"), pursuant to Rule 12 of the Federal Rules of Civil Procedure and Local Rule 7, hereby files their statement of points and authorities in support of their motion to dismiss the Complaint. In support, they state:

**INTRODUCTION**

The Complaint arises from over $1,000,000.00 in legal bills allegedly incurred by the individual defendants. The corporate defendants are included in an apparent effort to freeze assets on a prejudgment basis. But Plaintiff cannot simply disregard personal jurisdiction and the corporate form. Relevant to the instant Motion, Bus-Comm and Crediflash are Florida entities which are based in Florida. They have no ties to Washington, D.C., nor has Plaintiff alleged any

1

such ties. Moreover, the Complaint simply disregards the corporate form for these entities by seeking injunctions and liens directed at assets owned by these entities. But the corporate form cannot be ignored. To support the relief it is seeking against Bus-Comm and Crediflash, it must allege a theory of liability as to these entities. Accordingly, the counts pertaining to Bus-Comm and Crediflash (Fifth, Sixth and Seventh Causes of Action) must be dismissed for lack of personal jurisdiction and for failure to state a cause of action.

## THIS COURT LACKS PERSONAL JURISDICTION OVER THE FLORIDA DEFENDANTS

"It is undisputed that plaintiffs bear the burden of establishing personal jurisdiction over each individual defendant and that in order to meet their burden, plaintiffs cannot rely on conclusory allegations." *Jung v. Ass'n of Am. Med. Colls.*, 300 F. Supp. 2d 119, 127 (D.D.C. 2004) (Friedman, J.), citing *GTE New Media Services Inc. v. Ameritech Corp.*, 21 F. Supp. 2d 27, 36 (D.D.C. 1998) (Urbina, J.).

A plaintiff "must allege specific facts connecting each defendant with the forum." *GTE New Media Servs., Inc.,* 21 F. Supp. 2d at 36 (D.D.C. 1998). Moreover, a plaintiff cannot "aggregate factual allegations concerning multiple defendants in order to demonstrate personal jurisdiction over any individual defendant." *Jung*, 300 F. Supp. 2d at 127, citing *Rush v. Savchuk*, 444 U.S. 320, 331-32 (1980). Nor can personal jurisdiction simply be imputed in disregard of the corporate form because "'courts presume the separateness of legally distinct corporate entities.'" *Khatib v. All. Bankshares Corp.*, 846 F. Supp. 2d 18, 31 (D.D.C. 2012) (Kollar-Kotelly, J.) (refusing to impute personal jurisdiction over subsidiary to parent corporation).

"In determining whether a plaintiff has demonstrated that the defendant's contacts with the forum suffice to justify the exercise of personal jurisdiction, however, 'the Court is no longer bound to treat all of plaintiff's allegations as true.'" *United States v. Philip Morris*, 116 F. Supp.

2d 116, 120 n.4 (D.D.C. 2000) (Kessler, J.), quoting *Tifa, Ltd. v. Republic of Ghana*, 1991 U.S. Dist. LEXIS 11855, C.A. No. 88-1513, 1991 WL 179098, at *8 (D.D.C. 1991) (Flannery, J.). "'[W]hen a court is considering a challenge to its jurisdiction over a defendant or a res, it may receive and weigh affidavits and any other relevant matter to assist it in determining the jurisdictional facts.'" *Id.* (citing 5A C. Wright & A. Miller, Federal Practice and Procedure § 1351 (1990)).

In affirming the dismissal of a complaint which "fail[ed] to allege any plausible basis for exercising personal jurisdiction," the D.C. Circuit acknowledged the framework for analyzing personal jurisdiction in diversity cases: "To establish personal jurisdiction over a non-resident like Bailey, we must first decide whether statutory jurisdiction exists under the District's long-arm statute and, if it does, then we must determine whether an exercise of jurisdiction would comport with constitutional limitations." *Forras v. Rauf*, 812 F.3d 1102, 1105-06 (D.C. Cir. 2016).

Here, there are **no** allegations of the Complaint (conclusory or otherwise) attempting to tie Bus-Comm or Crediflash to Washington, D.C. This alone is fatal to the Complaint.

The Complaint alleges Bus-Comm is a Florida corporation with its principal place of business in Florida. [D.E. 1-1: Complaint at pg. 10, ¶29]. The Complaint states that Bus-Comm is included as a party because Plaintiff wants to impose a lien upon, and enjoin the transfer of, real property located in Florida. [D.E. 1-1: Complaint at pg. 10, ¶29].

The Complaint similarly alleges Crediflash is a Florida limited liability corporation with its principal place of business in Florida. [D.E. 1-1: Complaint at pg. 11, ¶30]. Crediflash is included because Plaintiff are seeking to impose a lien upon, and enjoin the transfer of, a U.S. bank account in Crediflash's name. [D.E. 1-1: Complaint at pg. 11, ¶30]. The geographic location of

this account is not apparent from the face of the Complaint, with Plaintiff only alleging that it is with Wells Fargo Bank, N.A.  [D.E. 1-1: Complaint at pg. 8, ¶16].

None of the allegations pertaining to Bus-Comm and Crediflash fit within **any** of the conduct identified in D.C.'s long arm statute.  *See* D.C. Code § 13-423(a).

Even assuming Plaintiff can establish a basis for asserting personal jurisdiction over Bus-Comm and Crediflash under D.C.'s long arm statute, Plaintiff must still comport with the "minimum contacts" standard required by due process, requiring courts to "insure that 'the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being hauled into court there.'"  *GTE New Media Servs. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000), quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Plaintiff has failed to so comply because neither Bus-Comm nor Crediflash have any ties to Washington, D.C., and no such ties are apparent from the Complaint.  Further, Plaintiff has not alleged Bus-Comm and Crediflash has engaged in *any conduct* whatsoever, other than simply owning assets Plaintiff wants.

Further, because the Court lacks personal jurisdiction over Bus-Comm and Crediflash, and because these defendants are indispensable parties to Fifth, Sixth and Seventh Causes of Action as the owners of the property Plaintiff wishes to tie up (i.e. the "U.S. Rosenthal Account" and the "Florida Rosenthal Property"),[1] these causes of action must be dismissed.  *See Nat'l Coal Assoc. v. Clark*, 603 F. Supp. 668, 673 (D.D.C. 1984) (dismissing claim where court lacked personal jurisdiction over indispensable party).

---

[1] These terms are adopted for the Complaint for the convenience of the reader.  In no way should they be construed as an admission that these are accurate descriptions.

## PLAINTIFF FAILS TO STATE CAUSE OF ACTION INSOFAR AS IT FAILS TO MAKE ALLEGATIONS SUFFICIENT TO DISREGARD THE CORPORATE FORM

Moreover, the Complaint fails to state a cause of action as it pertains to Bus-Comm and Crediflash because Plaintiff is effectively asking the Court to disregard the corporate form without providing any allegations which would be necessary to support such relief.  Indeed, there is not a single "cause of action" plead against Bus-Comm and Crediflash: the only counts naming these entities seek *remedies* rather than articulate theories of liability (i.e., injunction, express lien, equitable lien).  Accordingly, the Complaint fails to state a cause of action against Bus-Comm and Crediflash and must be dismissed.

Plaintiff has pled three so-called "causes of action" as it pertains to Bus-Comm and Crediflash: (i) a "Mandatory Injunction" permanently enjoining any transfers or encumbrances of the real property owned by Bus-Comm and the bank account owned by Crediflash, and further compelling Bus-Comm and Crediflash to liquidate this property/account and apply it toward the individual defendants' legal bills (the "Fifth Cause of Action"); (ii) an "express lien" over the property/account (the "Sixth Cause of Action"); and (iii) an "equitable lien" on the property/account (the "Seventh Cause of Action").  [D.E. 1-1: Complaint at pg. 27-30]. Significantly, all three of these claims are *remedies* rather than causes of action.

The problem with all three of these counts is that, because the account/property are owned by Bus-Comm and Crediflash, in order to execute against those assets, Plaintiff would first need to obtain a judgment against Bus-Comm and Crediflash.  However, Plaintiff has alleged no theory of liability which would result in a judgment being entered against Bus-Comm or Crediflash. Instead, Plaintiff's claims appear to be predicated upon a theory of liability against the individual defendants.  However, Plaintiff cannot simply disregard the corporate form to tie up assets of corporate entities based on allegations against the individual defendants.

"Generally, the law of the state where the corporation is incorporated…dictates whether the corporate veil should be pierced." *United States v. TDC Mgmt. Corp.*, 263 F. Supp. 3d 257, 266 (D.D.C. 2017) (Bates, J.).  In this case, Florida law governs because Florida business are involved along with Florida property.

In the context of traditional veil piercing (i.e. extending corporate liability to shareholders), the Florida Supreme Court has described the standard as follows:

> The rule is that the corporate veil will not be pierced, either at law or in equity, unless it be shown that the corporation was organized or used to mislead creditors or to perpetrate a fraud upon them. . . . In the absence of pleading and proof that the corporation was organized for an illegal purpose or that its members fraudulently used the corporation as a means of evading liability with respect to a transaction that was, in truth, personal and not corporate, Fatt cannot be heard to question the corporate existence but must confide his efforts to the remedies provided by law for satisfying his judgment from the assets of the corporation, if any can be found.

*Dania Jai-Alai Palace, Inc. v. Sykes*, 450 So. 2d 1114, 1119-20 (Fla. 1984), quoting *Riley v. Fatt*, 47 So.2d 769, 773 (Fla. 1950).  "The remedy is equally available, however, to hold the corporation liable for the debts of controlling shareholders where the shareholders have formed or used the corporation to secrete assets and thereby avoid preexisting personal liability." *Braswell v. Ryan Invs., Ltd.*, 989 So. 2d 38, 39 (Fla. 3d DCA 2008).

There are no allegations that any of the individual defendants formed Bus-Comm and Crediflash "to secrete assets and thereby avoid preexisting personal liability."  To the contrary, the Complaint speaks at great length about the incredible wealth of the individual defendants, touting them as "one of the wealthiest families in the Honduras." [D.E. 1-1: Complaint at pg. 12-13].  But more critically, nowhere in the Complaint are any allegations that Bus-Comm or Crediflash were "organized for an illegal purpose or that its members fraudulently used the corporation as a means of evading liability with respect to a transaction that was, in truth, personal and not corporate."

This is a critical element of veil piercing according to the Florida Supreme Court and its absence from the Complaint is fatal. As such, the Complaint fails to state a cause of action.

## CONCLUSION

Both Bus-Comm and Crediflash are Florida businesses with no ties to Washington, D.C. There is simply no basis for asserting personal jurisdiction over these defendants. Further, the Complaint fails to state a cause of action against these Defendants insofar as the Complaint completely disregards the corporate form and attempts to engage in reverse veil-piercing without making the necessary allegations required by Florida corporate law. Accordingly, the Complaint must be dismissed.

WHEREFORE, Defendants BUS-COMM, INC. and CREDIFLASH, LLC respectfully request an order dismissing the Complaint, an award of attorneys' fees and costs, and any other relief which the Court deems just and proper.

Respectfully submitted,

BY: /S/ *Victor E. Rocha*
Victor E. Rocha, Esq.
DC Bar No.:993638

Pending Pro Hac Vice Motion:

By: /s/ Luis Fernandez
Luis Fernandez, Esq.
Fla. Bar No. 271578

By: /s/ Jose Teurbe-Tolon
Jose Teurbe-Tolon
Fla. Bar No. 87791

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing MEMORNADUM OF LAW IN SUPPORT OF MOTION TO DISMISS has been served via the electronic service on Valerie Ramos, Esq., Quinn Emanuel Urquhart & Sullivan, LLP, Attorneys for Plaintiff, at valerieramos@quinnemanuel.com on this 15th day of May 2019.

**LAW OFFICES OF VICTOR E. ROCHA, P. A.**
990 Biscayne Blvd, Suite O-903
Miami, FL 33132
PH: (305) 774-9111
FX: (305) 514-0987
Email: vicrocha@comcast.net

BY: /S/ ***Victor E. Rocha***
Victor E. Rocha, Esq.
DC Bar No.:993638

LUIS FERNANDEZ, P.A
2250 SW 3 AVENUE, Suite 303
Miami, Florida 33129
Tel: (305) 854-5955
Fax: (855) 854-5324
lfernandezlaw@aol.com

By: /s/ Luis Fernandez
Luis Fernandez, Esq.
Fla. Bar No. 271578

XANDER LAW GROUP, P.A.

One NE 2nd Avenue, Suite 200
Miami, Florida 33132
Tel: (305) 767-2001
Fax: (855) 926-337
jose@xanderlaw.com
david@xanderlaw.com

By: /s/ Jose Teurbe-Tolon
Jose Teurbe-Tolon
Fla. Bar No. 87791