UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

QUINN EMANUEL URQUHART &
SULLIVAN, LLP,

    *Plaintiff*,

    v.

ADELA PATRICIA ROSENTHAL-
HILDALGO, et al.,

    *Defendants*.

Civil Action No. 1:19-cv-01331 (CJN)

## MEMORANDUM OPINION

Plaintiff Quinn Emanuel Urquhart & Sullivan, LLP filed this civil action in the Superior Court of the District of Columbia seeking unpaid legal fees and expenses. *See generally* Notice of Removal, Ex. A, D.C. Super. Compl., ECF No. 1-1. Quinn served Defendants Bus-Comm, Inc. and Crediflash, LLC without issue, Notice of Removal, Ex. A at 53–54, ECF No. 1, and those two Defendants removed the case to this Court, *see generally* Notice of Removal. The six remaining Defendants (collectively, the "Additional Defendants"), however, challenge the sufficiency of service as to them. *See generally* Defs.' Renewed Mot. to Quash Service of Process ("Defs.' Mot. to Quash"), ECF No. 21. Quinn, in turn, seeks remand back to D.C. Superior Court because the Notice of Removal was not unanimous. *See generally* Mot. for Remand, ECF No. 22. For the reasons that follow, the Court grants the Additional Defendants' Motion to Quash and, as a result, denies Quinn's Motion for Remand.

1

## I. Background

On April 8, 2019, Quinn served Defendants Bus-Comm and Crediflash with the Summons and Complaint. Notice of Removal, Ex. A at 53–54. Approximately two weeks later, Quinn held a call with Diaz, Reus & Targ LLP ("Diaz Reus"), a law firm that previously had represented at least some of the Defendants, to discuss the case and service on the Additional Defendants. Pl.'s Opp'n to Mot. to Quash ("Pl.'s Opp'n"), Ex. A at 3, ECF No. 25-1.[1] During that call, Diaz Reus agreed to accept service on behalf of the Additional Defendants in exchange for a thirty-day extension for the Additional Defendants to respond to the Complaint. *Id.* at 2–3. Thereafter, Quinn and Diaz Reus exchanged emails in which both firms expressly confirmed their prior discussion. *Id.* On April 29, 2019, Quinn served Diaz Reus on behalf of the Additional Defendants, relying on Diaz Reus's agreement to accept service and presumably believing that Diaz Reus actually had authority to do so. *See* Mot. for Remand, Ex. A ("D.C. Superior Docket"), at 3–4, ECF No. 22-1.

About one month later, the Additional Defendants moved in D.C. Superior Court to quash service, contending that Diaz Reus had lacked authority to accept service on their behalf. *Id.* at 4. Because that motion was filed after Quinn's Notice of Removal, which had been filed on May 23, 2019, the D.C. Superior Court denied the Motion as moot. *Id.* The Additional Defendants renewed their Motion to Quash in this Court on June 6, 2019, arguing again that Diaz Reus lacked authority to accept service on their behalf. *See generally* Defs.' Mot. to Quash. The same day, Quinn filed its Motion for Remand, arguing that, because the Additional Defendants

---

[1] The Additional Defendants comprise of Adela Patricia Rosenthal-Hidalgo, Cable Color, S.D. de C.V., Carlos Jose Rosenthal-Hidalgo, Cesar Augusto Rosenthal-Hidalgo, Fondo de Inversiones, S.A., and Prestadito de Costa Rica, S.A.

2

had been served and had not joined the Notice of Removal, remand is required by 28 U.S.C. §§ 1455(b)(2) and 1447(c). *See generally* Mot. for Remand.

## II. Analysis

In their Motion to Quash, the Additional Defendants argue that although Diaz Reus represented to Quinn that it could accept service on behalf of the Additional Defendants, in fact service was not effective because Diaz Reus was never "authorized by the [Additional] Defendants to accept service" as their agent. Mem. in Supp. of Defs.' Renewed Mot. to Quash at 1 ("Defs.' Mem."), ECF No. 21; *see also* Defs.' Mot. to Quash at 1 (citing Fed. R. Civ. P. 12(b)(2), (b)(5)). In its Motion to Remand, Quinn argues that the Additional Defendants were properly served and that remand is required by 28 U.S.C. §§ 1455(b)(2) and 1447(c) "because not all properly joined and served Defendants joined in or otherwise consented to Defendants Bus-Comm Inc.'s and Crediflash, LLC's Notice of Removal." Mot. for Remand at 1. Both Motions thus require the Court to determine whether service on the Additional Defendants was effective.

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Roland v. Branch Banking & Tr. Corp.*, 149 F. Supp. 3d 61, 64 (D.D.C. 2015) (quoting *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)). The D.C. Superior Court Civil Rules permit service on an individual or corporate defendant by delivering a copy of the summons and complaint to an "agent authorized by appointment or by law to receive service of process." D.C. Super. Ct. R. Civ. P. 4(e)(2)(C), (h)(1)(B).[2] "The rule is clear that it must appear that any agent who accepts

---

[2] Because the Additional Defendants challenge service that occurred prior to removal, D.C. law applies. *E.g.*, *Magowan v. Lowery*, 166 F. Supp. 3d 39, 65 (D.D.C. 2016) ("Since this action was commenced in D.C. Superior Court, the sufficiency of process is determined by District of

service must be shown to have been authorized to bind his principal by the acceptance of process and, further, that the authority to accept such service cannot be shown by the extra-judicial statements of the attorney." *McLaughlin v. Fidelity Sec. Life Ins.*, 667 A.2d 105, 106 (D.C. 1995) (quoting *Schwarz v. Thomas*, 222 F.2d 305, 308 (D.C. Cir. 1955)); *see also United States v. Ziegler Bolt & Parts Co.*, 111 F.3d 878, 881 (Fed. Cir. 1997) ("The mere relationship between a defendant and his attorney does not, in itself convey authority to accept service." (citations omitted)).

Quinn asserts that it served the Additional Defendants through their attorney at Diaz Reus. Not surprisingly, Quinn relies on its April 26, 2019 teleconference with Diaz Reus, together with the emails confirming that teleconference, as proof that Diaz Reus was authorized to accept service on behalf of the Additional Defendants.[3] *See* Pl.'s Opp'n at 6–7.

The Additional Defendants do not contest that Diaz Reus represented to Quinn that it would accept service for the Additional Defendants. Instead, the Additional Defendants have submitted a declaration from Cesar Augusto Rosenthal-Hidalgo, who is one of the Additional Defendants and who is alleged to either partially or entirely own, or to control, the various corporate Defendants, *see* D.C. Super. Compl. ¶¶ 3, 29–31. According to Rosenthal-Hidalgo, he "communicated with the attorneys at [Diaz Reus] . . . on behalf of [himself] and the [Additional Defendants]" in late April and early May 2019 and "*never authorized* [*Diaz Reus*] *or any of its representatives to accept service in this matter, directly or indirectly*." Decl. of Cesar Augusto

---

Columbia law." (citation omitted)); *see also* 4A Charles Alan Wright, Arthur R. Miller & Adam N. Steinman, *Federal Practice and Procedure* § 1082 (4th ed. 2019) ("In determining the validity of service in the state court prior to removal, a federal court must apply the law of the state under which the service was made.").

[3] Diaz Reus also stated in an email to the Additional Defendants that it had "agreed to accept service on behalf of [the Additional Defendants] in exchange for Quinn's agreement for a [thirty-]day extension to respond." Decl. of Cesar Augusto Rosenthal-Hidalgo, Ex. B at 8.

Rosenthal-Hidalgo ("Rosenthal-Hidalgo Decl.") ¶ 1, 3 (emphasis added), ECF No. 21-6. The Additional Defendants thus argue that, because they never gave Diaz Reus authority to accept service for them, service on Diaz Reus was improper. Defs.' Mem. at 4–5.

Quinn does not dispute that service on the Additional Defendants would be ineffective if Diaz Reus lacked authority to accept it. Instead, Quinn points to emails included with the Rosenthal-Hidalgo Declaration to argue that, contrary to that Declaration, the Additional Defendants actually *had* authorized Diaz Reus to accept service on their behalf. *E.g.*, Pl.'s Reply in Supp. of Mot. for Remand at 3–5, ECF. No. 27. In particular, prior to the April 26 call between Quinn and Diaz Reus, Diaz Reus contacted the Additional Defendants to confirm that the firm still represented them in Quinn's newly filed suit, and Rosenthal-Hidalgo responded that Diaz Reus did in fact represent the Additional Defendants. Rosenthal-Hidalgo Decl., Ex. A at 5–6, ECF No. 21-6. This email exchange, Quinn argues, demonstrates that Diaz Reus had actual authority to accept service for the Additional Defendants. *See* Pl.'s Opp'n at 4–7.

The problem with this argument is that nothing in those emails says *anything* about service, including whether Diaz Reus was authorized to accept service on behalf of the Additional Defendants. Quinn is therefore left to rely on the fact that the Additional Defendants' then-lawyers agreed to accept service on behalf of the Additional Defendants. But the D.C. Court of Appeals has held that statements by counsel are insufficient to establish that counsel had actual authority to accept service. *See, e.g.*, *McLaughlin*, 667 A.2d at 106 ("[T]he authority to accept . . . service cannot be shown by the extra-judicial statements of the attorney." (citation omitted)).[4]

---

[4] Even though the D.C. Court of Appeals has recognized the doctrine of apparent authority in other attorney-client situations, *see, e.g.*, *Makins v. District of Columbia*, 861 A.2d 590, 593–94 (D.C. 2004) (ability of an attorney to enter a settlement agreement), it appears not to recognize

5

The Rosenthal-Hidalgo Declaration—which states expressly that Diaz Reus was *not* an agent appointed to receive service of process on behalf of the Additional Defendants, *see* Rosenthal-Hidalgo Decl. ¶ 3—is therefore unrebutted. As a result, Quinn has not demonstrated that Diaz Reus had either actual or implied authority to accept service on behalf of the Additional Defendants. *See, e.g.*, *Pollard v. District of Columbia*, 285 F.R.D. 125, 128 (D.D.C. 2012) ("'[A]lthough authority to accept process need not be explicit, it must either be express or implied from the type of relationship that has been established between the defendant and the alleged agent'; put differently, there must be a 'factual basis for believing that an appointment' to receive process has been made." (quoting Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1097 (3d ed. 2002))).[5] And because Diaz Reus lacked authority to

---

apparent authority in the context of accepting service of process, *McLaughlin*, 667 A.2d at 106 ("[T]he mere appearance of authority [to accept service] is insufficient." (footnote omitted)). The basis for and desirability of this is not at all apparent, but the *McLaughlin* rule plainly applies here.

[5] Following an initial review of the Parties' briefs, accompanying documentary evidence, and a hearing on October 1, 2019, the Court determined that it needed further information to resolve the question of whether Diaz Reus was actually authorized to accept service on behalf of the Additional Defendants, and thus ordered the Parties to "meet and confer to discuss the exchange and presentation of additional evidence to the Court regarding Diaz Reus's authority to accept service on behalf of the Additional Defendants." Order (Oct. 23, 2019) at 3, ECF No. 32. It further ordered that the Parties "file a Joint Status Report . . . setting forth a joint proposal—or in the event they are unable to reach agreement, their respective proposals—regarding how this case should proceed." *Id.* Unable to reach agreement, the Parties each filed their own status reports. The Additional Defendants rested on the record before the Court and stated that they were "not aware of any additional evidence [Quinn] intends to present at this time." Defs.' Court-Ordered Status Report (Nov. 6, 2019) at 1, ECF No. 33. Quinn noted that it was attempting to gather further evidence from Diaz Reus. Status Report (Nov. 7, 2019) at 1–2, ECF No. 34. The Court therefore permitted Quinn additional time to submit additional evidence, and on November 15, 2019, Quinn notified the Court that it would not be lodging any additional evidence from Diaz Reus. Notice to Court (Nov. 15, 2019) at 1–2, ECF. No. 35.

accept service on behalf of the Additional Defendants, service on Diaz Reus was insufficient under D.C. Superior Court Rule of Civil Procedure 4(e)(2)(C).

### III. Conclusion

Quinn has not established that the Additional Defendants authorized Diaz Reus to receive service on their behalf. For that reason, the Court concludes that Quinn has failed to make proper service on the Additional Defendants, and as a result, the Additional Defendants' Motion to Quash is **GRANTED** and Quinn's Motion for Remand is **DENIED**. An order will be entered contemporaneously with this Memorandum Opinion.

DATE: December 9, 2019

CARL J. NICHOLS
United States District Judge