# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP, <br><br> Plaintiff, <br><br> v. <br><br> ADELA PATRICIA ROSENTHAL-HIDALGO, BUS-COMM, INC., CABLE COLOR, S.A. DE C.V., CARLOS JOSE ROSENTHAL-HIDALGO, CESAR AUGUSTO ROSENTHAL-HIDALGO, CREDIFLASH, LLC, FONDO DE INVERSIONES, S.A., PRESTADITO DE COSTA RICA, S.A., <br><br> Defendants. | Case No. 1:19-cv-01331 (CJN) |

**PLAINTIFF'S MOTION FOR AN ORDER AUTHORIZING ALTERNATIVE SERVICE ON DEFENDANTS RESIDING IN FOREIGN COUNTRIES**

COMES NOWS Plaintiff Quinn Emanuel Urquhart & Sullivan, LLP and hereby moves this Court, pursuant to Federal Rule of Civil Procedure 4 and Local Civil Rule 7, for an order authorizing alternative service via mail addressed by the Clerk of this Court and requiring signed receipt. In support of this Motion, Plaintiff submits the attached Statement of Points and Authorities, as well as a Proposed Order, as required by Local Civil Rule 7.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP,<br><br>Plaintiff,<br><br>v.<br><br>ADELA PATRICIA ROSENTHAL-HIDALGO, BUS-COMM, INC., CABLE COLOR, S.A. DE C.V., CARLOS JOSE ROSENTHAL-HIDALGO, CESAR AUGUSTO ROSENTHAL-HIDALGO, CREDIFLASH, LLC, FONDO DE INVERSIONES, S.A., PRESTADITO DE COSTA RICA, S.A.,<br><br>Defendants. | Case No. 1:19-cv-01331 (CJN) |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR AN ORDER AUTHORIZING ALTERNATIVE SERVICE ON DEFENDANTS RESIDING IN FOREIGN COUNTRIES**

Plaintiff Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel") files this motion for entry of an order pursuant to Federal Rules of Civil Procedure 4(f)(1), (f)(2)(C)(ii), and (h)(2),[1] and the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, on Adela Patricia Rosenthal-Hidalgo, Cable Color, S.A. de C.V., Carlos Jose Rosenthal-Hidalgo, Cesar Augusto Rosenthal-Hidalgo, Fondo de Inversiones, S.A., and Prestadito de Costa Rica, S.A.

---

[1] This Court previously applied D.C. law in evaluating the sufficiency of service; however, federal law now applies, as this motion concerns service effected after removal. *See, e.g.*, *Magowan v. Lowery*, 166 F. Supp. 3d 39, 66 (D.D.C. 2016) ("The sufficiency of service made after removal … is to be judged under federal rather than state law." (quoting Wright, Miller & Steinman, Fed. Practice & Proc. ¶ 1082)).

2

*Background*

1. On March 25, 2019, Plaintiff filed its Complaint against Defendants in the Superior Court of the District of Columbia for the collection of outstanding legal fees (ECF No. 1-1).

2. On April 8, 2019, Plaintiff served Defendants Bus-Comm, Inc. ("Bus Comm") and Crediflash, LLC ("Crediflash") with the Summons and Complaint.

3. On April 29, 2019, Plaintiff served Defendants Adela Patricia Rosenthal-Hidalgo, Cable Color, S.A. de C.V. ("Cable Color"), Carlos Jose Rosenthal-Hidalgo, Cesar Augusto Rosenthal-Hidalgo, Fondo de Inversiones, S.A. ("FDI"), and Prestadito de Costa Rica, S.A. ("Prestadito") (collectively, the "Additional Defendants") with the Summons and Complaint through their attorneys, and filed the related affidavits of service on the Superior Court docket the following day (ECF Nos. 21-1 to 21-2, Motion to Quash Exs. A-B).

    a. Adela Patricia Rosenthal-Hidalgo is a Honduran national and resident. She is a board member of Cable Color (Ex. A at 11) and her address is Edificio Canal 11, Blvd. del Norte, San Pedro Sula, Honduras (Ex. B; Compl. ¶ 24).

    b. Cable Color is a Honduran *sociedad anonima de capital variable*, equivalent to a U.S. corporation, incorporated and with principal place of business in San Pedro Sula, Honduras. The address of its principal place of business is Edificio Canal 11, Blvd. del Norte, San Pedro Sula, Honduras (Ex. B; Compl. ¶ 25), and Cesar Rosenthal is its CEO (Ex. C).

    c. Carlos Jose Rosenthal-Hidalgo is a Honduran national and resident. He is a board member of Cable Color (Ex. A at 11) and his address is Edificio Canal 11, Blvd. del Norte, San Pedro Sula, Honduras (Ex. B; Compl. ¶ 26), and Barrio Rio Piedras, Cuarta

Calle B, Avenida Veintiséis, esquina opuesta al Club Hondureño Arabe, S.O., San Pedro Sula, Honduras (Ex. D at 6).

      d.    Cesar Augusto Rosenthal-Hidalgo is a Honduran national and resident. He is the CEO of Cable Color (Ex. C) and his address is Edificio Canal 11, Blvd. del Norte, San Pedro Sula, Honduras (Ex. B; Compl. ¶ 27), and Barrio Río de Piedras, Avenida Veintiséis Calles cuatro y cinco, S.O., Casa número cuarenta y cinco, San Pedro Sula, Honduras (Ex. D at 5).

      e.    FDI is a Honduran *sociedad anonima*, equivalent to a U.S. corporation, incorporated and with principal place of business in San Pedro Sula, Honduras. Cesar Rosenthal is FDI's CEO (Ex. E ¶ 1) and Adela Patricia Rosenthal-Hidalgo is FDI's Management-Board Vice President (Ex. F at 8), and their addresses are Edificio Canal 11, Blvd. del Norte, San Pedro Sula, Honduras (Ex. B; Compl. ¶ 28), and Barrio Río de Piedras, Avenida Veintiséis Calles cuatro y cinco, S.O., Casa número cuarenta y cinco, San Pedro Sula, Honduras (Ex. D at 5).

      f.    Prestadito is a Costa Rican *sociedad anonim*, equivalent to a U.S. corporation, incorporated and with principal place of business in Costa Rica and its address is Edificio Latitud Norte, 400 metros norte de Construplaza, tercer piso, Guachipelín, Escazú, San Jose, Costa Rica. Ex. D at 5; Compl. ¶ 31. Cesar Rosenthal is Prestadito's President, Carlos Jose Rosenthal-Hidalgo is Prestadito's Treasurer, and Adela Patricia Rosenthal is Prestadito's Corporate Secretary. Ex. D at 5-6.

4.    On May 7, 2019, Defendants Bus-Comm and Crediflash filed a Notice of Removal on the basis of diversity jurisdiction under 28 U.S.C. §§ 1332, 1441. ECF No. 1. The case was

4

then removed to this Court. Plaintiff opposed the removal because the Additional Defendants did not timely join in or otherwise consent to the removal. ECF No. 22.

5. On May 30, 2019, the Additional Defendants moved to quash service in the Superior Court, which Judge Florence Y. Pan denied as moot the following day because the case had been removed to this Court. ECF No. 21-2.

6. On June 6, 2019, the Additional Defendants moved to quash service in this Court (ECF No. 21), which Plaintiff opposed (ECF No. 25).

7. On December 9, 2019, this Court granted Defendants' motion to quash, finding that the attorneys for the Additional Defendants did not have authority to accept service on behalf of the Additional Defendants. ECF No. 37.

8. On April 1, 2020, Plaintiff Quinn Emanuel filed a letter requesting that the Clerk of this Court send copies of the Summons, the Complaint, an English translation of the Complaint, and a summary of the documents in this case to the Additional Defendants at their addresses in Costa Rica and Honduras. ECF No. 42.

9. On April 30, 2020, the Clerk mailed such copies via FedEx. ECF Nos. 44, 44-1.

10. On May 5, 2020, Plaintiff Quinn Emanuel received signed receipts for the copies of the Summons, the Complaint, and the accompanying documents mailed by the Clerk to each of the Additional Defendants, to the individuals through their personal addresses or business addresses (as officers or board members of those companies), and to the entities through their corporate headquarters or their officers and board members. Ex. G; see also Fed. R. Civ. P. 4(h)(1)(B).

11. On May 29, 2020, Plaintiff also emailed the Summons, the Complaint, and the accompanying documents to Cesar Rosenthal, Carlos Rosenthal, and Patricia Rosenthal

5

individually and in their capacities as officers and board members of Cable Color, FDI, and Prestadito. Ex. H; *see also* ¶ 3 above and related exhibits. Plaintiff used the email addresses in the exhibits to Cesar Rosenthal's declaration filed in this case. ECF No. 21-6 at 5, 8.

### *Legal Standard*

A defendant may be served in a foreign country using, *inter alia*, the following means: (A) "any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents," Fed. R. Civ. P. 4(f)(1); or (B) "using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt," so long as the foreign country's law does not prohibit this method, *id.* at Rule 4(f)(2)(C)(ii). *See also id.* at Rule 4(h)(2) (making these methods also applicable to service on an *entity* outside the United States). The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Service Convention") "supplements" Rule 4 and "addresses only the means of effecting service in those foreign countries which have expressly consented to bind themselves to the terms of the Treaty." *Color Sys., Inc. v. Meteor Photo Reprographic Sys., Inc.*, 1987 WL 11085, at *8 (D.D.C. May 8, 1987).

Where defendants have received "actual notice" of an action, rules governing service of process should be "liberally construed" to effectuate service. *Ali v. Mid-Atl. Settlement Servs., Inc.*, 233 F.R.D. 32, 35 (D.D.C. 2006). This is because service rules are not designed to create an "obstacle course" for plaintiffs to navigate, or a "cat-and-mouse game" for defendants who are otherwise subject to the court's jurisdiction. *Id.* at 35-36. "Good faith efforts" at service are effective particularly where the defendant has engaged in "evasion, deception, or trickery" to avoid being served. *Id.* at 36.

*Argument*

Service via "mail that the clerk addresses and sends . . . and that requires a signed receipt" is appropriate here because (1) as to the Additional Defendant residing in Costa Rica, the Hague Service, to which Costa Rica is a party, authorizes this method of service, and it is reasonably calculated to give notice; (2) as concerns the Additional Defendants residing in Honduras, service by mail is reasonably calculated to give notice, and Honduran law does not prohibit it; and (3) Defendants have already received actual notice of this case and should not be permitted to continue evading this suit.

The Additional Defendant located in Costa Rica, Prestadito, may be served there by mail from the clerk requiring signed receipt. Costa Rica has signed the Hague Service Convention, which permits service via direct mail so long as the signatory does not derogate from the relevant provision or require service through a Central Authority—neither of which Costa Rica has done. *See Status Table*, Hague Conf. on Private Int'l Law, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited May 29, 2020) (listing Costa Rica as signatory with no derogations or objections); Hague Service Convention, at Art. 10 ("Provided the State of destination does not object, the present Convention shall not interfere with . . . the freedom to send judicial documents, by postal channels, directly to persons abroad . . . ."); *Color Sys.*, 1987 WL 11085, at *7 (Article 10 of the Hague Service Convention permits service by direct mail, unless the signatory derogates from that provision or permits service only through the signatory's designated Central Authority). The second requirement of Rule 4(f)(1) is also met here, as mail sent by the clerk and requiring a signed receipt "is reasonably calculated to give notice." *Yao v. Crisnic Fund, S.A.*, 2011 WL 3818406, at *4 (C.D. Cal. Aug. 29, 2011) (service via mailed letter from clerk's office requiring signed receipt would suffice as to defendants

located in Costa Rica once service properly proven). Accordingly, Plaintiff Quinn Emanuel respectfully submits that this Court should authorize service of process in this manner on Prestadito in Costa Rica.

Service via mail from the clerk requiring signed receipt is also appropriate for the Additional Defendants residing in Honduras (Adela Patricia Rosenthal-Hidalgo, Cable Color, Carlos Jose Rosenthal-Hidalgo, Cesar Augusto Rosenthal-Hidalgo, and FDI). Honduras is not a party to the Hague Service Convention, and there is no other "internationally agreed means" of service required between Honduras and the United States. Accordingly, Rule 4(f)(2), rather than 4(f)(1), applies. *See TracFone Wireless, Inc. v. Distelec Distribuciones Electronicas, S.A. de DV*, 268 F.R.D. 687, 690 (S.D. Fla. 2010) (stating that "there are no 'internationally agreed means' upon which to serve Defendant because Honduras is not party to the Hague Service Convention or a signatory to any other potentially relevant conventions" and that consequently "rule 4(f)(2) and (f)(3) governs service of process on Defendant"); *Hilska v. Jones*, 217 F.R.D. 16, 20 (D.D.C. 2003) ("If a defendant resides in a foreign country that is not a signatory to the Hague Service Convention or another service agreement, the plaintiff may effect service on that defendant in a manner that 'is reasonably calculated to give notice.'"); *Honduras Judicial Assistance*, U.S. Dept. of State, https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Honduras.html (last visited May 29, 2020) (stating that Honduras is not party to Hague Service Convention); *Status Table*, Hague Conf. on Private Int'l Law, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited May 29, 2020) (list of signatories does not include Honduras).

Service via mail is not prohibited by Honduran law and is reasonably calculated to give notice; it would thus be permitted under Federal Rule of Civil Procedure 4(f)(2) and (f)(3). *Cf.*

8

*TracFone*, 268 F.R.D. at 691 (concluding that service via FedEx and hand-delivery to defendant's U.S. attorneys are not prohibited by Honduran law and are permissible modes of service). The court should therefore permit service in this manner on the Additional Defendants located in Honduras.

Finally, this Court should enter the requested order because doing so would halt the Additional Defendants' unreasonable maneuvers to avoid service, despite having actual notice of this case. See ECF No. 31 (Counsel for Additional Defendants: "I can say that the individual defendants had actual notice; that I can confirm."). Those same individual defendants are also officers and board members of the foreign entities in this case. *See* Background Section at ¶ 3 above and related exhibits. This is Plaintiff's second good-faith effort to serve the Additional Defendants. On April 29, 2019, Quinn Emanuel served each of the Additional Defendants through their attorneys, and filed the affidavits of service on the Superior Court docket the following day (ECF Nos. 21-1 to 21-2, Motion to Quash Exs. A-B). Defendants moved to quash service, a motion this Court ultimately granted, finding that the attorneys were not authorized to accept service on behalf of Defendants (ECF Nos. 21, 37). It is worth noting, however, that it was only after one of the Defendants asked the attorneys how the Additional Defendants were served and whether it needed to be done through an embassy that the Additional Defendants purportedly ended their lawyers' representation so that they could disclaim service—mere days after service was effected (ECF No. 21-6 at Ex. B). This evidences not only the Additional Defendants' evasive strategy, but also their awareness of this suit. As courts in this District have observed, service rules are not designed to create an "obstacle course" or a "cat-and-mouse game," and, "where the defendant has received actual notice of the action," Rule 4 "should be liberally construed to effectuate service and uphold the jurisdiction of the court." *Ali*, 233 F.R.D. at 35-36. Now, Plaintiff has served the

Additional Defendants again, this time by mail from the Clerk requiring signed receipt, and to the email addresses from the exhibits attached to an Additional Defendant's declaration in this case, which should be found sufficient.

### *Conclusion*

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an order, substantially in the form attached hereto as Attachment A, authorizing service on the Additional Defendants via "mail that the clerk addresses and sends . . . and that requires a signed receipt."

### *Statement Under Local Rule 7(m)*

Plaintiff conferred with opposing counsel under Local Rule 7(m) and determined there was opposition to the relief sought.

Dated: May 29, 2020

Respectfully submitted,

QUINN EMANUEL URQUHART
& SULLIVAN, LLP

By: */s/ David Needham*
David Needham (D.C. Bar No. 1017372)
1300 I St. NW, Suite 900
Washington, DC 20005
Tel.: (202) 538-8000
Fax: (202) 538-8100
davidneedham@quinnemanuel.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of this Motion for Alternative Service, Memorandum of Points and Authorities in support of the Motion, and Proposed Order have been furnished via ECF to all counsel of record on May 29, 2020.

/s/ *David Needham*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP,<br><br>Plaintiff,<br><br>v.<br><br>ADELA PATRICIA ROSENTHAL-HIDALGO, BUS-COMM, INC., CABLE COLOR, S.A. DE C.V., CARLOS JOSE ROSENTHAL-HIDALGO, CESAR AUGUSTO ROSENTHAL-HIDALGO, CREDIFLASH, LLC, FONDO DE INVERSIONES, S.A., PRESTADITO DE COSTA RICA, S.A.,<br><br>Defendants. | Case No. 1:19-cv-01331 (CJN) |

**[PROPOSED] ORDER AUTHORIZING ALTERNATIVE SERVICE ON DEFENDANTS RESIDING IN FOREIGN COUNTRIES**

**WHEREAS**, on April 1, 2020, Plaintiff Quinn Emanuel Urquhart & Sullivan, LLP filed a letter requesting that the Clerk of this Court serve copies of the Summons and Complaint in this case via mail requiring a signed receipt on Adela Patricia Rosenthal-Hidalgo, Cable Color, S.A. de C.V., Carlos Jose Rosenthal-Hidalgo, Cesar Augusto Rosenthal-Hidalgo, Fondo de Inversiones, S.A., and Prestadito de Costa Rica, S.A. (collectively, the "Additional Defendants");

**WHEREAS**, on April 30, 2020, the Clerk of this Court mailed copies of the Summons and Complaint to the Additional Defendants;

**WHEREAS**, on May 5, 2020, Plaintiff received signed receipts confirming delivery of the Summons and Complaint to each of the Additional Defendants;

Based on the foregoing, and pursuant to Federal Rule of Civil Procedure 4 and the Hague Service Convention, it is hereby **ORDERED AS FOLLOWS**:

1. The Additional Defendants have been served with the Summons and Complaint as of the date of this Order and may not object to service, but keep all defenses or objections to the lawsuit, the Court's jurisdiction, and the venue of the action.

2. The Additional Defendants shall respond to the Complaint within 21 days of this Order unless such day falls on a weekend or a holiday, in which case their response shall be due on the following business day.

Entered this _____ day of _____, 2020.

SO ORDERED

_____
The Honorable Carl J. Nichols
United States District Judge