## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

QUINN EMANUEL URQUHART
& SULLIVAN, LLP,

Plaintiff,

v.                                          CASE NO: 1:19-cv-01331-CJN

ADELA PATRICIA ROSENTHAL- HIDALGO,
BUS-COMM, INC., CABLE COLOR, S.A. DE C.V.,
CARLOS JOSE ROSENTHAL-HIDALGO,
CESAR AUGUSTO ROSENTHAL-HIDALGO,
CREDIFLASH, LLC, FONDO DE INVERSIONES, S.A.,
PRESTADITO DE COSTA RICA, S.A.,

Defendants.

-------------------------------------

## AMENDED DEFENDANTS' MOTION TO STRIKE AFFIDAVIT FOR DEFAULT OR IN THE ALTERNATIVE MOTION OF EXTENSION OF TIME TO FILE A RESPONSE TO THE COMPLAINT

Defendants, ADELA PATRICIA ROSENTHAL-HIDALGO, CABLE COLOR, S.A. DE C.V., CARLOS JOSE ROSENTHAL-HIDALGO, CESAR AUGUSTO ROSENTHAL-HIDALGO, FONDO DE INVERSIONES, S.A. and PRESTADITO DE COSTA RICA, S.A.., (hereinafter referred to as the "Defendants") by and through his undersigned counsel, hereby files this Motion to Strike Plaintiff's Motion for Default or in the Alternative File a Response to the Complaint and states as follows:

1. That Plaintiff was last attempting to serve internationally by mail and or by email upon Defendants, ADELA PATRICIA ROSENTHAL-HIDALGO, CABLE COLOR, S.A. DE C.V., CARLOS JOSE ROSENTHAL-HIDALGO, CESAR AUGUSTO ROSENTHAL-HIDALGO, FONDO DE INVERSIONES, S.A. and PRESTADITO DE COSTA RICA, S.A..,

via the clerk.

    2.   That no return of service was ever filed in this case by counsel for Plaintiff with regard to this international service attempts on any of the Defendants to which counsel for Defendants could know when a response to the served complaints could be due, if at all. Defendants were not served, as the mail receipts for each defendant shows that a Guard/Security Station signed for Fed Ex for each Defendant, but these were never served to Defendants. (the unknown guard was served, but the defendants were not). Acceptance by the Guard under this method is not valid service, nor has Plaintiff filed a return of service with this court. The International mail rule on service has not been complied with by Plaintiff. Rule Fed.Civ.Proc. Rule 4(f)(2)(C)(ii). Thus the time to respond to the complaint does not start until the Defendants are properly served pursuant to this Court's order of July 24, 2020, where it is specifically outlined that the service by mail has to have a receipt showing service to the appropriate defendant.(See Exhibit A Attached identifying Plaintiff's Exhibit G, Docket Entry 48-7).

    3.   For these reasons, a default should not be entered in this case and in the alternative counsel for Defendants should be permitted to respond to the service issues and/or complaint once Plaintiff has confirmed service was executed internationally as attempted.   .

WHEREFORE, the Defendants ADELA PATRICIA ROSENTHAL-HIDALGO, CABLE COLOR, S.A. DE C.V., CARLOS JOSE ROSENTHAL-HIDALGO, CESAR AUGUSTO ROSENTHAL-HIDALGO, FONDO DE INVERSIONES, S.A. and PRESTADITO DE COSTA RICA, S.A.. request this Honorable Court deny Plaintiff's Motion for Default and grant Defendants an extension of time to respond to the service and/or complaint if this Court is satisfied Plaintiff has filed sufficient filings to demonstrate a return of service as executed

upon any of the Defendants.  In Alternative Defendants request ten (10) additional days to respond to the complaint.

LCVR Duty To Confer - Certification -Rule 7(m)

Undersigned counsel certifies that he conferred with Opposite Counsel on September 23, 2020.  Opposite Counsel opposes the motion and will be filing a response.

<b><u>CERTIFICATION OF SERVICE</u></b>

The undersigned certifies that a true and correct copy of this MOTION TO STRIKE MOTION FOR DEFAULT OR IN THE ALTERNATIVE MOTION OF EXTENSION OF TIME TO FILE A RESPONSE TO THE COMPLAINT have been furnished via ECF to all counsel of record on September 23, 2020.

/s/ David S. Harris____