## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

QUINN EMANUEL URQUHART
& SULLIVAN, LLP,

Plaintiff,                                                                CASE NO: 1:19-cv-01331-CJN

v.

ADELA PATRICIA ROSENTHAL- HIDALGO,
BUS-COMM, INC., CABLE COLOR, S.A. DE C.V.,
CARLOS JOSE ROSENTHAL-HIDALGO,
CESAR AUGUSTO ROSENTHAL-HIDALGO,
CREDIFLASH, LLC, FONDO DE INVERSIONES, S.A.,
PRESTADITO DE COSTA RICA, S.A.,

Defendants.

-----------------------------------

## DEFENDANTS' MOTION TO QUASH SERVICE

Defendants, ADELA PATRICIA ROSENTHAL-HIDALGO, CABLE COLOR, S.A. DE C.V., CARLOS JOSE ROSENTHAL-HIDALGO, CESAR AUGUSTO ROSENTHAL-HIDALGO, FONDO DE INVERSIONES, S.A. and PRESTADITO DE COSTA RICA, S.A.., (hereinafter referred to as the "Defendants") by and through undersigned counsel, hereby file this Motion to Quash Service and states as follows:

1.      That based upon this Court Order of July 24, 2020, the following Defendants, ADELA PATRICIA ROSENTHAL-HIDALGO, CABLE COLOR, S.A. DE C.V., CARLOS JOSE ROSENTHAL-HIDALGO, CESAR AUGUSTO ROSENTHAL-HIDALGO, FONDO DE INVERSIONES, S.A. and PRESTADITO DE COSTA RICA, S.A.., were all ordered to answer the Plaintiff's Complaint based upon purported service by international mail. Specifically, Plaintiffs are pursuing an alternative international service by mail under Fed. Civ. Pro. Rule 4.

Pursuant to Rule 4(f)(2)(C)(ii) the rule states as follows:

> Rule 4(f)(2)(C)(ii):
>
> (f) Serving an Individual* in a Foreign Country. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
> (C) unless prohibited by the foreign country's law, by:
>
> (ii) using any form of mail that the clerk addresses and sends to the individual and <u>that requires a signed receipt</u>; (emphasis added)
>
> See Fed. R. Civ. Pro. 4(f)(2)(C)(ii).

2. That Plaintiff filed international mail receipts in this case at PE - Exhibit G, Docket Entry 48-7, as proof of international mail service which allowed Plaintiff to then obtain a Court order in this case on July 24, 2020 ("Order"). Said Order accepted the mail receipts as good service and ordered ADELA PATRICIA ROSENTHAL-HIDALGO, CABLE COLOR, S.A. DE C.V., CARLOS JOSE ROSENTHAL-HIDALGO, CESAR AUGUSTO ROSENTHAL-HIDALGO, FONDO DE INVERSIONES, S.A. and PRESTADITO DE COSTA RICA, S.A.., to all answer the Complaint within twenty (20) days of said Order. (See Exhibit A attached identifying Plaintiff's Exhibit G, Docket Entry 48-7).

3. However, a review of Plaintiff's Exhibit G, Docket Entry 48-7 (Exhibit A) shows the following
signatories to the international mail receipts:

| Defendant | Person Signing for Mail Receipts |
|---|---|
| ADELA PATRICIA ROSENTHAL-HIDALGO | S. SEGURIDAD (Guard) |
| CABLE COLOR, S.A. DE C.V. | S. SEGURIDAD (Guard) |

| | |
|---|---|
| CARLOS JOSE ROSENTHAL-HIDALGO | 1) S. SEGURIDAD (Guard) |
| | 2) M. Flores |
| CESAR AUGUSTO ROSENTHAL-HIDALGO | 1) R. RAMOS |
| | 2) S. SEGURIDAD (Guard) |
| FONDO DE INVERSIONES, S.A | No receipt |
| PRESTADITO DE COSTA RICA, S.A. | A.ANAYANCI PENA |
| | (Receptionist/Front desk) |

4.  That the international mail receipts filed by Plaintiffs were signed either by a security guard or another 3rd party not able to accept mail on each Defendant's behalf.  In this instance the signed receipts by security guards and/or other third parties is wholly deficient service pursuant to  Fed. R. Civ. Pro. 4(f)(2)(C)(ii). See Ronald B. Brockmeyer; Eromedia, Ltd., Plaintiffs-appellees, v. David C. May, Defendant, v. Marquis Publications, Ltd., Defendant-appellant, 383 F.3d 798 (9th Cir. 2004) ("Service by international mail is affirmatively authorized by Rule 4(f) (2) (C) (ii), which requires that service be sent by the clerk of the court, using a form of mail requiring a signed receipt"). For these reasons service should be quashed.

   WHEREFORE, the Defendants ADELA PATRICIA ROSENTHAL-HIDALGO, CABLE COLOR, S.A. DE C.V., CARLOS JOSE ROSENTHAL-HIDALGO, CESAR AUGUSTO ROSENTHAL-HIDALGO, FONDO DE INVERSIONES, S.A. and PRESTADITO DE COSTA RICA, S.A.. request this Honorable Court quash service and deem Plaintiff's international mail receipts to be insufficient service under federal law.

## **CERTIFICATION OF SERVICE**

The undersigned certifies that a true and correct copy of this Plaintiff's Motion to Quash Service has been furnished via ECF to all counsel of record on September 29, 2020.

>/s/ David S. Harris
>David Harris, Esq.
>Florida Bar No. 0112739
>davidharris@att.net
>6431 SW 39th Street
>Miami, FL 33155
>PH: 786-306-7278
>FAX: 786-577-0425