**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

QUINN EMANUEL URQUHART &
SULLIVAN, LLP,

　　　　　　*Plaintiff*,

　　v.

ADELA PATRICIA ROSENTHAL-
HIDALGO, et al.,

　　　　　　*Defendants*.

Civil Action No. 1:19-cv-01331 (CJN)

**ORDER**

　　Quinn Emanuel Urquhart & Sullivan, LLP filed this civil action in the Superior Court of

the District of Columbia seeking unpaid legal fees and expenses.  *See generally* Notice of

Removal, Ex. A, D.C. Super. Compl., ECF No. 1-1.  Quinn served Defendants Bus-Comm, Inc.,

and Crediflash, LLC, without issue, *see* Notice of Removal, Ex. A at 53-54, ECF No. 1, and

those two Defendants removed the case to this Court, *see generally* Notice of Removal.  The six

remaining Defendants (collectively, the "Additional Defendants"), however, challenged the

sufficiency of service as to them, *see generally* Defs.' Renewed Mot. to Quash Service of

Process ("Defs.' Mot. to Quash"), ECF No. 21, and the Court agreed that it was insufficient, *see*

*generally* Order, ECF No. 32.  Quinn then asked the Court to permit alternative service on the

Additional Defendants.  *See generally* Pl.'s Motion for Alternative Service, ECF No. 48.

Defendants, despite filing an opposition to a related motion to seal, did not oppose Quinn's

request for alternative service, and the Court granted Plaintiff's Motion.  *See generally* Order on

Plaintiff's Motion for Alternative Service of Process ("Order"), ECF No. 58.  Specifically, the

Court ordered that the Additional Defendants (1) "have been served with the Summons and

1

Complaint as of the date of this Order," (2) "may not object to service," and (3) "shall respond to the Complaint within twenty-one (21) days of the this Order."  Order at 5.

More than a month after the Court-imposed deadline for the Additional Defendants to respond to the Complaint had passed, Quinn filed an Affidavit for Default against them.  *See generally* Pl.'s Affidavit for Default, ECF No. 59.  That same day the Additional Defendants moved to strike the affidavit, and a week later they moved to quash Quinn's service of process. For the following reasons, the Court will deny their Amended Motion to Quash Service of Process, and grant their Amended Motion to Strike Entry of Default.[1]

The Court may set aside an entry of default for "good cause."  Fed. R. Civ. P. 55(c).  The burden to demonstrate good cause lies with the moving party, but that burden is lower than it would be if a party were challenging a default judgment under Rule 60(b).  *See Azamar v. Stern*, 275 F.R.D. 1, 4 (D.D.C. 2011).  When determining whether good cause exists, the Court must consider whether (1) a set-aside would prejudice plaintiff, (2) an alleged defense is meritorious and (3) the default was willful.  *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980).  Although the Court has the "discretion to set aside an entry of default," *Acree v. Republic of Iraq*, 658 F. Supp. 2d 124, 127 (D.D.C. 2009), "there is a strong policy favoring the adjudication of a case on its merits."  *Strong-Fisher v. LaHood*, 611 F. Supp. 2d 49, 51 (D.D.C. 2009) (quoting *Baade v. Price*, 175 F.R.D. 403, 405 (D.D.C. 1997)).

Those factors weigh in favor of setting aside Quinn's affidavit of default.  First, Quinn has not demonstrated that it would be prejudiced by setting aside the affidavit.  Although Quinn argues that it will be prejudiced by the Additional Defendants' failure to promptly answer the

---

[1] Defendants first ask the Court to Quash Service of Process, arguing that service failed to comply with Rule 4.  *See* Defs.' Am. Mot. to Quash, 2–3.  The Court, however, will not revisit its prior Order, which held that the Additional Defendants were served as of the date of the Order and that they "may not object to service."  Order, 5.

Complaint, it has not identified any harm besides a delay in the resolution of this case and an increase in the amount of time it may take to recoup the $1.4 million in legal fees that it claims the Defendants owe.  *See* Plaintiff's Consolidated Opposition to Defendants' Motion to Strike and Quash ("Pl.'s Opp'n"), ECF No. 65.  But "[d]elay in and of itself does not constitute prejudice."  *Capital Yacht Club v. Vessel AVIVA*, 228 F.R.D. 389, 393–94 (D.D.C. 2005) (quoting *KPS & Assocs., Inc. v. Designs by FMC, Inc.*, 318 F.3d 1, 15 (1st Cir. 2003)).  That is because "[t]he issue is not mere delay, but rather its accompanying dangers:  loss of evidence, increased difficulties of discovery, or an enhanced opportunity for fraud or collusion."  *KPS & Assocs.*, 318 F.3d at 15 (quoting *FDIC v. Francisco Inv. Corp.*, 873 F.2d 474, 479 (1st Cir. 1989)).  Quinn has not claimed that the delay is accompanied by any such danger.  Without more, Quinn will not be prejudiced by striking its affidavit for default.

The second factor—whether the Additional Defendants have identified any potentially meritorious defenses—also weighs in their favor.  At this stage, "the movant is not required to prove a defense, but only to assert a defense that it may prove at trial."  *Whelan v. Abell*, 48 F.3d 1247, 1259 (D.C. Cir. 1995).  "Under the standards for vacating default in this Circuit, a defense is meritorious if it 'contain[s] even a hint of a suggestion' which, proven at trial, would constitute a complete defense."  *Harris*, 159 F.R.D. at 317 (quoting *Keegel v. Key West & Caribbean Trading, Co.*, 627 F.2d 372, 374 (D.C. 1980)); *see also Biton v. Palestinian Interim Self Gov't Auth.*, 233 F. Supp. 2d 31, 33 (D.D.C. 2002) (stating that "[l]ikelihood of success is not the measure for determining whether a defense is meritorious").  Although the Additional Defendants have only proffered insufficient service of process as a defense, the two Defendants that did respond to the Complaint argued in their motion to dismiss that a number of Quinn's claims must be dismissed outright—and as to all Defendants—because those two Defendants are

indispensable parties and the Court lacks jurisdiction over them.  *See* Defendants' Bus-Comm, Inc. and Crediflash Motion to Dismiss, ECF No. 7-1, 4.  Defendants have therefore presented a defense that "contains a hint of a suggestion" that the Additional Defendants might ultimately prove victorious on some of Quinn's claims.  *Harris*, 159 F.R.D. at 317 (quoting *Keegel*, 627 F.2d at 374).  This factor therefore weighs in favor of setting aside the affidavit of fault.

The final factor—the willfulness of a defendant's default—is not as clear cut.  "The boundary of willfulness lies somewhere between a case involving a negligent filing error, which is normally considered an excusable failure to respond, and a deliberate decision to default, which is generally not excusable."  *Int'l Painters & Allied Trades Union & Indus. Pension Fund v. H.W. Ellis Painting Co.*, 288 F. Supp. 2d 22, 26 (D.D.C. 2003).  Quinn argues that counsel for the Additional Defendants was served with the Court's Order granting alternative service and thus willfully failed to comply with that Order's deadline.  Pl.'s Opp'n at 4–5.  The Additional Defendants argue that a computer error prevented counsel from receiving the Court's Order.  Supplemental Declaration of David Scott Harris, ECF No. 61-1, ¶ 3.  The Court need not wade into this dispute.  Even accepting Plaintiffs' contention that the Additional Defendants' default was willful, the remaining factors, when examined in conjunction with the strong policy in favor of adjudicating disputes on the merits, weigh in favor of setting aside Quinn's affidavit in support of entry of default judgment.

Accordingly, it is hereby

**ORDERED** that the Additional Defendants' Amended Motion to Strike Affidavit of Default, ECF No. 62, is **GRANTED**.  It is further

**ORDERED** that the Additional Defendants' Amended Motion to Quash Service, ECF No. 64, is **DENIED**.  It is further

**ORDERED** that the Additional Defendants shall have ten days from this Order to answer or otherwise respond to Plaintiff's Complaint.  It is further

**ORDERED** that Bus-Comm, Inc. and Crediflash, LLC's Motion to Dismiss, ECF No. 7, is held in abeyance pending the Additional Defendants response to Plaintiff's Complaint.

It is so **ORDERED**.


DATE:  August 27, 2021

_____
CARL J. NICHOLS
United States District Judge