**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

QUINN EMANUEL URQUHART
& SULLIVAN, LLP,

Plaintiff,                                                                  CASE NO: 1:19-cv-01331-CJN

v.

ADELA PATRICIA ROSENTHAL- HIDALGO,
BUS-COMM, INC., CABLE COLOR, S.A. DE C.V.,
CARLOS JOSE ROSENTHAL-HIDALGO,
CESAR AUGUSTO ROSENTHAL-HIDALGO,
CREDIFLASH, LLC, FONDO DE INVERSIONES, S.A.,
PRESTADITO DE COSTA RICA, S.A.,

Defendants.

------------------------------------

**DEFENDANTS' MOTION TO DISMISS**

Defendants, ADELA PATRICIA ROSENTHAL-HIDALGO, CABLE COLOR, S.A. DE C.V., CARLOS JOSE ROSENTHAL-HIDALGO, CESAR AUGUSTO ROSENTHAL-HIDALGO, FONDO DE INVERSIONES, S.A. and PRESTADITO DE COSTA RICA, S.A.., (hereinafter referred to as the "Defendants") by and through undersigned counsel, hereby file this Motion to Dismiss and states as follows:

1. This case was filed by Plaintiff, Quinn Emanuel, a Washington D.C. based law firm, for alleged unpaid attorney's fees in the amount of $1.4 million ((D.E. 1) Complaint at paragraph 1) against Defendants ADELA PATRICIA ROSENTHAL-HIDALGO, CABLE COLOR, S.A. DE C.V., CARLOS JOSE ROSENTHAL-HIDALGO, CESAR AUGUSTO ROSENTHAL-HIDALGO, FONDO DE INVERSIONES, S.A. and PRESTADITO DE COSTA RICA, S.A.. There are two other Defendants in this case -- BUS-COMM, INC. and CREDIFLASH, LLC --

which these entities are represented by other counsel in this case. Based upon the allegations for unpaid attorney's fees an eight count (D.E. 1) Complaint was filed for the following causes of action: Count I – Breach of Contract; Count II – Quantum Meruit; Count III – Unjust Enrichment; Count IV – Promissory Estoppel; Count V – Mandatory Injunction; Count VI - Express Lien; Count VII – Equitable Lien, and Count VIII – Breach of Contract Against Cable Color as Guarantor of Yani Rosenthal. For the reasons below, all eight of these counts should be dismissed against each and all of these Defendants.

## PERTINENT ALLEGATIONS ALLEGED IN THE (D.E. 1) COMPLAINT

2. That Plaintiff QUINN EMANUEL alleges that it signed three different retainer agreements related to this case. Those include: 1) Plaintiff signed a retainer agreement for legal services with Jaime Rosenthal. ((D.E. 1) Complaint at paragraphs 13 and 59). Jaime Rosenthal is not a party to this case and is deceased.; 2) Plaintiff signed a retainer agreement for legal services with Yani Rosenthal. ((D.E. 1) Complaint at paragraphs 13 and 59). Yani Rosenthal is not a party to this case and Plaintiff is currently pursuing claims against Yani Rosenthal for $433k in unpaid fees in JAMS arbitration. ((D.E. 1) Complaint at paragraph 85), and 3) Plaintiff signed a guarantor agreement with Defendant CABLE COLOR to indemnify and guarantee any unpaid fees by Yani Rosenthal in his retainer. ((D.E. 1) Complaint at paragraphs 22 and 76).

3. Plaintiff QUINN EMANUEL acknowledges that it did not sign any engagement letters with any of the Defendants included in this Motion to Dismiss other than the guarantee agreement Plaintiff signed with Cable Color. ((D.E. 1) Complaint at paragraphs 12 and 76).

4. That Plaintiff alleges that the "Rosenthal Family" or "Defendants" hired the Plaintiff

for legal work without any retainer. ((D.E. 1) Complaint paragraphs 12 and 57). That the "Rosenthal Family" or "Defendants" hired the Plaintiff for legal work without any retainer. ((D.E. 1) Complaint paragraphs 12 and 57). The Plaintiff fails to specifically identify any particular Rosenthal family member or Defendant that hired them, but rather uses the terms "Rosenthal Family" or "Defendants" to describe who hired Plaintiff for the unpaid fees that are being sought in this case.

5. That in addition to legal services provided to Jaime and Yani Rosenthal pursuant to retainer agreements with each, the Plaintiff also provided legal work to entities Inversiones Continental Panama ("ICP"), and three ICP subsidiaries: Inversiones Continental ("Invercon"), Banco Continental and Empacadora Continental in relation to sanctions by the Office of Foreign Assets Control ("OFAC") which listed Yani and Jaime Rosenthal along with Invercon, Banco Continental and Empacadora Continental as "Specially Designated Nationals". ((D.E. 1) Complaint at paragraph 9, 57 and 58). Jamie and Yani Rosenthal, Inversiones Continental ("Invercon"), Banco Continental and Empacadora Continental are all non-parties to this action.

6. That Plaintiff alleges it billed approximately $917,000 in legal fees and approximately $132,000 in expenses for its services on behalf of the "Defendants" of which $90,000 was paid leaving an unpaid balance of $959,000 in support of Count I – Breach of Contract; Count II – Quantum Meruit; Count III – Unjust Enrichment; Count IV – Promissory Estoppel; Count V – Mandatory Injunction; Count VI - Express Lien; Count VII – Equitable Lien against all Defendants. ((D.E. 1) Complaint at paragraph 21).

7. That Plaintiff was not paid an outstanding balance from Yani Rosenthal's case of $383,000 in unpaid legal fees and $50,000 in expenses for a total claim of $433,000 against Defendant CABLE COLOR as guarantor for Count XIII – Breach of Contract against Cable

Color as Guarantor of Yani Rosenthal. ((D.E. 1) Complaint at paragraphs 22 and 76).

8. Plaintiff alleges that Defendant Cesar Rosenthal represented to Plaintiff that he would pay Quinn Emanuel "with proceeds from Cable Color or with his U.S. assets." ((D.E. 1) Complaint at paragraph 16).

9. Plaintiff alleges that Rosenthal Defendants promised Plaintiffs they would pay Plaintiffs with the dividends flowing from their Cenosa shares. ((D.E. 1) Complaint at paragraph 17).

10. Plaintiff alleges that Defendant Cesar Rosenthal represented to Plaintiff that he would pay Quinn Emanuel "with proceeds from Cable Color, the $2 million he holds in the U.S. Rosenthal account or the Florida Rosenthal Property." ((D.E. 1) Complaint at paragraph 80).

## ARGUMENTS FOR DISMISSING ALL CLAIMS

11. Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal quotations omitted). A (D.E. 1) Complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, the (D.E. 1) Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Bell Atlantic Corp., 550 U.S. at 570).

12. Generally, pleadings that lump together multiple defendants and plead the same

allegations against them collectively rather than individually are subject to dismissal for failure to differentiate which defendant took what action. *Aetna Cas. & Sur. Co v. Merchants Mut. Ins. Co.*, 84 A.D.2d 736 (1st Dept. 1981) (affirming a dismissal of a (D.E. 1) Complaint where the claims were "pleaded against all defendants collectively without any specification"); *DiVitorrio v. Equidyne Extractive Indus., Inc.*, 822 F.2d. 1242, 1247 (2d Cir. 1987) ("[w]here multiple defendants are asked to respond to allegations of fraud, the (D.E. 1) Complaint should inform each defendant of the nature of [its] alleged participation in the fraud.")  Plaintiff alleges a breach of contract and alternatively quantum meruit, unjust enrichment and promissory estoppel which stem from Plaintiff being hired by the "Rosenthal Family" or "Defendants". These allegations are deficient in that five of the corporate Defendants are not part of the Rosenthal Family so these Defendants couldn't have hired the Plaintiffs as described in the (D.E. 1) Complaint at paragraphs 12 and 57 indicating that the Rosenthal Family hired the Plaintiffs.  And it isn't clear how the "Defendants" consisting of five corporate Defendants and three Rosenthal family members could have each hired the Plaintiff to perform legal work related to OFAC that was done for the benefit of non-parties Jamie and Yani Rosenthal, Inversiones Continental ("Invercon"), Banco Continental and Empacadora Continental. On a whole, the (D.E. 1) Complaint fails to give each Defendant a concise statement of facts so each Defendant knows what each is alleged to have done and, therefore, no Defendant can respond appropriately.

   13. That Count I for Breach of Contract against all Defendants must be dismissed because the (D.E. 1) Complaint alleges that Plaintiff never signed any contracts with these Defendants (see (D.E. 1) Complaint at paragraph 58) other than the one contract it signed with Cable Color which is a separate breach of contract claim against Cable Color in Count VIII.  Nor are any contracts attached to the (D.E. 1) Complaint that serve as a basis for breach of contract in

Count I.  Specifically, the Plaintiff fails to identify which particular Rosenthal family member or Defendant, if any, had a valid contract (written or oral) with Plaintiff, fails to describe the terms of such contract, fails to identify any obligations or duty for any Defendant arising out of any purported contract, and fails to allege any breach by an identified Defendant of a valid contract. To state a viable claim for breach of contract, a plaintiff must allege: (1) a valid contract between the parties; (2) an obligation or duty arising out of the contract; (3) a breach of that duty; and (4) damages caused by the breach." Wetzel v. Capital City Real Estate, LLC, 73 A.3d 1000, 1005 (D.C.2013). Here, Plaintiff alleges none of the required elements to state a claim for breach of contract since no Defendant is ever named or identified as entering into a contract with Plaintiff. For this reason Count I must be dismissed.

14. Counts II, III and IV against all Defendants – Quantum Meruit, Unjust Enrichment and Promissory Estoppel (as alternate counts to Count I for Breach of Contract) must be dismissed because nowhere in the (D.E. 1) Complaint does Plaintiff state it was hired by any of these Defendants, ADELA PATRICIA ROSENTHAL-HIDALGO, CABLE COLOR, S.A. DE C.V., CARLOS JOSE ROSENTHAL-HIDALGO, CESAR AUGUSTO ROSENTHAL-HIDALGO, FONDO DE INVERSIONES, S.A. and PRESTADITO DE COSTA RICA, S.A, nor does Plaintiff allege they did any legal work for any of these Defendants which was unpaid. Rather, Plaintiff only alleges it was hired by the Rosenthal Family or Defendants for legal work without a  retainer and that legal work was provided for no-parties Jaime Rosenthal, Yani Rosenthal Inversiones Continental ("Invercon"), Banco Continental and Empacadora Continental which there remains an outstanding balance unpaid.

Additionally, a party may recover under quantum meruit only where there is no express contract covering the services or materials furnished. *Jordan Keys & Jessamy, LLP v. St. Paul*

*Fire & Marine Ins. Co.*, 870 A.2d 58, 62 (D.C. 2005). To recover under quantum meruit, Plaintiff must establish: (1) valuable services rendered by the plaintiff, (2) for the person for whom recovery is sought; (3) which services were accepted and enjoyed by that person, and (4) under circumstances which reasonably notified the person that the plaintiff, in performing such services, expected to be paid. *Id.*; *Jordan Keys & Jessamy, LLP v. St. Paul Fire & Marine Ins. Co.*, 870 A.2d 58, 62 (D.C. 2005).

By contrast, a party asserting a claim for unjust enrichment must show that: "(1) the plaintiff conferred a benefit on the defendant; (2) the defendant retains the benefit; and (3) under the circumstances, the defendant's retention of the benefit is unjust." *News World Commc'ns, Inc. v. Thompsen*, 878 A.2d 1218, 1222 (D.C. 2005).

Promissory estoppel is a distinct claim that provides a party with a remedy to enforce a promise where the requirements of a contract (such as consideration) have not been satisfied. *Vila v. Inter-Am. Inv. Corp.*, 570 F.3d 274, 279 (D.C. Cir. 2009). "In order to find a party liable on a theory of promissory estoppel, there must be evidence of a promise, the promise must reasonably induce reliance upon it, and the promise must be relied upon to the detriment of the promisee." *Simard v. Resolution Trust Corp.*, 639 A.2d 540, 552 (D.C. 1994).

Plaintiff fails to allege plausible quantum meruit, unjust enrichment or promissory estoppel claims against the Defendants. The (D.E. 1) Complaint consistently alleges that there is an express contract and Count I is for breach of contract as well for the same claims. Therefore, the Plaintiff cannot maintain claims for breach of contract as well as for quantum meruit, unjust enrichment or promissory estoppel.

Additionally, the (D.E. 1) Complaint lumps together multiple defendants and pleads the same allegations against them collectively rather than individually, thus the (D.E. 1) Complaint

fails to identify which services or materials were accepted, used, and enjoyed by that person as required in a quantum meruit claim, which Defendant retained a benefit under a theory of unjust enrichment and which Defendant made any promises to Plaintiff which Plaintiff relied upon.

For these reasons Counts II, III and IV must be dismissed.

15. Counts V, VI and VII for Mandatory Injunction, Express Lien and Equitable Lien should also be dismissed since Plaintiff has an adequate remedy at law. See, e.g., Nomadix, Inc. v. Guest-Tek Interactive Entm't, Ltd., No. 2:19-CV-04980-AB-FFM, 2020 WL 1939826 (C.D. Cal. Apr. 22, 2020) (granting injunctive relief only after finding, among other things, that "pecuniary compensation would not afford adequate relief"); Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.,  No. C 10-3428 PSG, 2013 WL 890126, at *3 (N.D. Cal. Jan. 23, 2013) ("To prevail on its request for a permanent injunction . . . includes a showing that remedies at law are inadequate, and that other equitable considerations warrant entry of an injunction"). Because Plaintiffs' claims rest on non-payments by Defendants, it is evident from the (D.E. 1) Complaint that monetary damages would provide an adequate remedy for Plaintiff's injury and injunctive relief is not available. Therefore, Count VI must be dismissed.

The District of Columbia has no statute governing liens by an attorney against a client for attorneys' fees. *Elam v. Monarch Life Ins. Co.*, 598 A.2d 1167, 1168 n. 2 (D.C. 1991). A lien can be created by statute or by express language in an agreement. *(Streams Sports Club, Ltd. v. Richmond* (1982), 109 Ill. App. 3d 689, 692; *Kunde v. Biddle* (1976), 41 Ill. App. 3d 223, 225.)  Express liens are created by express agreement of the parties.  Equitable liens, like other forms of equitable relief, are generally premised upon the unavailability of other adequate remedy. *See generally District of Columbia v. Wical Ltd. Partnership*, 630 A.2d 174, 184 (D.C. 1993); *Marshall v. District of Columbia*, 458 A.2d 28, 29 (D.C. 1982).   However, even in the

absence of express language, if an agreement sufficiently manifests that specific property is intended to serve as security for a debt, then an equitable lien may be imposed on the property so identified. *(Streams Sports Club,* 109 Ill. App. 3d at 692; *Bankers Trust Co. v. Chicago Title & Trust Co.* (1980), 89 Ill. App. 3d 1014, 1017-18.). In *Freer v. Hysan Corp.* (1985), 108 Ill. 2d 421, 427, the court stated that "[a] lien cannot be created by the court without an underlying explicit or implicit agreement between the parties or some fixed rule of law usually found in the statute." Where the agreement does not expressly create a lien, the intent of the parties is controlling, and that intent must be gleaned from the circumstances at the time the agreement is made. *Hibernian Banking Association v. Davis* (1920), 295 Ill. 537, 544.

The Plaintiff's (D.E. 1) Complaint with respect to an express lien or equitable lien fails for lack of specificity. In this regard, Plaintiffs only allegations in the (D.E. 1) Complaint are that: (1) Cesar Rosenthal represented to Plaintiff that he would pay Quinn Emanuel "with proceeds from Cable Color or with his U.S. assets." ((D.E. 1) Complaint at paragraph 16), or Cesar Rosenthal represented to Plaintiff that he would pay Quinn Emanuel "with proceeds from Cable Color, the $2 million he holds in the U.S. Rosenthal account or the Florida Rosenthal Property." ((D.E. 1) Complaint at paragraph 80) (depending upon which inconsistent paragraph you believe), and (2) Rosenthal Defendants promised Plaintiffs they would pay Plaintiffs with the dividends flowing from their Cenosa shares. ((D.E. 1) Complaint at paragraph 17).

A careful reading of the (D.E. 1) Complaint suggests in paragraph 16 that Plaintiff alleges Cesar Rosenthal agreed to pay Plaintiff from proceeds of Cable Color or U.S. assets and then Plaintiff identifies what U.S. assets they claim Cesar has. Thereafter, in paragraph

80 Plaintiff now claims Cesar Rosenthal agreed to pay Plaintiff from proceeds of Cable Color or with proceeds from Cable Color, the $2 million he holds in the U.S. Rosenthal account or the Florida Rosenthal Property.  It appears Plaintiff substituted words purportedly made by Cesar Rosenthal from offering to pay with U.S. assets to offering to pay with $2 million in a U.S. bank account and an apartment in the U.S. (the Florida Rosenthal Property). (Compare (D.E. 1) Complaint paragraphs 16 and 80).

As explained earlier, the term "Rosenthal Defendants", found in (D.E. 1) Complaint paragraph 17, is not specific enough to survive a motion to dismiss as the term relates to an express or implied lien against any of the individual defendants.  With respect to the allegations in paragraph 16 and 80 regarding the promises to pay by Cesar Rosenthal, it appears Cesar Rosenthal allegedly offered to pay for legal services from "proceeds of Cable Color" or "U.S. assets".  This purported offer by Cesar is neither specific enough to identify a fund or asset to establish a lien against, nor is the wording alleged of Cesar Rosenthal specific enough for this Court to establish a lien on a promise to pay with proceeds of Cable Color or U.S. assets.   In addition it is difficult to actually ascertain as to who owns the accounts or properties and if Cesar had a right to offer any property or bank accounts that may or may not be his.  Each of the Defendants are not named, but are actually lumped together, and it is not clear which defendants have actually offered bank accounts or properties, if any of this is actually true.  Nor does Plaintiff identify which specific work was being paid by these assets, for example, They say that they are paying for defendants work but fail to identify which work was done for any defendant or OFAC parties.  In the Complaint (D.E.1) Plaintiff identifies several assignments, but does not identify what work was being done and for which defendants.  Any identification of work lacks specificity necessary to make an express contract.

For these reasons above Counts V, VI and VII must be dismissed.

16. Count VIII for breach of contract against Cable Color as Guarantor of Yani Rosenthal should be dismissed for two reasons. First, the Plaintiff in its (D.E. 1) Complaint improperly joined in one action claims under completely separate transactions with separate parties into one case. For example, Plaintiff claims it did legal work for the Rosenthal Family without a retainer for the benefit of entities Inversiones Continental ("Invercon"), Banco Continental and Empacadora Continental which unpaid fees and costs of $959k are the basis of Counts I through VII against all Defendants (including Cable Color that is not alleged to have any involvement of Counts I through VII) These claims of Counts I through VII have been combined with Count VIII against Cable Color as Guarantor of Yani Rosenthal under a guarantor agreement for a claim that is pending against Yani Rosenthal in JAMS arbitration for unpaid fees and costs in the amount of $433k. Counts I through VII and Count VIII do not arise out of the same core of operative facts and should be dismissed.

The second reason to dismiss Count VIII for breach of contract against Cable Color as guarantor for Yani Rosenthal is that the claim as guarantor belongs in arbitration along with the claims pending against Yani Rosenthal and not in this case with unrelated matters (See (D.E. 1) Complaint at paragraph 85). Petroleos, S.A. v. Nereus Shipping, S.A., 527 F.2d 966 (2d Cir.1975), cert. denied, 426 U.S. 936, 96 S.Ct. 2650, 49 L.Ed.2d 387 (1976), and Antco Shipping Co., Ltd. v. Sidermar S. p. A., 417 F.Supp. 207 (S.D.N.Y.1976). See also O & Y Landmark Assocs. of Virginia v. Nordheimer, 725 F. Supp. 578 (D.D.C. 1989). The guarantor's duty to arbitrate is co-extensive with that of the guaranteed party; therefore, as soon as the guaranteed party may be compelled to arbitrate, the guarantor may be as well. Id.

For these reasons Count VIII must be dismissed.

WHEREFORE, the Defendants ADELA PATRICIA ROSENTHAL-HIDALGO, CABLE COLOR, S.A. DE C.V., CARLOS JOSE ROSENTHAL-HIDALGO, CESAR AUGUSTO ROSENTHAL-HIDALGO, FONDO DE INVERSIONES, S.A. and PRESTADITO DE COSTA RICA, S.A.. request this Honorable Court dismiss the (D.E. 1) Complaint in its entirety and for any other relief this Court finds just and proper.

**CERTIFICATION OF SERVICE**

The undersigned certifies that a true and correct copy of this Plaintiff's Motion to Quash Service has been furnished via ECF to all counsel of record on November 12, 2021.

/s/ David S. Harris
David S. Harris
LAW OFFICE OF DAVID S. HARRIS
6431 SW 39th Street
Miami, FL 33155-4813
786-577-0434
Fax: 786-577-0425
Email: davidharris@att.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*