UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

QUINN EMANUEL URQUHART
& SULLIVAN, LLP,

Plaintiff,                                                             CASE NO: 1:19-cv-01331-CJN

v.

ADELA PATRICIA ROSENTHAL- HIDALGO,
BUS-COMM, INC., CABLE COLOR, S.A. DE C.V.,
CARLOS JOSE ROSENTHAL-HIDALGO,
CESAR AUGUSTO ROSENTHAL-HIDALGO,
CREDIFLASH, LLC, FONDO DE INVERSIONES, S.A.,
PRESTADITO DE COSTA RICA, S.A.,

Defendants.

------------------------------------

## REPLY TO PLAINTIFF'S OPPOSITION
## TO DEFENDANTS' MOTION TO DISMISS

Defendants, ADELA PATRICIA ROSENTHAL-HIDALGO, CABLE COLOR, S.A. DE C.V., CARLOS JOSE ROSENTHAL-HIDALGO, CESAR AUGUSTO ROSENTHAL-HIDALGO, FONDO DE INVERSIONES, S.A. and PRESTADITO DE COSTA RICA, S.A.., (hereinafter referred to as the "Defendants") by and through undersigned counsel, hereby file this Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss and state as follows:

1. Plaintiff, a law firm, in its Complaint seeks alleged unpaid fees collectively against the Defendants herein for two categories of attorney's fees: (1) $959,000 for OFAC-related work Plaintiff allegedly is owed under an oral contract for legal work Plaintiff performed for non-parties, Inversiones Continental ("Invercon"), Banco Continental and Empacadora Continental, and (2) $433,000 allegedly owed by Defendant CABLE COLOR under a guarantee agreement

for legal work provided to non-party, Yani Rosenthal, under a separate retainer agreement Plaintiff executed with Yani Rosenthal. That Plaintiff is also currently pursuing the alleged unpaid claims against Yani Rosenthal in JAMS Arbitration in Washington D.C. as indicated in Plaintiff's complaint.

2. In Count I for Breach of Contract and the alternative Counts II, III and IV (Quantum Meruit, Unjust Enrichment and Promissory Estoppel), the Plaintiff alleges that they were hired by the "Rosenthal Family" under an oral contract to perform the alleged unpaid legal work that Plaintiff performed for non-parties, Inversiones Continental ("Invercon"), Banco Continental and Empacadora Continental. If this was true, this would exclude Defendants CABLE COLOR, S.A. DE C.V., FONDO DE INVERSIONES, S.A. and PRESTADITO DE COSTA RICA, S.A. and require dismissal of these Defendants from Counts I, II, III and IV since these Defendants are not the "Rosenthal Family" and these companies would not be responsible for any agreements between Plaintiff and the Rosenthal Family.

Second, the remaining Defendants, ADELA PATRICIA ROSENTHAL-HIDALGO, CARLOS JOSE ROSENTHAL-HIDALGO and CESAR AUGUSTO ROSENTHAL-HIDALGO are entitled to know: (1) who in the Rosenthal Family among them (or others in the family) actually hired Plaintiff to perform legal work for non-parties Inversiones Continental ("Invercon"), Banco Continental and Empacadora Continental; (2) when was Plaintiff hired for this work, and (3) what were the terms of the Agreement. Plaintiff should not be allowed to make a blanket allegation that the Rosenthal Family hired Plaintiff law firm under an oral agreement to perform legal work for non-parties without giving any specifics of the agreement that was purportedly breached or terms of the understanding for which work was done and for who. This pleading approach by Plaintiff makes it impossible for the Defendants ADELA

PATRICIA ROSENTHAL-HIDALGO, CARLOS JOSE ROSENTHAL-HIDALGO and CESAR AUGUSTO ROSENTHAL-HIDALGO to properly answer these counts without any specifics against each related to said counts.

    3. Under D.C. law, a claim of breach of contract includes four elements: "(1) a valid contract between the parties; (2) an obligation or duty arising out of the contract; (3) a breach of that duty; and (4) damages caused by breach." Tsintolas Realty Co. v. Mendez, 984 A.2d 181, 187 (D.C. 2009). Therefore, without a specific claim made against any of the individual defendants, it is impossible to satisfy each of the obligation and breach elements. In addition, it is impossible to establish any breach against the corporate defendants as they are entities and not "Rosenthal Family." A plaintiff must identify the specific parties of the agreement upon which the claim is based. M&T Bank Corp. v. Gemstone CDO VII, Ltd., 68 A.D.3d 1747, 1750-51 (4th Dept. 2009). After all, if the Plaintiff cannot identify the parties or the terms of the agreement alleged to have been breached, it cannot prove that any of the Defendants breached an agreement.

    4. That Plaintiff again in Counts VI (Express Lien) and VII (Equitable Lien) similarly lists all Defendants as a group liable under these two counts. Specifically, Plaintiff in one part of Counts VI and VII identifies CESAR AUGUSTO ROSENTHAL-HIDALGO as promising to pay fees from proceeds of CABLE COLOR, his Wells Fargo bank account and his Florida condo. Aside from Plaintiff failing to specify which proceeds from CABLE COLOR and which bank account, Plaintiff also fails to identify which of the work Plaintiff performed for Inversiones Continental ("Invercon"), Banco Continental and Empacadora Continental that was included as part of the agreement CESAR AUGUSTO ROSENTHAL-HIDALGO agreed to pay. to Plaintiff and/or details of the agreement.

In another part of the Complaint, Plaintiff alleges the Rosenthal Defendants agreed to pay Plaintiff's fees with dividends flowing from their Cenosa shares. As similarly in Counts I, II, III and IV, these counts VI and VII should exclude Defendants FONDO DE INVERSIONES, S.A. and PRESTADITO DE COSTA RICA, S.A. from these Counts.  Further,  Defendants, ADELA PATRICIA ROSENTHAL-HIDALGO, CARLOS JOSE ROSENTHAL-HIDALGO and CESAR AUGUSTO ROSENTHAL-HIDALGO are entitled to know: (1) who in the Rosenthal Family among them (or others in the family) actually agreed to pay Plaintiff to perform legal work for non-parties Inversiones Continental ("Invercon"), Banco Continental and Empacadora Continental with their Cenosa shares, (2) when were the shares pledged for said work, and (3) what were the terms of the Agreement for Cenosa shares.  This pleading approach by Plaintiff makes it impossible for the Defendants ADELA PATRICIA ROSENTHAL-HIDALGO, CARLOS JOSE ROSENTHAL-HIDALGO and CESAR AUGUSTO ROSENTHAL-HIDALGO to properly answer these counts without any specifics against each related to said counts.

    5.  That Count V of Plaintiff's Complaint for Mandatory Injunction should be dismissed since the relief Plaintiff seeks are improper and illegal pre-judgment.  First, Plaintiff does not demonstrate any likelihood of success in this case seeking damages based upon an oral agreement against six Defendants (two Honduran companies, one company in Costa Rica and three individuals) for unpaid fees performed for three non-party companies when the Plaintiff admits there are three other signed retainer agreements for related work within the same family. Second, in paragraph 110 of the complaint, Plaintiff decided to include fees it seeks against Yani Rosenthal in JAMS Arbitration in Count V which is improper. In addition, CABLE COLOR FONDO DE INVERSIONES, S.A. and PRESTADITO DE COSTA RICA, S.A. are not related

to the allegations in Count V yet the count seeks damages against all Defendants. Finally, the injunction is sought again against Rosenthal Defendants for claims against unidentified persons.

      6. The Complaint allegations are dubious at best and are intentionally vague so as to not commit Plaintiff to specific allegations that never occurred or to avoid allegations that would make obvious these Defendants don't owe the attorney's fees as alleged. For these reasons, the court should not permit Plaintiff to pursue a mandatory injunction (Count V) or lien (Counts VI or VII) until the Plaintiff can demonstrate it is owed the money from these Defendants as alleged in the case, and also prove these assets were promised to be paid for the work performed for non-parties. Collectively, the Plaintiff is asking the Court to place a lien and/or freeze business activities on a Wells Fargo bank account purportedly worth $2 million, a condominium worth $1.4 million, dividends from Cenosa worth $10 million plus unknown proceeds from CABLE COLOR to satisfy a prejudgment claim of $959,000 against Defendants on an oral contract against the Rosenthal Family or Rosenthal Defendants for work done by Plaintiff for three non-party companies. The Court should reject these requests.

      7. Count VIII for breach of contract against Cable Color as guarantor of Yani Rosenthal should be dismissed and/or transferred to JAMS Arbitration where Plaintiff is currently pursuing claims against Yani Rosenthal for breach of contract. The defenses of Cable Color and Yani Rosenthal are the same. The cases belong together in the same action for reason of judicial economy that the underlying contract action and the guarantor under a guaranty agreement should both be heard together so as to avoid inconsistent judgments regarding the related claims.

      WHEREFORE, the Defendants ADELA PATRICIA ROSENTHAL-HIDALGO, CABLE COLOR, S.A. DE C.V., CARLOS JOSE ROSENTHAL-HIDALGO, CESAR AUGUSTO ROSENTHAL-HIDALGO, FONDO DE INVERSIONES, S.A. and PRESTADITO DE COSTA

RICA, S.A. request this Honorable Court dismiss the Complaint in its entirety and for any other relief this Court finds just and proper.

## CERTIFICATION OF SERVICE

The undersigned certifies that a true and correct copy of this Plaintiff's Motion to Quash Service has been furnished via ECF to all counsel of record on December 14, 2021.

LAW OFFICES OF DAVID S. HARRIS

Attorney for Plaintiff
David S. Harris, Esq.
6431 S.W. 39th Street
Miami, Florida 33155
Phone: 786-306-7278

/s/ David S. Harris____