UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

QUINN EMANUEL URQUHART
& SULLIVAN, LLP,

    Plaintiff,

  v.                                    CASE NO.: 1:19-cv-01331-CJN

ADELA PATRICIA ROSENTHAL-HIDALGO,
BUS-COMM, INC., CABLE COLOR, S.A. DE C.V.,
CARLOS JOSE ROSENTHAL-HIDALGO, CESAR
AUGUSTO ROSENTHAL-HIDALGO, CREDIFLASH, LLC.,
FONDO DE INVERSIONES, S.A., PRESTADITO DE COSTA
RICA, S.A.,

    Defendants.
_____/

**DEFENDANTS CREDIFLASH, LLC.'S and BUS-COMM, INC.'S**
**ANSWER and AFFIRMATIVE DEFENSES**

    COME NOW, the Defendants CREDIFLASH, LLC. and BUS-COMM, INC. by and through undersigned counsel, and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby file their Answer and Affirmative Defenses to Plaintiff's Complaint and in support thereof state the following:

**ANSWER**

    1.    Defendants CREDIFLASH, LLC. and BUS-COMM, INC. deny paragraphs 29, 30, 55, 111, 112, and 113 of the Complaint and demand strict proof thereof.

    2.    Defendants CREDIFLASH, LLC. and BUS-COMM, INC. have insufficient knowledge to formulate a proper response to paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 87, 88, 89, 90, 91, 92, 94, 95, 96, 97, 98, 99, 100, 101, 103, 104, 105, 106, 107, 108,

110, 115, 116, 117, 118, 119, 121, 122, 123, 124, 125, 127, 128, 129, 130, and 131 of the Complaint, therefore deny same and demand strict proof thereof.

    3.    Any allegation not specifically admitted herein is denied by the Defendants and strict proof is demanded thereof.

## AFFIRMATIVE DEFENSES

    1.    For their First Affirmative Defense, your Defendants allege that Plaintiff's claims for Breach of Contract in Count 1 of the Complaint is barred because Plaintiff lacks standing to bring this cause of action against Defendants since there was no privity of contract between the Plaintiff and Crediflash or Bus-Comm, as no valid contract was ever entered into between these parties.

    2.    For their Second Affirmative Defense, your Defendants allege that Plaintiff cannot succeed in a claim for quantum meruit due to the existence of an express contract.

    3.    For their Third Affirmative Defense, your Defendants allege that Plaintiff cannot succeed in a claim for unjust enrichment due to the existence of an express contract.

    4.    For their Fourth Affirmative Defense, your Defendants allege that Plaintiff has not stated a valid claim for which relief can be granted against Crediflash or Bus-Comm in any of its seven (7) counts that are "as to all Defendants." In fact, only one of the counts (mandatory injunction) even mentions Crediflash and Bus-Comm specifically.

    5.    For their Fifth Affirmative Defense, your Defendants allege that Plaintiff cannot succeed in a claim for promissory estoppel due to the existence of an express written contract governing the relationship of the parties, specifically if the express written contract for legal services was entered into subsequent to any alleged representations made by Defendants and if it included an integration clause.

    6.    For their Sixth Affirmative Defense, your Defendants allege that Plaintiff's claims for Express Lien in Count 6 of the Complaint is barred because Plaintiff lacks standing to bring this cause of action against Defendants since there was no privity of contract between the Plaintiff and Crediflash or Bus-Comm that would have created the alleged express lien.

7.     For their Seventh Affirmative Defense, your Defendants allege that Plaintiff's claims for Equitable Lien in Count 7 are barred due to the existence of an express contract which created an express lien.

8.     For their Eighth Affirmative Defense, your Defendants allege that the Defendant entities are not alter-egos of the Rosenthal defendants, specifically they are not wholly owned by any of the Rosenthal Defendants, therefore the Plaintiff cannot pierce the corporate veil to obtain funds being held by a separate and distinct corporate entity prior to a judgment even if the funds do belong to the Rosenthal Defendants.

WHEREFORE, Defendants CREDIFLASH, LLC. and BUS-COMM, INC. demand judgment in their favor and request trial by jury on all issues so triable.

Respectfully submitted,

By:____/s/ Jose Teurbe-Tolon_____
JOSE TEURBE-TOLON, ESQ.
Florida Bar Number: 87791
XANDER LAW GROUP, P.A.
One N.E. 2nd Avenue, Suite 200
Miami, Florida 33132
Telephone: (305) 767-2001
Facsimile: (855) 926-3370
jose@xanderlaw.com
service@xanderlaw.com
*Counsel for Crediflash and Bus-Comm*

LAW OFFICES OF VICTOR E. ROCHA, P. A.
990 Biscayne Blvd, Suite O-903
Miami, FL 33132
PH: (305) 774-9111
FX: (305) 514-0987
Email: vicrocha@comcast.net
BY: /S/ Victor E. Rocha
Victor E. Rocha, Esq.
DC Bar No.:993638

3

LUIS FERNANDEZ, P.A.
2250 SW 3 Avenue, suite 303
Miami, Florida 33129
Tel: (305) 854-5955
Fax: (305) 854-5324
lfernandezlaw@aol.com
By: /s/ Luis Fernandez
Luis Fernandez
Fla. Bar No. 271578

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing ANSWER and AFFIRMATIVE DEFENSES has been served via the electronic service on Valerie Ramos, Esq., Quinn Emanuel Urquhart & Sullivan, LLP, Attorneys for Plaintiff, at valerieramos@quinnemanuel.com and all other attorneys of record on the service list via CM/ECF on this 15th day of August, 2022.

By: /s/ Jose Teurbe-Tolon_____
JOSE TEURBE-TOLON, ESQ.
Florida Bar Number: 87791