## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

QUINN EMANUEL URQUHART
& SULLIVAN, LLP,

Plaintiff,                                                                 CASE NO: 1:19-cv-01331-CJN

v.

ADELA PATRICIA ROSENTHAL-HIDALGO,
BUS-COMM, INC., CABLE COLOR, S.A. DE C.V.,
CARLOS JOSE ROSENTHAL-HIDALGO,
CESAR AUGUSTO ROSENTHAL-HIDALGO,
CREDIFLASH, LLC, FONDO DE INVERSIONES, S.A.,
PRESTADITO DE COSTA RICA, S.A.,

Defendants.

------------------------------------

## ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM AND DEMAND FOR TRIAL BY JURY OF DEFENDANT ADELA PATRICIA ROSENTHAL-HIDALGO

Defendant, ADELA PATRICIA ROSENTHAL-HIDALGO, (hereinafter referred to as the "Defendant") by and through her undersigned counsel, hereby files this Answer, Affirmative Defenses, Counterclaim and Demand for Trial by Jury and states as follows:

1.   Admitted.

2.   The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

3.   The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

4.   The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

5.  The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

6.  The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

7.  The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

8.  The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

9.  The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

10. The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof

11. The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

12. The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

13. Admitted.

14. The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

15. The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demand strict proof thereof.

16. The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

17. The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

18. The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

19. The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

20. The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

21. Denied.

22. Denied.

23. The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

24. Admitted.

25. Admitted.

26. Admitted.

27. Admitted.

28. Admitted.

29. The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

30. The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

31. The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

32. The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

33. The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

34. The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

35. The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

36. The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

37. The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

38. The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

39. The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

40. The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

41. The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

42. The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

43. The Defendant is without sufficient knowledge to deny/admit, therefore, denied and

demands strict proof thereof.

44. The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

45. The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

46. Admitted.

47. Admitted.

48. The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

49. The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

50. The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

51. The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

52. The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

53. The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

54. The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

55. The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

56. The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

57. Denied.

58. Denied.

59. Admitted.

60. The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

61. The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

62. The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

63. The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

64. The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

65. The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

66. The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

67. The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

68. The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

69. The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

70. The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

71. The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

72. The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

73. The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

74. The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

75. The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

76. The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

77. The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

78. The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

79. The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

80. The Defendant is without sufficient knowledge to deny/admit, therefore, denied and

demands strict proof thereof.

81.     The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

82.     The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

83.     The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

84.     The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

85.     The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

86.     Same Answers 1-85.

87.     Denied.

88.     Denied.

89.     Denied.

90.     The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

91.     The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

92.     Denied.

93.     Same Answers 1-92.

94.     Denied.

95.     Denied.

96. The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

97. Denied.

98. Same Answers 1-97.

99. Denied.

100. Denied.

101. Denied.

102. Same Answers 1-101.

103. Denied.

104. The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

105. The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

106. The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

107. The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

108. Denied.

109. Same Answers 1-108.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

114.    Same Answers 1-113.

115.    Denied.

116.    The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

117.    The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

118.    Denied.

119.    Denied.

120.    Same Answers 1-119.

121.    Denied.

122.    Denied.

123.    Denied.

124.    Denied.

125.    Denied.

126.    Same Answers 1-125.

127.    Admitted.

128.    Denied.

129.    The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

130.    The Defendant is without sufficient knowledge to deny/admit, therefore, denied and demands strict proof thereof.

131.    Denied.

**AFFIRMATIVE DEFENSES**

1. Plaintiff has failed to state a cause of action for breach of contract, quantum meruit, unjust enrichment, promissory estoppel, mandatory injunction, express lien or equitable lien. (Counts 1-7).

2. There is no privity between the Plaintiff and ADELA PATRICIA ROSENTHAL-HIDALGO, to support any claims (Counts 1-7) against ADELA PATRICIA ROSENTHAL-HIDALGO.

3. Plaintiff is barred from pursuing any claims (Counts 1-7) against ADELA PATRICIA ROSENTHAL-HIDALGO because any contract found to exist between the parties, if any, was first breached by Plaintiff through its improper and inflated billing practices and the contract, if any, was terminated, excusing Defendant ADELA PATRICIA ROSENTHAL-HIDALGO from performance under any contract found to exist.

4. Plaintiff's purported claims of relief are barred in whole or in part by the doctrine of equitable estoppel.  Specifically, Plaintiff is estopped from recovering fees for any work billed after the Plaintiff's services were terminated by non-parties Jaime Rosenthal and/or Yani Rosenthal as referred to in Plaintiff's complaint. .

5. Plaintiff is barred from collecting fees and costs it performed for third parties that are not any of the Defendants in this case.

6. Plaintiff is barred from all the claims in this case for failing to include an indispensible party in this case. Specifically, Plaintiffs failed to name any non-parties -- Inversiones Continental, Banco Continental and/or Empacadora Continental – for whom Plaintiff performed said legal work for.

7. Plaintiff's claims are all barred in whole or in part by the doctrine of unclean hands. Specifically, Plaintiffs are attempting to extort legal fees and costs from individuals and companies whom did not agree with Plaintiff to pay for said legal work in dispute.

8. Any amount owed to Plaintiff is reduced, set off or eliminated by what Plaintiff owes Defendants for damages to Defendants, as alleged in Defendants' CounterComplaint.

9. Plaintiff has failed to mitigate its damages, if any, and as a consequence thereof, Plaintiff is not entitled to recover the amount of damages alleged, or any other damages.

10. Plaintiff's claims are all barred in whole or in part by the doctrine of failure of consideration. Specifically, there was no consideration exchanged between Plaintiff and Defendants to form any contract or alternative claims of unjust enrichment or quantum meruit upon which claims can be brought.

11. Plaintiff's claims are all barred in whole or in part by the doctrine of statute of frauds. Specifically, the law work performed exceeded one year requiring an agreement in writing between Plaintiff and Defendants which doesn't exist.

12. Material Alteration of Underlying Debt. Plaintiff increased the scope of risk and failed to notify Defendant of continuing representation and attorney's fees for other matters, and thus changed Defendant's scope of risk.

## COUNTERCOMPLAINT

This is a CounterComplaint filed by ADELA PATRICIA ROSENTHAL-HIDALGO ("ADELA PATRICIA ROSENTHAL-HIDALGO" or "CounterPlaintiff"), CABLE COLOR, S.A. DE C.V. ("CABLE COLOR" or "CounterPlaintiff"), CARLOS JOSE ROSENTHAL-HIDALGO ("CARLOS JOSE ROSENTHAL-HIDALGO" or "CounterPlaintiff"), CESAR AUGUSTO ROSENTHAL-HIDALGO ("CESAR AUGUSTO ROSENTHAL-HIDALGO" or

"CounterPlaintiff"), FONDO DE INVERSIONES, S.A. ("FONDO DE INVERSIONES, S.A." or "CounterPlaintiff"), and PRESTADITO DE COSTA RICA, S.A., ("PRESTADITO DE COSTA RICA, S.A." or "CounterPlaintiff") (collectively "CounterPlaintiffs") by and through their undersigned attorney, to recover damages arising from fraud, fraudulent misrepresentation and breach of contract. These three (3) causes of action are alleged to have been committed by QUINN EMANUEL URQUHART & SULLIVAN LLP, ("QUINN EMANUEL" or "CounterDefendant") against the CounterPlaintiffs identified herein. .

## THE PARTIES

1. CounterPlaintiff ADELA PATRICIA ROSENTHAL-HIDALGO is sui juris and a citizen from and currently residing in Honduras.

2. CounterPlaintiff CARLOS JOSE ROSENTHAL-HIDALGO is sui juris and a citizen from and currently residing in Honduras.

3. CounterPlaintiff CESAR AUGUSTO ROSENTHAL-HIDALGO is sui juris and a citizen from and currently residing in Honduras.

4. CounterPlaintiff CABLE COLOR S.A. DE C.V. is a corporation formed and operating in the nation of Honduras.

5. CounterPlaintiff FONDO DE INVERSIONES, S.A. is a corporation formed and operating in the nation of Honduras.

6. CounterPlaintiff PRESTADITO DE COSTA RICA, S.A. is a corporation formed and operating in the nation of Costa Rica.

7. CounterDefendant QUINN EMANUEL is a California limited liability partnership with an office in Washington D.C. that provides legal services.

**JURISDICTION AND VENUE**

8.     This Court has jurisdiction over this CounterComplaint because the legal work wrongfully billed (and overbilled) to the CounterPlaintfifs and more fully described herein performed by QUINN EMANUEL was primarily performed in the District of Colombia. Further, this Counterclaim is being brought in conjunction with the initial complaint that was filed and is pending in this district.

**FACTUAL BACKGROUND**

9.     That CounterDefendant QUINN EMANUEL has alleged in its complaint against CounterPlaintiffs that CounterPlaintiffs have failed and refused to pay legal fees performed by it for non-parties Inversiones Continental, Banco Continental and Empacadora Continental in excess of $1.4 million dollars which the "Rosenthal Family" allegedly orally contracted with QUINN EMANUEL to pay. For reference to these allegations see the following paragraphs in QUINN EMANUEL's complaint: #12, 14, 15, 16, 17, 18, 19, 20, 21, 57, 58, 75, 77, 78, 79, 80, 81, 82, 83, 84, 86-125.

5.     In truth the only "Rosenthal Family" members that contracted for representation with QUINN EMANUEL are Jaime Rosenthal on December 2, 2015 and Yani Rosenthal on October 19, 2015, neither of whom are party to this case. (See retainer agreements of Jaime and Yani Rosenthal with QUINN EMANUEL collectively attached hereto as Exhibit "A"). There are no other retainers between QUINN EMANUEL and any other members in the Rosenthal Family including the individual Defendants and CounterPlaintiffs in this case. Somehow, in its complaint, and despite signing two retainers with Jaime and Yani Rosenthal, and none with the Defendants in its complaint, the CounterDefendant QUINN EMANUEL creatively (but sloppily) weaves in its allegations the Rosenthal Family contracted with QUINN EMANUEL and failed or

refused to pay more than $1.4 million in fees. In truth, none of these Rosenthal Defendants owe any money for the purported work QUINN EMANUEL claims it did for the "Rosenthal Family".

6. Because these "Rosenthal Family" defendants refused to pay QUINN EMANUEL for $1.4 million in legal fees they never contracted for, the law firm QUINN EMANUEL filed a public pleading full of irrelevant attorney-client privileged information regarding the Rosenthal Family as a shake down to forcé these individual to pay legal fees they don't owe.

7. In addition to billing individuals in the Rosenthal Family and related companies they own or opérate, the billing itself is inflated and unreasonable for any work QUINN EMANUEL alleges it performed.

8. QUINN EMANUEL alleges it performed more than $1.4 million of legal work for non-party entities Inversiones Continental, Banco Continental and Empacadora Continental, yet they failed to name any of these parties in the complaint that was filed.  Further, QUINN EMANUEL claims the "Rosenthal Family" orally agreed to pay these fees, and agree to do so with funds in a bank account in the United States, an apartment in Florida and paying from dividends of corporate shares in Cenosa all without any retainer despite the fact QUINN EMANUEL drafted and signed retainer agreements with other Rosenthal family members, Jaime and Yani Rosenthal. A third retainer was also signed between QUINN EMANUEL and CABLE COLOR dated October 25, 2015 (Attached hereto as Exhibit "B").  However, somehow QUINN EMANUEL mysteriously forgot to sign retainer agreements with any of these Defendants and collectively three individuals and a company in Honduras and another company in Costa Rica all orally agreed to pay $1.4 million in fees and costs for work performed on behalf of three non-party companies.

10. QUINN EMANUEL's lawsuit against these Defendants is another example of QUINN EMANUEL's unprofessional and illegal conduct. Per the other CounterComplaint filed in this case solely by CABLE COLOR, YANI ROSENTHAL was unnecessarily listed for more than two years on a U.S. treasury OFAC (Office of Foreign Assets Control) drug kingpin list because his company bought cattle from a family in Honduras and he couldn't get removed from the OFAC list because an attorney in QUINN EMANUEL cussed out OFAC in an internal email at his firm and mistakenly sent the email to OFAC. This incredible error resulted in OFAC removing QUINN EMANUEL from further representing YANI ROSENTHAL at OFAC. Thus, QUINN EMANUEL breached the contract QUINN EMANUEL had with YANI ROSENTHAL and caused YANI ROSENTHAL great difficulty getting removed from the OFAC list where he didn't belong. Fortunately, YANI ROSENTHAL was ultimately removed from the U.S. treasury OFAC (Office of Foreign Assets Control) drug kingpin list.two years after being added to this list with no help from QUINN EMANUEL. Here, QUINN EMANUEL is now suing YANI ROSENTHAL's siblings and siblings' companies for more than $1.4 million in legal fees without having a retainer signed with any of these Defendants.

11. That CounterPlaintiffs have retained undersigned counsel and agreed to pay him a reasonable fee for his services in filing this action.

## COUNT I
## FRAUD

12. CounterPlaintiffs reallege and reaver paragraphs 1 through 11 as if fully set forth herein.

13. That the scheme or plan was for CounterDefendant, QUINN EMANUEL, to have CounterPlaintiffs pay for more than $1.4 million of legal work provided by CounterDefendant QUINN EMANUEL for non-party entities Inversiones Continental, Banco Continental and Empacadora Continental, in legal fees which CounterPlaintiffs did not agree to pay for. And that

if CounterPlaintiffs refused to pay for said fees the CounterDefendant QUINN EMANUEL would in turn file public pleadings full of irrelevant attorney-client privileged information regarding the Rosenthal Family as a shake down to forcé these individual and companies to pay legal fees they don't owe.

14. That after CounterPlaintiffs refused to pay said legal fees, the CounterDefendant did, in fact, file a complaint against CounterPlaintiffs full of irrelevant attorney-client privileged information regarding the Rosenthal Family as a shake down to forcé these individual and companies to pay legal fees they don't owe.

15. That CounterDefendant QUINN EMANUEL's scheme or plan was with knowledge and intended to defraud CounterPlaintiffs of more than $1.4 million dollars that CounterDefendant QUINN EMANUEL knows the CounterPlaintiffs do not owe.

16. That CounterPlaintiffs were injured more fully described above as a direct result of the fraudulent scheme against them perpetrated by the CounterDefendant, QUINN EMANUEL.

WHEREFORE, CounterPlaintiffs demand judgment against CounterDefendant, QUINN EMANUEL, for fraud and for damages incurred more fully described above, in an amount to be determined at trial including interest, together with court costs and attorney fees and such other relief in law or equity which this Court deems just and proper.

## COUNT II
## FRAUDULENT MISREPRESENTATION

17. CounterPlaintiffs reallege and reaver paragraphs 1 through 16 as if fully set forth herein.

18. CounterDefendant QUINN EMANUEL has publicly made representations that the CounterPlaintiffs collectively jointly and severally owe CounterDefendant QUINN EMANUEL more than $1.4 million dollars in unpaid legal fees and costs.

19.     That CounterDefendant QUINN EMANUEL's representation that the CounterPlaintiffs collectively jointly and severally owe CounterDefendant QUINN EMANUEL more than $1.4 million dollars in unpaid legal fees and costs is false

20.     That when CounterDefendant QUINN EMANUEL made such representations, that the CounterPlaintiffs collectively jointly and severally owe CounterDefendant QUINN EMANUEL more than $1.4 million dollars in unpaid legal fees and costs, the CounterPlaintiff knew that the representation was false.

21.     That the fraudulent misrepresentation described herein Count II was made with the intention that the CounterPlaintiffs rely on said misrepresentations.

22.     That the CounterPlaintiffs did rely on the fraudulent misrepresentations made CounterDefendant QUINN EMANUEL and that the CounterPlaintiffs suffered harm as a result of the fraudulent misrepresentations made by the CounterDefendant.

        WHEREFORE, CounterPlaintiffs demands judgment against CounterDefendant, QUINN EMANUEL, for fraudulent misrepresentation and for damages, costs, attorney's fees and interest allowable by law, to be determined at a trial by jury and such other relief in law or equity which this Court deems just and proper.

## COUNT III
## BREACH OF CONTRACT

21.     CounterPlaintiffs reallege and reaver paragraphs 1 through 20 as if fully set forth herein.

22.     That if a valid oral agreement is found to exist between CounterPlaintiffs and CounterDefendant QUINN EMANUEL then any such agreement has been breached by CounterDefendant QUINN EMANUEL.

23. That CounterPlaintiffs have fully complied with the terms of any alleged oral agreement that may exist. .

24. That CounterDefendant QUINN EMANUEL has breached the terms, conditions, and obligations under any alleged it had with CounterPlaintiffs by charging en excessive and unreasonable fee for services rendered and by CounterDefendant QUINN EMANUEL.

25. That CounterPlaintiffs have been damaged as a result of CounterDefendant QUINN EMANUEL's breach.

WHEREFORE, CounterPlaintiffs seek damages they are owed by CounterDefendant, QUINN EMANUEL, for breach of contract and to recover liquidated and actual damages, costs, interest, in an amount to be determined at trial and such other relief in law or equity which this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

26. CounterPlaintiffs hereby demand a trial by jury.

## CERTIFICATION OF SERVICE

The undersigned certifies that a true and correct copy of this CounterPlaintiffs' Answer, Affirmative Defenses, CounterComplaint and Demand for Trial by Jury has been furnished via ECF to all counsel of record on September 12, 2022.

> LAW OFFICES OF DAVID S. HARRIS
> Attorney for Plaintiff
> David S. Harris, Esq.
> 6431 S.W. 39th Street
> Miami, Florida 33155
> Phone: 786-306-7278
>
> /s/ David S. Harris