UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP,<br><br>*Plaintiff*,<br><br>v.<br><br>ADELA PATRICIA ROSENTHAL-HIDALGO, BUS-COMM, INC., CABLE COLOR, S.A. DE C.V., CARLOS JOSE ROSENTHAL-HIDALGO, CESAR AUGUSTO ROSENTHAL-HIDALGO, CREDIFLASH, LLC, FONDO DE INVERSIONES, S.A., PRESTADITO DE COSTA RICA, S.A.,<br><br>*Defendants*. | Civil Action No. 1:19-cv-01331 (CJN)<br><br>ORAL HEARING REQUESTED |

### PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS

Pursuant to F.R.C.P. 12(b)(6) and Local Rule 7, Plaintiff Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel") respectfully submits this motion to dismiss the counterclaims of Adela Patricia Rosenthal-Hidalgo, Cable Color, S.A. de C.V., Carlos Jose Rosenthal-Hidalgo, Cesar Augusto Rosenthal-Hidalgo, Fondo de Inversiones, S.A., and Prestadito de Costa Rica, S.A. ("Counterclaim Plaintiffs"), *See* ECF Nos. 79-84, along with the statement of points and authorities below.[1]

---

[1] Quinn Emanuel was unable to reach a resolution with the Counterclaim Plaintiffs on the payment terms of their contemplated settlement. *See* ECF 86.

**STATEMENT OF POINTS AND AUTHORITIES**

**PRELIMINARY STATEMENT**

In counterclaiming against Quinn Emanuel's lawsuit seeking approximately $1.4 million in outstanding fees and costs for legal services provided to or guaranteed by the Counterclaim Plaintiffs (ECF 1-1 ¶¶ 21-22), they attempt to disclaim their engagement of Quinn Emanuel and distance themselves from the services rendered, paint the Complaint's *allegations* as "fraud," and bring stale claims over 2.5 years late.  After disputing service of process and appealing interim court orders, *see* ECF 67 & 70-1, this is the Counterclaim Plaintiffs' latest attempt to stall this straightforward legal fee collection case.  That legal work entailed developing a comprehensive strategy and negotiating with federal authorities for over a year, ultimately freeing the Counterclaim Plaintiffs' assets from sanction by the Office of Foreign Assets Control (OFAC) and resulting in a drastically-reduced sentence for money laundering for Yani Rosenthal (whose representation was guaranteed by Counterclaim Plaintiff Cable Color) in a Southern District of New York criminal proceeding.  *See* ECF 1-1 ¶¶ 60-62.  Yet the Counterclaim Plaintiffs refuse to pay for significant attorney time dedicated to that work, amount to $1.4 million in fees, and instead bring frivolous counterclaims.  All of the counterclaims time barred and fail for various other reasons, including by bringing incoherent theories or neglecting to allege specifics.  Well established case law in this District and Circuit support this Court's dismissal of the counterclaims in their entirety.

**ARGUMENT**

"When evaluating a motion to dismiss, the Court must treat the complaint's factual allegations as true and afford the plaintiff the benefit of all inferences that can be derived from the facts alleged." *Atlas Brew Works, LLC v. Barr*, 391 F. Supp. 3d 6, 11 (D.D.C. 2019) (internal quotations and citations omitted).  "A pleading that states a claim for relief must contain . . . a short

and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the Court accepts all well pleaded facts in the Complaints as true, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of [its] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 554-55 (internal quotations and citations omitted). The claim to relief must be "plausible on its face," enough to "nudge [the] claims across the line from conceivable to plausible." *Id.* at 570.

**A.     The Counterclaim Plaintiffs' Fraud Claims Are Contradictory, Time Barred, and Fail Under Rule 9(b)**

All of the Counterclaim Plaintiffs besides Cable Color claim that Quinn Emanuel's Complaint for outstanding legal fees is allegedly fraudulent and a "shake down" because the Counterclaim Plaintiffs are purportedly being charged for work done for non-parties Inversiones Continental, Banco Continental, and Empacadora Continental (citing the Complaint's allegations). ECF No. 79 ¶¶ 13-14, 19; ECF Nos. 81-84 ¶¶ 13-14, 19. However, the Complaint clearly alleges that all three of these entities are subsidiaries of Counterclaim Plaintiff Fondo de Inversiones (FDI). ECF 1-1 ¶¶ 5, 9. Moreover, Counterclaim Plaintiffs Patricia Rosenthal, Carlos Rosenthal, and Cesar Rosenthal are the controlling shareholders FDI. ECF 1-1 ¶ 3. Accordingly, the Counterclaim Plaintiffs fraud theory is belied by the Complaint's allegations on which it directly relies and should therefore be dismissed.

Regardless, these claims are clearly barred by the three-year statute of limitations to bring fraud claims under D.C. law. *See* D.C. Code 12-301(8). Quinn Emanuel filed this lawsuit on March 25, 2019 and the Counterclaim Plaintiffs were aware of it by April 26, 2019. *See* ECF 1-1

at 1; ECF 21-6. Any claim for fraud or fraudulent misrepresentation based on the Complaint's allegations should therefore have been brought within three years of April 26, 2019 at the latest, i.e., by April 26, 2022. *See* D.C. Code 12-301(8); *Lu v. Lezell*, 45 F. Supp. 3d 86, 93 (D.D.C. 2014) (finding that under D.C.'s "discovery rule," the statute of limitations for fraud begins to run at the time the right to maintain the cause of action accrues). Accordingly, the Counterclaim Plaintiffs' fraud and fraudulent misrepresentation claims filed on September 12, 2022 are nearly five months late and should be dismissed.

In addition, the Counterclaim Plaintiffs cannot support fraud claims based on the Complaint's *allegations*. This is particularly true where the Counterclaim Plaintiffs make no effort under Rule 9(b) to identify the specific allegations in Quinn Emanuel's Complaint that are purportedly false, nor how Quinn Emanuel knew of the purported falsity of the relevant representations and intended to deceive the Counterclaim Plaintiffs with them. *See Dentons US LLP v. Republic of Guinea*, 208 F. Supp. 3d 330, 340-41 (D.D.C. 2016). Moreover, based on the Counterclaim Plaintiffs' fraud allegations, it is unclear how they could have relied to their detriment upon any alleged misrepresentation by Quinn Emanuel. *See MidFirst Bank v. Spencer*, 2020 WL 256724, at *6 (Ohio Ct. App. 2020). That is particularly true where the statements are simply allegations in a lawsuit (known for its adversarial nature) rather than, e.g., false representations in an investor document. Accordingly, Counterclaim Plaintiffs' fraud allegations (ECF No. 79 ¶¶ 12-22; ECF Nos. 81-84 ¶¶ 12-22) should be dismissed in their entirety.

**B.   The Counterclaim Plaintiffs' Breach of Contract Claims Are Time Barred**

All Counterclaim Plaintiffs allege that Quinn Emanuel breached its engagement agreement with them by charging "excessive and unreasonable" fees for services rendered. ECF Nos. 79-84

¶ 24. To begin, numerous courts have found Quinn Emanuel's fees reasonable.[2] Regardless, these claims are clearly barred by the three-year statute of limitations to bring a breach of contract claim under D.C. law. *See* D.C. Code 12-301(7).

Quinn Emanuel's rates were explicitly stated in the October 19, 2015 engagement agreement with Yani Rosenthal, for which Counterclaim Plaintiff Cable Color guaranteed payment. *See* ECF 56-2 at 6 ("Our fees are based on the amount of time we spend on this Engagement. Each [Quinn Emanuel] attorney … assigned to this Engagement will have an hourly billing rate … The billing rates of the attorneys whom we anticipate assigning to this Engagement currently range from $1175 for a partner to $365 for a law clerk."); ECF 56-1 (Cable Color guarantee signed by Counterclaim Plaintiff Cesar Rosenthal as CEO). Quinn Emanuel further sent monthly invoices detailing the specific work done per hour and the total cost to (1) Counterclaim Plaintiff Cesar Rosenthal (cesar@cablecolor.hn) for work done on behalf of Counterclaim Plaintiff Cable Color, and (2) Counterclaim Plaintiff Patricia Rosenthal (patricia.rosenthal@rmedia.hn) for work done on behalf of Counterclaim Plaintiff Fondo de Inversiones. Quinn Emanuel was then terminated on January 3, 2017. *See* Motion to Substitute Attorney in *U.S. v. Rosenthal*, 13-cv-413 (S.D.N.Y. Jan. 3, 2017), ECF 177.

---

[2] *See, e.g.*, *Blattman v. Siebel*, 15-cv-530 (D. Del. Dec. 6, 2021), ECF 434 (finding attorneys' fees requested by Quinn Emanuel reasonable and declining to reduce the fee award by the requested percentage); *Proofpoint, Inc. v. Vade Secure, Inc.*, 19-cv-4238 (N.D. Cal. Dec. 17, 2020), ECF 376 at 7 (finding that Quinn Emanuel attorneys "are experienced and seasoned practitioners; that they are employed at a large international firm with a highly regarded reputation; that they have highly specialized … backgrounds" and that the firm's fees are reasonable); *Liqwd, Inc. v. L'Oréal USA, Inc.*, 17-cv-14 (D. Del. Dec. 16, 2019), ECF 1162 (finding that Quinn Emanuel's "hourly rates and … hours spent [are] reasonable"); *Transweb, LLC v. 3M Innovative Props. Co.*, 10-cv-4413 (D.N.J. Sept. 24, 2013), ECF 567 (Special Master finding that Quinn Emanuel was a "premier litigation firm" and that total fees of $26 million were reasonable); *Riverside Cnty. Dept. of Mental Health v. A.S.*, 08-cv-503 (C.D. Cal. Feb. 22, 2010), ECF 123 (awarding full amount of attorneys' fees sought for work performed by Quinn Emanuel).

Any claim for breach of contract for excessive fees should therefore have been brought within three years of January 3, 2017 at the latest, i.e., by January 3, 2020. *See* D.C. Code 12-301(7); *Glenn v. Fay*, 281 F. Supp. 3d 130, 138 (D.D.C. 2017) ("A cause of action for breach of contract accrues, and the statute of limitations begins to run, at the time of the breach"). Accordingly, the Counterclaim Plaintiffs' breach of contract claims filed on September 12, 2022 are over 2.5 years late and should be dismissed.

## C.  Cable Color's Legal Malpractice and Negligence Claims Are Time Barred

Counterclaim Plaintiff Cable Color brings claims for professional malpractice and negligence because Quinn Emanuel allegedly overbilled and delayed Yani Rosenthal's removal from the OFAC sanctions list. ECF No. 80 ¶¶ 13-14, 19. Regarding Quinn Emanuel's fees, as stated in the section above, numerous courts have found them to be reasonable.[3] Regardless, both of these claims are clearly barred by the three-year statute of limitations to bring legal malpractice and negligence claims under D.C. law. *See* D.C. Code 12-301(8); *Lu v. Lezell*, 45 F. Supp. 3d 86, 93 (D.D.C. 2014) (finding that under D.C.'s "discovery rule," the statute of limitations for professional negligence begins to run at the time the right to maintain the cause of action accrues).

As stated in the section above, Quinn Emanuel was terminated in January 2017. Cable Color's claims for legal malpractice and negligence for alleged overbilling and ineffective representation should therefore have been brought within three years of then at the latest, i.e., by January 2020. *See* D.C. Code 12-301(8). Accordingly, Cable Color's legal malpractice and negligence claims filed in September 2022 are over 2.5 years late and should be dismissed.

---

[3] *See* footnote 2.

**D.      Cable Color's Breach of Contract Theory Is Not Supported by the Engagement Agreement**

In addition to being time barred, *see supra* Section B, Counterclaim Plaintiff Cable Color, as guarantor of Yani Rosenthal, further claims that Quinn Emanuel did "not fulfil[l] the OFAC services required of it and more fully described in the Retainer Agreement" because it allegedly delayed Yani Rosenthal's removal from the OFAC sanctions list. ECF 80 ¶¶ 7, 24. To begin, the engagement agreement only generally speaks of representing Mr. Rosenthal before OFAC and explicitly disclaims any specific outcome. *See* ECF 56-2 at 1, 3 ("***No Guarantee of Result*** … We cannot and do not guarantee any particular course or outcome of the Engagement."). In addition, another law firm also could not get Mr. Rosenthal removed from the OFAC sanctions list, and it is not plausible that OFAC would punish the target of a sanctions designation due to the alleged actions of his former counsel. *See* ECF 80 ¶ 8. Accordingly, Cable Color cannot identify any specific "OFAC services" that were allegedly "required" of Quinn Emanuel and purportedly "more fully described" in the engagement agreement, ECF 80 ¶ 24, particularly any representation that Quinn Emanuel would get Mr. Rosenthal removed from the OFAC sanctions list, such that Quinn Emanuel should be liable under Cable Color's breach of contract theory.[4]

## CONCLUSION

The Court should (1) dismiss the Counterclaim Plaintiffs' claims (ECF Nos. 79-84) in their entirety because they are time barred, contradictory, and lack specificity; and (2) enter the order in the form attached hereto.

---

[4] As simply a guarantor of payment for Mr. Rosenthal's legal fees, Cable Color also has no standing to challenge how sufficiently Quinn Emanuel fulfilled its services to Mr. Rosenthal or whether it engaged in legal malpractice or negligence.

Date:  November 14, 2022  Respectfully submitted,

                                                      QUINN EMANUEL URQUHART & SULLIVAN, LLP

                                                     By:  */s/ David Needham*
                                                     David Needham (DC Bar No. 1017372)
                                                     1300 I Street NW, Suite 900
                                                     Washington, DC 20005
                                                     Tel.: (202) 538-8000
                                                     Fax: (202) 538-8100
                                                     davidneedham@quinnemanuel.com

## CERTIFICATE OF SERVICE

Pursuant to Local Rules 5.3 and 5.4(d), I certify that a true and correct copy of Plaintiff's Motion to Dismiss Counterclaims has been furnished via ECF to all counsel of record on November 14, 2022.

/s/ *David Needham*

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP,<br><br>*Plaintiff*,<br><br>v.<br><br>ADELA PATRICIA ROSENTHAL-HIDALGO, BUS-COMM, INC., CABLE COLOR, S.A. DE C.V., CARLOS JOSE ROSENTHAL-HIDALGO, CESAR AUGUSTO ROSENTHAL-HIDALGO, CREDIFLASH, LLC, FONDO DE INVERSIONES, S.A., PRESTADITO DE COSTA RICA, S.A.,<br><br>*Defendants*. | Civil Action No. 1:19-cv-01331 (CJN) |

**[PROPOSED] ORDER**

For the reasons stated in Plaintiff's Statement of Points and Authorities supporting its Motion to Dismiss the Counterclaims (ECF 87), it is ORDERED that the Motion is hereby GRANTED.

DATE: _____, 2022

_____
CARL J. NICHOLS
United States District Judge