UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP,<br><br>*Plaintiff*,<br><br>v.<br><br>ADELA PATRICIA ROSENTHAL-HIDALGO, BUS-COMM, INC., CABLE COLOR, S.A. DE C.V., CARLOS JOSE ROSENTHAL-HIDALGO, CESAR AUGUSTO ROSENTHAL-HIDALGO, CREDIFLASH, LLC, FONDO DE INVERSIONES, S.A., PRESTADITO DE COSTA RICA, S.A.,<br><br>*Defendants*. | Civil Action No. 1:19-cv-01331 (CJN) |

## JOINT SCHEDULING REPORT

Plaintiff and Defendants, by and through their undersigned counsel, jointly submit this scheduling report, along with the proposed scheduling order attached as Exhibit A, pursuant to Federal Rules of Civil Procedure 16(c) and 26(f), Local Rule 16.3(c), and this Court's November 28, 2022 Order requiring the parties to file a joint scheduling report and proposed scheduling order. On December 21, 2022, the parties conferred regarding the matters specified in Rules 16(c), 26(f), and Local Rule 16.3(c). Below is a report of the conference and outline of the parties' proposed discovery plan.

**1.      Likelihood of Resolution by Dispositive Motion**

Given that the Court recently denied Defendants' motions to dismiss (ECF 76) and the case is now moving to the discovery phase, the parties do not believe it will be resolved by a dispositive motion at this time.

**2.     Joinder and Amended Pleadings Deadline and Issue Narrowing**

Plaintiff maintains that discovery may result in the identification of additional defendant parties, and is considering whether additional parties may be brought into the case. To the extent parties are to be added, Plaintiff and Defendants will do so in accordance with the deadlines set forth below. The necessity and desirability of amendments to the pleadings are currently being evaluated. Plaintiff maintains that new evidence obtained as discovery progresses may necessitate amending Plaintiff's complaint. As the case progresses, the parties will confer in good faith to identify and discuss proposals to agree or narrow some or all of the factual and legal issues, including the elimination of claims and defenses.

**3.     Referral of Matters to Magistrate Judge**

The parties agree to defer to the Court with respect to the referral of discovery matters to a magistrate judge and are in agreement that all remaining matters should be handled by the Court.

**4.     Likelihood of Settlement or Resolution of the Case**

Quinn Emanuel was unable to reach a resolution with Adela Patricia Rosenthal-Hidalgo, Cable Color, S.A. de C.V., Carlos Jose Rosenthal-Hidalgo, Cesar Augusto Rosenthal-Hidalgo, Fondo de Inversiones, S.A., and Prestadito de Costa Rica, S.A. on the payment terms of their contemplated settlement, *see* ECF 86, though the parties believe there may still be a possibility of resolving their claims.

**5.     Alternative Dispute Resolution (ADR)**

As stated above, the parties reached a contemplated settlement, including based on their prior participation in ADR through the U.S. Court of Appeals for the District of Columbia Circuit, and continue to discuss mutually-agreeable payment terms. Accordingly, the parties do not believe

further ADR would be beneficial at this time. Should the case proceed after summary judgment, it may be appropriate to revisit ADR.

**6.     Resolution Via Motion and Proposed Time Limits**

The parties believe the case may be resolved by summary judgment, though reserve their rights to a jury trial. The parties further propose the following time limits, including a phased (fact and expert) discovery plan in which all discovery would be complete within 10 months and expert discovery would follow after the completion of fact discovery, reserving all rights to seek additional time based upon, among other considerations, the timing of the Court's ruling on Plaintiff's motion to dismiss Defendants' counterclaims and any need to take discovery outside of the United States:

1.  Joinder of any additional parties and filing of motions to amend the complaint by — **January 20, 2023**
2.  Initial disclosures by — **February 3, 2023**
3.  Fact discovery shall be completed by — **September 1, 2023**
4.  Plaintiff and Defendants shall disclose experts, expert witness summaries, and reports as required by Fed. R. Civ. P. 26(a)(2) by — **September 8, 2023**
5.  Exchange of rebuttal expert witness summaries and reports as required by Fed. R. Civ. P. 26(a)(2) by — **September 15, 2023**
6.  Expert depositions may begin on — **September 18, 2023**
7.  Expert discovery shall be completed by — **October 6, 2023**
8.  Dispositive motions, including those regarding summary judgment and *Daubert*, shall be filed by — **October 20, 2023**
9.  Opposition to dispositive motions shall be filed by — **December 1, 2023**
10. Reply to dispositive motions shall be filed by — **December 22, 2023**
11. Decision on dispositive motions by — **March 1, 2024**

| | |
|---|---|
| 12. All pretrial motions and memoranda of law, including motions in limine, shall be filed by | **March 15, 2024** |
| 13. Joint pretrial stipulation, proposed joint jury instructions, proposed joint verdict form, and/or proposed findings of fact and conclusions of law shall be filed by | **April 5, 2024** |
| 14. Electronic versions of documentary exhibits and Certificates of Compliance re Admitted Evidence shall be filed on CM/ECF by | **April 19, 2024** |
| 15. Pretrial conference | **April 24, 2024** |
| 16. Calendar call | **May 20, 2024** |
| 17. Jury trial | **May 27, 2024** |

**7.    Initial Disclosures**

The parties propose initial disclosures and stipulate that the time for initial disclosures pursuant to Rule 26(a)(1)(C) should be extended as stated above. The parties agree that no other changes are necessary regarding the form or the requirements of the initial disclosures.

**8.    Discovery Plan**

   **A.    Extent of Discovery**

Discovery will be needed regarding each of the claims and defenses and the amount of damages. Expert discovery may also be needed.

   **B.    Changes to Discovery Limitations Under the Federal and Local Rules**

At this time, the parties do not anticipate the need to change the limitations on discovery under the applicable Federal and Local Rules. If the parties later determine that such changes may be appropriate, the parties will confer to attempt to resolve any disputes without the need for involvement of the Court. The parties agree that expert witness depositions shall not be counted in connection with the limitation on the number of depositions set forth in Federal Rule of Civil Procedure 30(a)(2). As discovery proceeds, the parties agree that they will explore in good faith

any requested stipulation to expansion of the limitations on deposition discovery imposed by Federal Rules of Civil Procedure 30(a)(2) and 30(d).

### C. Need for Protective Orders

The parties plan to submit a proposed protective order for entry by this Court that will include a procedure governing the treatment of confidential information exchanged between the parties and concerning inadvertent disclosure of protected information. The parties do not presently anticipate the need for the Court to enter additional protective orders. Should such a need arise, the parties will confer to attempt to determine an appropriate confidentiality agreement and file a joint motion for entry of a protective order regarding the same.

### 9. Electronically Stored Information

Discovery of electronically stored information will necessarily be required in this case and may be produced in forms such as Portable Document Format (PDF) or scanned images. The parties agree that the initial cost of preserving, searching for, and producing electronically stored information should be borne by the producing party. The parties nonetheless reserve their respective rights to object to specific discovery requests, to seek costs pursuant to the applicable Federal Rules of Civil Procedure, or to request reimbursement for the costs of any forensic examination of electronically stored information that may be ordered by the Court. The parties will confer in an attempt to resolve any disputes regarding discovery of electronically stored information without the need for involvement of the Court. The parties anticipate that there will be stipulations on the admission of certain facts and the authenticity of certain documentary evidence, including electronically stored information, as appropriate, but have not identified any existing need for advance rulings on this subject.

**10.    Claims of Privilege**

The parties stipulate that, even if responsive to discovery, they need not list on a privilege log communications with their litigation counsel in this lawsuit that took place before the date this lawsuit was filed.  The parties expect that there will be other communications and documents responsive to discovery over which a clam of privilege may be asserted and that are subject to being logged.  If issues arise concerning a privilege claim, the parties will confer to attempt to resolve any disputes without the need for involvement of the Court.

**11.    Expert Discovery**

The parties agree that no changes are necessary regarding the form or the requirements of expert discovery.

Dated:  December 22, 2022

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ David Needham*
David Needham (D.C. Bar No. 1017372)
1300 I Street NW, Suite 900
Washington, D.C. 20005
Tel.: (202) 538-8000
Fax: (202) 538-8100
davidneedham@quinnemanuel.com

*Counsel for Plaintiff*

Respectfully submitted,

LAW OFFICES OF DAVID S. HARRIS

By: */s/ David S. Harris*
David S. Harris, Esq. (D.C. Bar No. 461126)
6431 S.W. 39th Street
Miami, Florida 33155
Tel.: (786) 306-7278
Fax: (786) 577-0425
davidharris@att.net

*Counsel for Defendants Adela Patricia Rosenthal-Hidalgo, Cable Color, S.A. de C.V., Carlos Jose Rosenthal-Hidalgo, Cesar Augusto Rosenthal-Hidalgo, Fondo de Inversiones, S.A., and Prestadito de Costa Rica, S.A.*

XANDER LAW GROUP, P.A.

By: */s/ Jose Teurbe-Tolon*
Jose Teurbe-Tolon (*pro hac vice*) (Fla. Bar No. 87791)
One NE 2 Avenue, Suite 200
Miami, Florida 33132
Tel.: (305) 767-2001
Fax: (855) 926-337
jose@xanderlaw.com

LUIS FERNANDEZ LAW

By: */s/ Luis Fernandez*
Luis Fernandez, Esq. (*pro hac vice*) (Fla. Bar No. 271578)
2250 SW 3 Avenue, Suite 303
Miami, Florida 33129
Tel.: (305) 854-5955
Fax: (855) 854-5324
lfernandezlaw@aol.com

LAW OFFICES OF VICTOR E. ROCHA, P.A.
Victor E. Rocha, Esq. (DC Bar No. 993638)
990 Biscayne Blvd, Suite O-903

>Miami, FL 33132
>Tel.: (305) 774-9111
>Fax: (305) 514-0987
>vicrocha@comcast.net
>
>*Counsel for Defendants Crediflash, LLC and Bus-Comm, Inc.*

## **CERTIFICATE OF SERVICE**

Pursuant to Local Rules 5.3 and 5.4(d), I certify that a true and correct copy of the forgoing has been furnished via ECF to all counsel of record on December 22, 2022.

*/s/ David Needham*